**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LEAH TURNER,

individually and on behalf of others
similarly situated

Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

---

### COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, LEAH TURNER, individually and on behalf of all similarly-situated employees  files this Amended Complaint against Defendant, CHIPOLTE MEXICAN GRILL, INC., and states as follows:

### PRELIMINARY STATEMENTS

This action is brought to recover damages stemming from violations of the Fair Labor Standards Act of 1938, as amended, 29 USC. §201, *et. seq.* (FLSA).  Plaintiff was classified as a non-exempt hourly employee between March 29, 2010 to May 23, 2011 working as a Kitchen Manager and Service Manager. During this time, Plaintiff was improperly denied compensation for hours worked pursuant to the FLSA by Defendant.

For at least three years prior to the filing of this action and continuing through the date of this action, Chipotle has devised and implemented general policies and practices to deprive its hourly-paid restaurant employees of the compensation to which they are entitled.  Chipotle routinely requires its hourly-paid restaurant employees to work "off the clock," without pay, by various means, including, but not limited to, utilizing timekeeping devices that automatically punch employees off the clock, even if they are still working.

Plaintiffs, on behalf of themselves and all others similarly situated former and current hourly-paid Chipotle restaurant employees during the applicable time period, seek unpaid overtime, unpaid regular wages, liquidated damages and/or pre-judgment interest,

post-judgment interest and attorneys fees and costs.

Plaintiffs shall request that the Court authorize concurrent notice to all former and current hourly-paid restaurant employees who were employed by Chipotle during the applicable time period, informing them of the pendency of this action and of their right to opt-in to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

3. Alternatively, Plaintiff and all similarly situated employees, worked in interstate commerce so as to fall within the protections of the FLSA.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## PARTIES

5. Plaintiff and others similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 5 of this Complaint as if set forth *verbatim*.

6. At all times pertinent hereto, Class Representative Plaintiff Leah Turner was a citizen of the United States of America and a resident of the State of Colorado with a residential address of: 5291 East 123rd Avenue, Thornton, Colorado 80241.

7. At all material times hereto, Class Representative Plaintiff Leah Turner worked at Defendant's corporately-owned location at: 18701 E. Main Street, Parker, Colorado 80134 as a non-exempt hourly Kitchen Manager and Service Manager from March 29, 2010 to May 23, 2011.

8.  Class Representative Plaintiff Leah Turner was classified as a non-exempt hourly employee of Defendant working as a Kitchen Manager from March 29, 2010 to June 21, 2010.

9.  Class Representative Plaintiff Leah Turner was classified as a non-exempt hourly employee of Defendant working as a Service Manager from June 21, 2010 though May 23, 2011.

10. Thereafter, Class Representative Plaintiff Leah Turner worked as a salaried employee of Defendant working as an Apprentice at 5642 Allen Way, Space 104, Castle Rock, Colorado 80104 commencing May 23, 2011 until August 2011. This work is not at issue in the instant lawsuit.

11. Thereafter, commencing August 2011, Class Representative Plaintiff Leah Turner worked as a salaried employee of Defendant working as a General Manager at 5642 Allen Way, Space 1-4, Castle Rock, Colorado 80104.  This work is not at issue in the instant lawsuit.

12. At all times material hereto, Class Representative Plaintiff Leah Turner and others similarly situated were performing their duties for the benefit of and on behalf of Defendant.

13. At all times material hereto, Plaintiff and others similarly situated were an "employee" pursuant to 29 U.S.C. § 203(e)(1).

14. At all times material hereto, Defendant was an "employer" pursuant to 29 U.S.C. § 203(d).

15. Plaintiff and others similarly situated suffered or were permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

16. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and others similarly situated during all time material hereto. Accordingly, Plaintiff and all similarly situated employees must be paid overtime pay in accordance with the FLSA.

17. Defendant should be in possession of the time and wage records for Plaintiff and all similarly situated employees for each and every work week.

18. Upon information and belief, Defendant is a Colorado Corporation with a Colorado registered agent, Bryant S. Messner, located at:  1430 Wynkoop Street, Suite 400 Denver, Colorado 80202.

19. At all times relevant to this action, Defendant, either directly or indirectly had the authority to: (a) hire and fire employees of their facilities; (b) determine the work

schedules for the employees or conditions of employment; (c) control the finances and operations of facilities; and (d) determine the rate and method of payment and maintain employment records. By virtue of having regularly exercised that authority on behalf of the grocery stores, the Defendant is an "employer" defined by 29 U.S.C. § 201 *et. seq.*

## COVERAGE

20. Plaintiff and others similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 19 of this Complaint as if set forth *verbatim.*

21. At all times material hereto, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of FLSA.

22. At all times material hereto, Defendant was an "employer" within the meaning of FLSA.

23. Defendant was, and continues to be an "employer" within the meaning of FLSA.

24. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all times material hereto, Defendant was, and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

27. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28. At all times material hereto, Plaintiff and others similarly situated "engaged in commerce" and are subject to individual coverage of the FLSA.

29. At all times material hereto, Plaintiff and others similarly situated were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

30. At all times material hereto, the work performed by the Plaintiff and others similarly situated was directly essential to the business performed by Defendant.

## **GENERAL ALLEGATIONS**

31. Plaintiff and others similarly situated incorporates herein by this reference the allegations contained in Paragraphs 1 through 30 of this Complaint as if set forth *verbatim*.

32. At all times material hereto, Class Representative Plaintiff worked at Defendant's corporately-owned location at: 18701 E. Main Street, Parker, Colorado 80134 as a non-exempt hourly Kitchen Manager and Service Manager.

