**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-CBS

LEAH TURNER,

individually and on behalf of others
similarly situated

Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

---

### PLAINTIFFS PROPOSED SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The scheduling conference shall be held on January 13, 2015 at 9:00 a.m. Karen O'Connor, Bachus & Schanker, LLC, 1899 Wynkoop Street, Suite 700, Denver, Colorado 80202, (303) 893-9800, shall appear as attorney for Plaintiff, Leah Turner. Plaintiff's counsel has attempted to confer with Defendant's counsel regarding this matter and the preparation of this order, however Defendant has filed a Motion to Vacate the Conference [Doc. No. 11] and has not been willing to hold a 26(f) conference, therefore, Plaintiff's counsel does not know who will appear on behalf of Defendant.

### 2. STATEMENT OF JURISDICTION

**Plaintiff:** Plaintiff asserts jurisdiction as follows:

a. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

b. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to the Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined in 29 U.S.C. §§ 203(r) and 203(s)(1)(a) of the Act.

c. Upon information and belief, Defendant's annual gross sales volume is in excess of $500,000 per annum. 29 U.S.C. § 203(s)(a)(1)(2). Plaintiff worked in interstate commerce at Defendant's stores; thereby, falling within the protections of the Act.

d. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

**Defendant:** Defendant asserts jurisdiction as follows:

The Defendant has chosen not to participate in the preparation of this scheduling order.

### 3. STATEMENT OF CLAIMS AND DEFENSES

*a.     Plaintiff*

At all times material hereto, Class Representative Plaintiff worked at Defendant's corporately-owned location at: 18701 E. Main Street, Parker, Colorado 80134 as a non-exempt hourly Kitchen Manager and Service Manager.

Class Representative Plaintiff was classified as a non-exempt hourly employee of Defendant working as a Kitchen Manager from March 29, 2010 to June 21, 2010. Class Representative Plaintiff was classified as a non-exempt hourly employee of Defendant working as a Service Manager from June 21, 2010 though May 23, 2011. From March 29, 2010 though May 23, 2011, Class Representative Plaintiff was required to clock-out after she worked forty

hours for Defendant in a work week. However, she would be required by Defendant to continue to work off-the-clock.

Class Representative Plaintiff was not paid for this off-the-clock work or associated overtime. Class Representative Plaintiff and others similarly situated were required to work on holidays and were not compensated for this work. Additionally from March 2010 through May 2011, Class Representative Plaintiff and those similarly situated were required to attend mandatory after-shift meetings, which occurred every night after cleanup was completed and which occurred off-the-clock. Moreover, from March 2010 through May 2011 Class Representative Plaintiff and those similarly situated who worked the night-shift were automatically clocked-out at 12:30 a.m. even though they had not completed all of the cleaning. After being automatically clocked-out at 12:30 a.m. Class Representative Plaintiff and those similarly situated were required to complete all cleaning tasks off-the-clock and were not paid for the straight time or associated overtime for these duties performed on behalf of the Defendant.

Class Representative Plaintiff, and others similarly situated who worked for Chipotle Restaurants throughout the United States, worked unpaid hours and overtime for hours worked in excess of forty in a work week. In some instances, Class Representative Plaintiff's overtime hours were moved to the following work week where she was improperly paid straight time, but not time-and-a-half. Finally, class representative Plaintiff and others similarly situated who worked for Chipotle Restaurants throughout the United States, was required to work holidays, but received no compensation from Defendant for this work.

In the course of employment with Defendant, the Plaintiff, and others similarly situated who worked for Chipotle Restaurants throughout the United States, worked unpaid hours and/or overtime hours based upon Defendant's custom and practice, among other violations of the FLSA and state law. Chipotle, a chain of non-franchised Mexican style restaurants, describes itself as "compet[ing] in a category of dining now called 'fast-casual,' the fastest growing segment of the restaurant industry, where customers expect food quality that's more in line with full-service restaurants, coupled with the speed and convenience of fast food."http://www.chipotle.com/enus/company/about_us.aspx.

One of Chipotle's largest expenses is the payroll of its hourly-paid employees. To reduce this expense and maximize profit, Chipotle maintains a company-wide policy of not paying hourly-paid restaurant employees for all time worked, and encouraging its general managers to require that work be performed off the clock. Chipotle implements its policy with a system of reward and punishment. Payroll budgets are set that realistically can be met only if hourly restaurant employees work off the clock. General managers are awarded bonuses and other compensation for staying within their payroll budgets. If a payroll budget is exceeded, the general manager's job security is threatened. The pressure of reducing payroll expense and staying within payroll budgets results in general managers grossly understaffing each location.

The lack of adequate staff, which is a direct result of Chipotle's policies, causes Chipotle to allow, encourage, and direct its hourly restaurant employees to perform work without proper compensation. Chipotle routinely requires hourly-paid restaurant employees to punch out, and then continue working until they are given permission to leave. If an employee does not punch out as required, Chipotle utilizes time clock devices that automatically record an employee as having punched out, even if the employee has not punched out and is still working. Chipotle routinely conducts trainings, meetings, and other activities that hourly-paid restaurant employees are required to attend, but for which they are not allowed to punch in.

Chipotle has failed, and continues to fail, to accurately record, report, and/or preserve records of hours worked by its hourly-paid employees. As a result, Chipotle does not make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment. Chipotle's actions were pursuant to general policies and directives that were issued from its corporate offices in Colorado, and were carried out by general managers at its stores nationwide, both within and outside of Colorado.

