IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2612-JLK

LEAH TURNER, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.

    Defendant.

_____

ORDER
_____

KANE, J.

    While the Court appreciates the nature of this action and the status of individual plaintiff litigants, fair and efficient management of the case compels both the Court and counsel to comport themselves with a modicum of restraint. Plaintiffs' "Request for Decision" (Doc. 42), which was filed simultaneously with their "Omnibus Response to Defendant's Motion to Dismiss/to Transfer Forum and Motion to Stay Case Pending Ruling on Motion to Dismiss" (Doc. 34), fails in this regard. Its premise -- that because the Court failed to rule on Defendant's February 13 Motion to Stay before Defendant's responses to certain of Plaintiffs' Motions were due on February 23, those Motions (to conditionally certify a plaintiff class and to toll the statute of limitations, Docs. 28 & 29) should be deemed "unopposed" and granted -- is unreasonable. Obviously Plaintiffs' class certification and statute of limitations motions are opposed. Defendant's position is

that it has filed a timely and nonfrivolous motion to dismiss and to transfer venue that should be ruled on before them.  The Court has not decided whether it agrees with Defendant on that count, but was awaiting Plaintiffs' response to Defendant's Motion to Stay before deciding the issue.  Plaintiffs' response was filed *yesterday*.

The Court notes, moreover, that this case has not been "languishing."  Plaintiffs filed their original Complaint in September 2014, and a "First Amended Collective Action Complaint" on January 21, 2015.  Defendant had already filed a Motion to Dismiss back in the fall, which motion was fully briefed when consent to magistrate judge jurisdiction was withdrawn, when Plaintiffs amended their Complaint.  Defendant's renewed Motion to Dismiss, directed at the Amended Complaint, was timely filed on February 11, 2015.  Plaintiffs' Request (Motion) for (Expedited) Decision (Doc. 42) is DENIED.  A ruling on Defendant's Motion to Stay will affect briefing deadlines and rulings related to Plaintiffs' pending Motions, and must be addressed first.  To expedite that ruling, it is ORDERED that Defendant shall file any Reply in support of it's Motion to Stay on or before March 13, 2015.   In the interim, counsel are urged to confer and consider an "omnibus" approach to obtaining rulings on the pending motions to dismiss/transfer venue/and for class certification.  If a combined motions hearing date would facilitate an efficient handling of these competing issues, either party may request one.

Dated March 5, 2015.          **s/John L. Kane**
                              SENIOR U.S. DISTRICT JUDGE