IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2612-JLK

LEAH TURNER, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.

    Defendant.
_____

ORDER DENYING MOTION FOR IMMEDIATE INTERLOCUTORY APPEAL
_____

KANE, J.

    Defendant Chipotle has moved (Doc. 88) to certify for immediate interlocutory appeal, pursuant to 28 U.S.C. § 1292 (b), the August 21, 2015 Memorandum Opinion and Order permitting a collective action under the Fair Labor Standards Act (Doc. 87). Defendant also moves to stay all proceedings in this court pending resolution of the desired appeal. For the following reasons the motion to certify is denied. The motion to stay all proceedings pending such appeal is denied as moot.

    It is axiomatic that interlocutory appeals are disfavored and should be granted only in narrowly defined circumstances set forth in the statute. The policy against piecemeal interlocutory review except as provided by statute is a strong one that will not countenance appeals other than those specifically authorized in the statute itself. *See Seventh Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977)(Rehnquist, J.).

The operative statutory authority for the proposed appeal is 28 U.S.C. § 1292. The standard for considering whether an interlocutory appeal is appropriate in a given case is set forth in § 1292(b) as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The subject Memorandum Opinion and Order did not state that I am of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The order did not so state because I don't believe such would be true either as to a substantial ground for difference of opinion or that such an appeal might materially advance the ultimate termination of this litigation. Nor am I persuaded after examining Defendant's Motion that I should enter an order amending or inserting *nunc pro tunc* into the Memorandum Opinion and Order such a statement in writing. Moreover, I note that Chipotle, faced with a nonfinal order that did not provide for interlocutory review, did not avail itself of the provision in § 1292(b) that would have allowed it, within ten days of the date of the Order, to apply to

the Tenth Circuit directly for interlocutory review. Because the Motion to Certify fails to meet, or even address, the statute and that the essential certification in the order is lacking, there is no basis to consider it.[1]

Nevertheless, in an excess of caution and *obiter dicta*, I will set forth specific reasons for declining to certify the Memorandum Opinion and Order for interlocutory appeal.

"A party seeking review of a nonfinal order must first obtain the consent of the trial judge. This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Pursuant to 28 U.S.C. § 1292(b), the requirements for certification are: "(1) that there be a controlling question of law, (2) that there be substantial grounds of difference

---

[1] I note in passing that there is no provision other than stating "in writing in such order" an opinion that the order involves a controlling question of law or that the order may materially advance the ultimate termination of the litigation. Therefore, there is no basis in law, statute or rule of procedure for entering a separate order of certification. Given the disfavor in which interlocutory appeals are held and the narrow definitions for granting them, conjuring up such a solution is inappropriate. In interpreting a statute, it is fundamental that words in the statute cannot be excised in order to achieve some perceived improvement. The words of the statute must remain because they are part of its construction. Congress included the language "in writing such order" not as surplusage, but as a recognition that, ever mindful, the district court must consider whether an interlocutory appeal would secure or advance the just, speedy, and inexpensive determination of the civil action before issuing its order and not as an afterthought. To assert that Congress intended purposely to create yet another sinkhole for more motion practice is fanciful and absurd. The intended purpose of the law is to achieve the just, speedy and inexpensive determination of civil disputes and not to create further procedural logomachies.

of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* Even where all three of these criteria are present, certification remains entirely within the court's discretion. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir.1976).

> 1. There is no controlling question of law nor is there a basis for asserting a substantial ground for difference of opinion.

As stated by Judge Jack Weinstein, "Notes on Uniformity and Individuality in Mass Litigation," 64 DePaul L. Rev. 251, 274 (2012):  "The Fair Labor Standards Act (FLSA) has taken a variant of the Rule 23 approach to aggregate claims.  Under the FLSA, a group of plaintiffs may bring a collective action through an opt-in procedure.  The judgment of the court will then be binding only on those litigants who opted in.  The statute imposes a relatively lenient standard for certification.

"Each mode of aggregation attempts to provide litigants with a fair and efficient resolution of their case.  This approach acknowledges that, in our complex and diverse society, rough justice for many is sometimes better than more perfect justice for only one.  The costs of individualized litigation in both time and money are so great that aggregated claims and compensation schemes, even when some will receive slightly more and others slightly less than they might get in an individual case, provides a fair and viable option.  Speaking of asbestos litigation, Justice Breyer, in dissent, pointed out that 'the alternative to class-action settlement is not a fair opportunity for each potential plaintiff to have his or her own day in court . . . . [M]ost potential plaintiffs may not have a realistic

alternative."

