## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

## ORDER REGARDING
## NOTICE OF COLLECTIVE ACTION

---

**Considering the foregoing Joint Report Regarding Proposed Notice, and the arguments of counsel made therein,**

**IT IS HEREBY ORDERED, AS FOLLOWS:**

A.    <u>Persons to whom the Notice is directed.</u>

    In the "TO" line of page 1, Plaintiffs propose the following language:

    "All current and former employees of Chipotle Mexican Grill, Inc, who worked as an hourly-paid crew member, and worked off the clock at any time on or after February 2, 2012, resulting in the nonpayment of regular or overtime wages."

    Chipotle objects to this language and has proposed two changes to this description. First, Chipotle seeks to add the word "allegedly" before the word

"worked." Second, Chipotle contends that the starting date for the collective should be August 21, 2015. Chipotle has proposed these same changes to the description of the collective in Section 3, Current Status of the Lawsuit & Description of the Collective. Plaintiffs object to these revisions in favor of their proposed language.

> **(1)   As to the use of the word "allegedly" in the "TO" line of page 1 of the Joint Submission and in the description of the collective in Section 3, Chipotle's objection is sustained/OVERRULED and its proposal is granted/DENIED.**

> **(2)   As to the starting date for the collective, Chipotle's objection is sustained/OVERRULED and its proposal is granted/DENIED.**

B.   <u>Reference to state law claims</u>.

In the RE: line on page 1 of the Notice, Plaintiffs propose the following language:

> "Lawsuit Filed Against Chipotle Mexican Grill, Inc. under the Fair Labor Standards Act."

Chipotle objects to this language and proposes the following amendment to this language:

> "Lawsuit Filed Against Chipotle Mexican Grill, Inc. under the Fair Labor Standards Act, as well as the State Laws of Colorado, Arizona, New Jersey and California."

Chipotle also proposes to add "and the state laws identified above" to the first sentence of Section 1, Introduction. Chipotle further proposes to add "The

lawsuit also includes claims arising under the laws of California, Arizona, New Jersey and Colorado" to the last sentence of the second paragraph of Section 2, Description of Claims. Plaintiffs object to these revisions in favor of their proposed language.

> **Chipotle's objection is sustained/OVERRULED and its proposed amendments to the Notice are granted/DENIED.**

C.   <u>Description of Plaintiffs' FLSA claims</u>.

In Section 2, Description of the Lawsuit, Plaintiffs propose the following language to describe their FSLA claims:

> "The lawsuit alleges that Chipotle violated the federal Fair Labor Standards Act ("FLSA"), by failing to pay its crew members for work performed 'off the clock,' resulting in unpaid minimum or regular wages (for 40 or fewer hours per week) and/or unpaid overtime wages (for over 40 hours per week).  The lawsuit claims that under the FLSA, crew members are entitled to double their unpaid wages, plus other compensation."

Chipotle objects to this language and proposes the following revisions to this language:

> "The lawsuit alleges that Chipotle violated the federal Fair Labor Standards Act ("FLSA"), by failing to pay its crew members for work performed 'off the clock,' resulting in unpaid minimum or regular wages (for 40 or fewer hours per week) and/or unpaid overtime wages (for over 40 hours per week).  The lawsuit claims that, under the FLSA if Plaintiffs establish that a violation of the FLSA occurred, and that it did not occur in good faith, crew members are entitled to double their unpaid wages, plus other compensation."

Plaintiffs object to these revisions in favor of their proposed language.

> **Chipotle's objection is sustained/OVERRULED and its proposed amendment to the Notice is granted/DENIED.**

3

D. <u>Description of Chipotle's defenses</u>.

In Section 2, Description of the Lawsuit, Plaintiffs propose the following language to describe Chipotle's defenses:

> "Chipotle denies the Plaintiffs' allegations and states that it has complied with the FLSA and that it has paid its workers for all time worked. Chipotle maintains that it has always acted in good faith to comply with this policy. Chipotle further maintains it owes nothing and is not liable to any individual because Chipotle has paid all wages that it owes."

Chipotle objects to this language and proposes the following clarifications and revisions to this description:

> "Chipotle denies the Plaintiffs' allegations and states that it has complied with the FLSA and all state laws and that it has paid its workers for all time worked. It is Chipotle's express policy to pay all employees for all time worked and Chipotle maintains that it has always acted in good faith to comply with this policy. Chipotle further maintains it owes nothing and is not liable to any individual because Chipotle has paid all wages that it owes. If Chipotle prevails in this matter, it will seek to recover its costs of litigation."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED and its proposed amendment to the Notice is granted/DENIED.**

E. <u>Statement that the Court has expressed no view of the merits.</u>

In Section 3, Current Status of the Lawsuit & Description of the Collective, Plaintiffs propose the following language:

> "The Court has not expressed any opinion regarding the merits of the Plaintiffs' claims, and there is no assurance that the Court will grant any relief requested."