33. Class Representative Plaintiff was classified as a non-exempt hourly employee of Defendant working as a Kitchen Manager from March 29, 2010 to June 21, 2010.

34. Class Representative Plaintiff was classified as a non-exempt hourly employee of Defendant working as a Service Manager from June 21, 2010 though May 23, 2011.

35. From March 29, 2010 though May 23, 2011, Class Representative Plaintiff was required to clock-out after she worked forty hours for Defendant in a work week. However, she would be required by Defendant to continue to work off-the-clock.

36. Class Representative Plaintiff was not paid for this off-the-clock work or associated overtime.

37. Class Representative Plaintiff and others similarly situated were required to work on holidays and were not compensated for this work.

38. Additionally from March 2010 through May 2011, Class Representative Plaintiff and those similarly situated were required to attend mandatory after-shift meetings, which occurred every night after cleanup was completed and which occurred off-the-clock.

39. Moreover, from March 2010 through May 2011 Class Representative Plaintiff and those similarly situated who worked the night-shift were automatically clocked-out at 12:30 a.m. even though they had not completed all of the cleaning.

40. After being automatically clocked-out at 12:30 a.m. Class Representative Plaintiff and those similarly situated were required to complete all cleaning tasks off-the-clock and were not paid for the straight time or associated overtime for these duties performed on behalf of the Defendant.

41. Class Representative Plaintiff, and others similarly situated who worked for Chipotle Restaurants throughout the United States, worked unpaid hours and overtime for hours worked in excess of forty in a work week.

42. In some instances, Class Representative Plaintiff's overtime hours were moved to the following work week where she was improperly paid straight time, but not time-and-a-half.

43. Finally, class representative Plaintiff and others similarly situated who worked for Chipotle Restaurants throughout the United States, was required to work holidays, but received no compensation from Defendant for this work.

44. In the course of employment with Defendant, the Plaintiff, and others similarly situated who worked for Chipotle Restaurants throughout the United States, worked unpaid hours and/or overtime hours based upon Defendant's custom and practice, among other violations of the FLSA and state law.

45. Chipotle, a chain of non-franchised Mexican style restaurants, describes itself as "compet[ing] in a category of dining now called 'fast-casual,' the fastest growing segment of the restaurant industry, where customers expect food quality that's more in line  with full-service restaurants, coupled with the speed and convenience of fast food."http://www.chipotle.com/enus/company/about_us.aspx.

46. One of Chipotle's largest expenses is the payroll of its hourly-paid employees. To reduce this expense and maximize profit, Chipotle maintains a company-wide policy of not paying hourly-paid restaurant employees for all time worked, and encouraging its general managers to require that work be performed off the clock.

47. Chipotle implements its policy with a system of reward and punishment. Payroll budgets are set that realistically can  be  met only if hourly restaurant employees work  off  the  clock.  General  managers  are  awarded  bonuses  and  other compensation for staying within their payroll budgets. If a payroll budget is exceeded, the general manager's job security is threatened.

48. The pressure of reducing payroll expense and staying within payroll budgets results in general managers grossly understaffing each location.

49. The lack of adequate staff, which is a direct result of Chipotle's policies, causes Chipotle to allow, encourage, and direct its hourly restaurant employees to perform work without proper compensation.

50. Chipotle routinely requires hourly-paid restaurant employees to punch out, and then continue working until they are given permission to leave. If an employee does not punch out as required, Chipotle utilizes time clock devices that automatically record an employee as having punched out, even if the employee has not punched out and is still working.

51. Chipotle routinely conducts trainings, meetings, and other activities that hourly-paid restaurant employees are required to attend, but for which they are not

allowed to punch in.

52. Chipotle has failed, and continues to fail, to accurately record, report, and/or preserve records of hours worked by its hourly-paid employees. As a result, Chipotle does not make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment.

53. Chipotle's actions were pursuant to general policies and directives that were issued from its corporate offices in Colorado, and were carried out by general managers at its stores nationwide, both within and outside of Colorado.

54. Chipotle has actual knowledge that work is performed by hourly employees without compensation.

55. Chipotle's conduct in denying overtime and regular wages to its hourly-paid restaurant employees, and in failing to keep accurate records with respect to hours worked by its hourly-paid employees, was reckless and willful.  Indeed, such conduct is consistent with corporate management's view, as stated in Chipotle's 2012 Annual Report (at p.16) to its shareholders, that "complying with the[] rules[,]" "including [federal and state] wage and hour laws," "subjects us to substantial expense and can be cumbersome…."  (A .pdf version of Chipotle's 2012 Annual Report can be found at http://ir.chipotle.com/phoenix.zhtml?c=194775&p=irol-reportsAnnual.)

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938

56. Plaintiff and other similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth *verbatim*

57. At all times material herein, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

58. Plaintiff and others similarly situated are or were an "employee" pursuant to 29 U.S.C. § 203(e)(1).

59. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

60. Plaintiff and others similarly situated suffered and/or were permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and others similarly situated. Accordingly, Plaintiff and all similarly situated employees must be paid overtime pay in accordance with the FLSA.

62. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

63. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

64. Defendant violated the FLSA by failing to pay Plaintiff and all similarly situated employees all of her time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

65. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or similarly situated employees. Accordingly, Plaintiff and all similarly situated employees must be paid overtime pay in accordance with the FLSA.

66. Plaintiff and all similarly situated employees are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA.

67. Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

68. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiff and all similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

69. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages,

pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff and others similarly situated demand judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

DATED this September 22, 2014.

Respectfully submitted,

*/s/Karen O'Connor*
Karen O'Connor
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Facsimile:  303.893.9900
Karen.oconnor@coloradolaw.net
*Attorneys for Plaintiffs*