Chipotle has actual knowledge that work is performed by hourly employees without compensation. Chipotle's conduct in denying overtime and regular wages to its hourly-paid restaurant employees, and in failing to keep accurate records with respect to hours worked by its hourly-paid employees, was reckless and willful.  Indeed, such conduct is consistent with corporate management's view, as stated in Chipotle's 2012 Annual Report (at p.16) to its shareholders, that "complying with the[] rules[,]" "including [federal and state] wage and hour laws," "subjects us to substantial expense and can be cumbersome…." (A .pdf version of Chipotle's 2012 Annual Report can be found at http://ir.chipotle.com/phoenix.zhtml?c=194775&p=irol-reportsAnnual.)

Based upon the foregoing, Plaintiff asserts violations of the Fair Labor Standards Act, and intends to move for national conditional collective certification.

    *b.*    *Defendant:*

The Defendant has chosen not to participate in the preparation of this scheduling order.

    *c.*    *Other Parties:*  There are no other parties to this action.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

(a) Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. §216 (b) and 28 U.S.C. §1331. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). Venue is proper as the claimed statutory violations alleged occurred in the District of Colorado.

(b) Venue is proper in the District of Colorado.

(c) Plaintiff was an employee of Defendant as a non-exempt Kitchen Manager from March 2010 through June 2010 and as a non-exempt Service Manager from June 2010 through May 2011.

(d) Defendant was an "employer" pursuant to 29 U.S.C. §203(d).

(e) Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

(f) Defendant was, and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

(g) The annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

(h) Defendant had and continues to have two (2) or more employees.

(i) Plaintiff was "engaged in commerce" and is subject to individual coverage of the FLSA.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff's preliminary computation of damages follows:

Plaintiff believes that she is entitled to recover compensation for unpaid wages, including overtime that has been unlawfully withheld by Defendant, with liquidated damages, pre- and post- judgment interest, reasonable attorneys' fees and costs of this action The time records that Defendant is required to maintain under federal and state law have not yet been produced and will be essential in computing Plaintiff's lost wages.

**Defendant**:  Not applicable

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Rule 26(f) conference has not been held to date. Plaintiff's counsel requested a 26(f) conference, but Defendant's counsel has opted to file a Motion to Vacate Scheduling Conference.

c. The parties' initial Rule 26(a)(1) disclosures are not currently due and have not been made.

d. No changes are proposed to the timing or requirement of disclosures under FRCP 26(a)(1).

e. The parties have not entered into any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents (other than Rule 26(a)(1) initial disclosures), or joint meetings with clients to discuss settlement.

f. None

g. Plaintiff's counsel anticipates significant discovery of electronically stored information (ESI), however Plaintiff's counsel has been unable to confer with Defendant's counsel regarding the production of such information.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. The Plaintiff is open to exploring an early resolution to this matter.

## 7. CONSENT

Plaintiff's counsel does not know Defendant's position on this matter.

## 8. DISCOVERY LIMITATIONS

    a.    Each side shall be limited to 10 (ten) depositions (excluding experts) without leave of court. However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the discovery limitation be revisited as additional deposition may become necessary.

    b.    Depositions shall be limited to 1 (one) day of seven hours, absent agreement of the parties or leave of court.

    c.    Each side shall be limited to 40 interrogatories, including subparts. However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the discovery limitation be revisited as additional interrogatories may become necessary.

    d.    Each side shall be limited to 50 requests for production of documents, including subparts, and 50 requests for admissions, including subparts. However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the discovery limitation be revisited as additional requests for admissions and requests for production of documents may become necessary.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** June 26, 2015. However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the case plan and schedule be revisited as additional time will be necessary.

b. **Discovery Cut-off (fact discovery):** July 31, 2015

However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the case plan and schedule be revisited as additional time will be necessary.

c. **Dispositive Motion Deadline:** September 30, 2015

However, the Plaintiff proposed that if Collective Condition Certification is Granted in this matter, the case plan and schedule be revisited as additional time will be necessary.

d. **Expert Witness Disclosure:**

   (1) The Plaintiff proposes that expert discovery be completed after a decision on dispositive motions.

   (2) Each party shall be limited to two (2) expert witnesses, not including rebuttal witnesses. A rebuttal expert witness may be called to rebut the testimony of a treating physician.

   (3) The Parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 24, 2015

   (4) The Parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 25, 2014.

    (6) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

 e. **Identification of Persons to Be Deposed:**  Some of the depositions currently contemplated by the Plaintiff are set forth below.  The Plaintiff reserve the right to object to these or any other depositions on any grounds.  The Plaintiff also reserves the right to take additional depositions consistent with this order.  The following schedule is contingent upon the availability of the witnesses and counsel, is subject to change without leave of court, and does not excuse the parties from complying with the notice and scheduling requirements of D.C. COLO L. Civ. R. 30.1.

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Representative of the Defendant | TBD | TBD | Seven hours |

 f. The Parties have not agreed that submission of written interrogatories shall be completed by any specific date.

 g. The Parties have not agreed that submission of requests for production of documents shall be completed by any specific date.

### 10.  DATES FOR FURTHER CONFERENCES

 a. Status conferences will be held in this case at the following dates and times: _____

_____

  b.  A final pretrial conference will be held in this case on _____at \_\_\_\_\_ o'clock \_\_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a.  All discovery or scheduling issues were agreed upon.

  b.  Plaintiff requests a trial by jury and anticipates a trial of 5 days; however if Conditional Collective Certification is Granted additional time for trial may be necessary.

  d.  None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. L. Civ. R. 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. L. Civ. R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2015.

BY THE COURT:

_____
Honorable Judge Craig B. Shaffer
United States Magistrate

APPROVED:

/s/ Karen O'Connor_____
Karen O'Connor
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
Attorneys for Plaintiff