Just how to bring similarly situated litigants into a collective action is a matter of judicial discretion which, perforce, is not a proper subject for interlocutory appeal. Rather, the exercise of that discretion by the trial court is governed, at least in part, by Rule 1, Fed. R. Civ. P., which encourages trial courts to construe and administer the Rules of Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Chipotle asserts the controlling question of law is whether a "two-step" approach is the exclusive way to establish an FLSA collective.  There is no such exclusivity and there never has been.  As the Tenth Circuit wrote in *Thiessen v. Gen. Elect.. Capital Corp*., 267 F.3d 1095, 1102-03 (2001), an ADEA case, the statute of which imports verbatim the FLSA's collective action authorization, "Federal district courts have adopted or discussed at least three approaches to determining whether plaintiffs are 'similarly situated' for purposes of Sec 216(b)."  In *Thiessen* the Court ultimately endorsed an *ad hoc* approach in which a case-by-case basis was used.  The Court, however, did not rule the *ad hoc* method was either mandatory or exclusive. Rather, the Court said, "All approaches allow for consideration of the same or similar factors, and generally provide a district court with discretion to deny certification for trial management reasons."  The converse, of course, is equally true.  The district court, in the exercise of its discretion, may proceed as I am with presumptive "certification" and the "understanding that individuals may be challenged and severed from the collective if the basis for their joinder proves erroneous." Mem. Op. & Order, __ F. Supp.3d __, 2015 WL

4979770 at 7.  By definition and *ipso facto*, a choice of one of three approved methods of analyzing whether plaintiffs are similarly situated does not present a controlling question of law.  Moreover, there is no substantial ground for difference of opinion on that obvious conclusion.

In the exercise of discretion, I looked at the allegations and saw the expressed basis for the employees of Chipotle to be similarly situated.  The principal allegation is that Chipotle's hourly employees were deprived of overtime pay by the operation of a computer program, Aloha, that plaintiffs assert arbitrarily cuts off the time clock at half past midnight, in some cases somewhat later in the night, so that employees were not paid for hours worked after the time clock stopped.  As indicated above, it yet remains to be seen whether such individuals may be challenged and severed.  In the meantime, however, forming the collective to give employees and former employees an opportunity to opt-in will provide them with a realistic basis for having their day in court and will provide the court with the essential information for managing the litigation by finding out the number of litigants, the amounts of the claims and the defenses that might be asserted.  It is simply not possible to manage a potentially large amount of litigation activity without having this information available at the earliest juncture of the lawsuit.  That, in addition to the other reasons stated in the Memorandum Opinion, is the basis for the discretion I exercised.

    2.    <u>An appeal would not materially advance the ultimate termination of this litigation</u>.

Even assuming *arguendo* that a controlling question of law is presented, the additional basis for declining to certify is that any such ruling would not materially advance the ultimate termination of the litigation.  Stated succinctly, a mandated implementation of the two-step approach to collective actions urged by the defendant could result only in a remand to use that method for accomplishing what the instant ruling on classification has already achieved.  The case, suffering even further delay, would inch on to an eventual determination of the facts alleged and at issue.  While I continue to hold that employing Fed. R. Civ. P. 23 (b) processes for classification runs directly counter to Congressional intent, a directive from the Court of Appeals to employ such processes would merely put the case back to step one rather than forward to a final termination.

Only "exceptional circumstances" will justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. at 475.  None exists here and none is asserted by the defendant.  Chipotle does, however, raise the *in terrorem* argument that there are 217,000 Chipotle employees who will join this lawsuit and the litigation will take several years.  I sense crocodile tears.  Every delay in this case so far has been occasioned by the Defendant.  The welfare of members of the plaintiff collective is the responsibility and concern of plaintiffs' counsel and the efficient prompting of this case to move forward is the obligation of the court.  The probative issue is not the number of individual plaintiffs in a collective action, but rather the question of whether there is a multiplicity of liability issues or a limited number that can be resolved and the rulings applied generally.  Here,

the principal allegation is that a company policy applies with equal force to similarly situated employees. Such remains to be determined and the Memorandum Opinion and Order specifically provides, though ignored by Chipotle in its motion, that once established according to the statute, individuals may be challenged if the basis for their joinder proves erroneous.

I find the instant Motion to Certify for Interlocutory Appeal is without merit. I am also concerned with both the tone and content of the defendant's argument. It is replete with incomplete quotations, erroneous statements of law and conjured analysis. I have previously advised counsel that sarcasm and insult demonstrate more than a lack of civility; they represent a failure of persuasion. This expressed concern should serve as notice that I will not hesitate to impose sanctions or take whatever corrective steps are necessary in the event of future infractions. Suffice to say at this juncture that the quality of the analysis, scholarship and expression demonstrated by the instant motion fails to meet the standards of advocacy expected and usually experienced in this district.

The Motion for Immediate Interlocutory Appeal (Doc. 88) is DENIED. The accompanying request to STAY proceedings during the pendency of that appeal (Doc. 89) is DENIED as MOOT.

Dated this 23d day of September, 2015, at Denver, Colorado.

                                        **s/John L. Kane**
                                        SENIOR U.S. DISTRICT JUDGE