4

Chipotle objects and proposes supplementing or amending this language as follows:

> "The Court has not expressed any opinion regarding the merits of the Plaintiffs' claims, and there is no assurance that the Court will award any damages or grant any relief requested."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is SUSTAINED/overruled and its proposed amendment to the Notice GRANTED/denied.**

E.  Statement regarding each person's right to participate.

In the first paragraph of Section 4, Your Right to Participate in this Suit, and Your Obligations if You Choose to Participate, Plaintiffs propose the following language:

> "If you fit the description in Section 3 above, you have the right to join the suit and bring your own claim against Chipotle. If your claim is successful, you will be entitled to share in any money that is awarded. It is entirely your own decision whether or not to join this lawsuit and make a claim."

Chipotle objects, in part, to this language, and proposes the following revision:

> "If you fit the description in Section 3 above, you may have the right to join the suit and bring your own claim against Chipotle. It is entirely your own decision whether or not to join this lawsuit and make a claim."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED and its proposed revision is granted/DENIED.**

F.  Statement regarding each person's obligations if they participate.

5

In the second paragraph of Section 4, Your Right to Participate in this Suit, and Your Obligations if You Choose to Participate, Plaintiffs propose the following language:

> "If you choose to join the suit, you have certain obligations to participate in the litigation, which may include being asked to respond to written discovery, to appear for a deposition, and, if necessary, to appear and testify at trial."

Chipotle objects to this language and proposes that this language be revised as follows:

> "If you choose to join the suit, you will be obligated to participate in the litigation, which may include being asked to respond to requests for information and written questions, to appear for a deposition, where your testimony will be taken under oath, and, if necessary, to appear and testify at trial."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED and its proposed amendment to the Notice is granted/DENIED.**

H.   <u>Effect of not joining the suit</u>.

In Section 6, Effect of Not Joining This Suit, Plaintiffs propose the following language:

> "If you do not join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims alleged in this lawsuit.  This means you will not share in any money if the Plaintiffs win, and you will not be bound by any judgment if the Plaintiffs lose. You will retain all legal rights, if any, that you may have, subject to the statute of limitations."

Chipotle objects, in part, to this language, and proposes the following revision:

6

"If you do not join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims alleged in this lawsuit.  You will retain all legal rights, if any, that you may have, subject to the statute of limitations."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED and its proposed revision to the Notice is granted/DENIED.**

I.     Statement regarding the statute of limitations.

 In Section 7, Statute of Limitations, Plaintiffs propose the following language:

"If you decide not to join this lawsuit, you should consult with your own attorney about how the statute of limitations will affect your claim."

Chipotle objects, in part, to this language, and proposes the following revision:

"You may consult with your own attorney about how the statute of limitations will affect your claim."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED.**

J.     The effect of missing the deadline.

In the second paragraph of Section 9, How to Join This Lawsuit, Plaintiffs propose the following language:

"If you fail to return or submit the Consent to Join by the deadline, you will not be permitted to join in this lawsuit.  This means you will not share in any monetary recovery that is awarded, and you will not be bound by any judgment, whether favorable or unfavorable. If you have already successfully submitted a Consent to Join, you do not need to submit another one at this time."

7

Chipotle objects, in part, to this language, and proposes the following revision:

> "If you fail to return or submit the Consent to Join by the deadline, you will not be permitted to join in this lawsuit. If you have already successfully submitted a Consent to Join, you do not need to submit another one at this time."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED.**

K.   <u>Continuing representation by counsel</u>.

In the third paragraph of Section 9, How to Join This Lawsuit, Plaintiffs propose the following language:

> "Returning or submitting a Consent to Join does not guarantee you will be able to participate in a trial in this lawsuit, as this may depend on a final ruling from the Court that you and the named Plaintiffs are "similarly situated" under federal law. You would still have the right to pursue your own claim, however, and Plaintiff's counsel would continue to represent you."

Chipotle objects, in part, to this language, and proposes the following revision:

> "Returning or submitting a Consent to Join does not guarantee you will be able to participate in a trial in this lawsuit, as this may depend on a final ruling from the Court that you and the named Plaintiffs are "similarly situated" under federal law. You would still have the right to pursue your own claim."

Plaintiffs object to these revisions in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED and its proposed revision to the Notice is granted/DENIED.**

L.     Short form of notice.

Plaintiffs have proposed a short form of notice, which was attached as Exhibit E to the Joint Report of the parties.  Chipotle objects to Plaintiffs' proposal, and proposes its own version of short form of notice, which was attached as Exhibit D to the Joint Report of the parties.  Plaintiffs object to Chipotle's revised version of short form notice in favor of their proposed language.

**Chipotle's objection is sustained/OVERRULED.**

Dated:  December 18, 2015

_____
John L. Kane
Senior U.S. District Court Judge