**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

individually and on behalf of others
similarly situated,

Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO CHIPOTLE'S MOTION FOR STAY**

---

Plaintiffs hereby submit this response in opposition to Defendant Chipotle's

Motion for Stay of all proceedings in this Court pending resolution of Chipotle's

Petition for Mandamus filed in the Tenth Circuit ("Motion for Stay").

I.    <u>Introduction</u>

As established below, Chipotle has failed to present a hardship or inequity

justifying its extraordinary request that this Court stay this litigation in its entirety

pending a resolution by the Tenth Circuit of Chipotle's Petition for Writ of

Mandamus ("Petition").  This Motion for Stay is Chipotle's third request for a stay of these proceedings and, as with the first two such requests, is a litigation tactic aimed at delaying Plaintiffs' ability to vindicate their rights under the Fair Labor Standards Act ("FLSA") in this Court.

Although couched as a petition for relief from the Court's "August 2015 and December 2016 orders," Chipotle's Petition provides no basis for extraordinary mandamus relief.  Nor can Chipotle cobble together comments by this Court at various hearings and status conferences to create an issue deserving of extraordinary mandamus relief.  In order to succeed, Chipotle must show that this Court committed a usurpation of judicial power.  All of this Court's actions have been correct applications of the law to matters well within its discretion.  Chipotle should not be allowed to continue to delay this litigation.

II.   Procedural Background

On January 26, 2017, Chipotle filed a Petition with the Tenth Circuit, requesting review of what Chipotle described as this Court's "August 2015 and December 2016 Orders."  *See* Doc. 148, Motion for Stay, p. 2; Doc. 143, Chipotle's Petition.[1]  As this Court is aware, the August 2015 order granted Plaintiffs' motion for a Section 216(b) collective (the "August 2015 Order") and the December 2016

---

[1] In an attempt to obfuscate the fact that the "August" order was an August 2015 order, Chipotle continually referenced the "August Order" in its petition papers filed in the Tenth Circuit.

order set forth a case management and discovery plan (the "December 2016 case management order"). Chipotle asserts that this Court's "August Order" and "December 2016 Order" "conclusively certified" a 10,000 member FLSA collective action, making mandamus relief appropriate.  *See* Doc. 148, Motion for Stay, p. 2. The Petition, however, is little more than a cloaked attempt to revive Chipotle's motion for interlocutory appeal, which this Court denied in September 2015.

The gravamen of Chipotle's Petition (and Chipotle's asserted basis for interlocutory appeal) is that this Court is <u>required</u>, under *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095 (10th Cir. 2001), to apply a "two-step" process for determining whether plaintiffs are similarly situated.  *See* Doc. 143, Petition, p. 4. The Petition requests that the Tenth Circuit either remand the case with instructions to dissolve the collective and dismiss all of the opt-in plaintiffs in this matter, or, alternatively, to remand with instructions to permit discovery and provide Chipotle an opportunity to "decertify" the collective. *See* Doc. 143, Petition, pp. 33-34.

On February 27, 2017, the Tenth Circuit panel, with one Judge dissenting, ordered Plaintiffs to file a response to Chipotle's Petition.  *See* Doc. 146, Tenth Circuit Order.  In addition to briefing on the Petition, the panel specifically ordered the parties to address "whether Chipotle's Petition constituted an impermissible interlocutory appeal."  *Id.*  Plaintiffs timely filed their Response to the Petition on

March 9, 2017 ("Petition Response").  *See* Tenth Circuit Doc. 01019776841.  In their Petition Response, Plaintiffs argue that this Court's December 2016 case management order was well within this Court's discretion. Thus, Plaintiffs contend that the December 2016 case management order is not appropriate for interlocutory review, and that Chipotle's Petition characterization of the petition as one for "mandamus" is, in reality, an impermissible interlocutory appeal. *Id.* pp. 19-25.

Plaintiffs also contend that this case presents neither the exceptional circumstances nor the gross abuse of discretion required under the exacting mandamus standard.  *See* Tenth Circuit Doc. 01019776841, pp. 29-40.  Plaintiffs further contend that this Court's August 2015 order is consistent with Tenth Circuit law (as well as the law of other circuits) allowing cases under the FLSA to proceed on a collective basis.  *Id.,* pp. 29-33.  And, even if Chipotle might otherwise be entitled to mandamus relief (which it is not), Chipotle's Petition is barred by the doctrine of laches, as it was filed 16 months after the August 2015 Order establishing a collective, during which time Plaintiffs expended nearly a quarter of a million dollars on nationwide notice resulting in over 10,000 workers opting in to the case.  *See* Doc. 01019776841, pp. 17-18.

Chipotle filed its Motion For Stay on March 15, 2017.  *See* Doc. 148.  The Motion For Stay was filed two days before the due date for Chipotle's motion

regarding the arbitration agreements under the parties' previously agreed-to briefing schedule, made pursuant to the Court's direction.  *See* Doc. 147, Joint Status Report, p. 2.  Instead of complying with the agreed-to briefing schedule, Chipotle filed the instant motion seeking, <u>for the third time</u>, a stay of this litigation. This Court having already found that Chipotle has unduly delayed this case, Chipotle's tactic of causing further delay by bringing sequential Motions to Stay should be rejected.  *See* Doc. 94, Order denying interlocutory appeal, p. 7.

  III. <u>Argument</u>

  When determining whether to grant a stay, the district court examines the following four factors; "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceedings; and (4) where the public interest lies."  *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Lee v. State Farm Mut. Auto. Ins. Co.,* No. 02-cv-01153-JLK, 2008 WL 1849005, at \*\*1-2 (ruling that stay during pendency of interlocutory appeal was unwarranted under the *Hilton* four-factor test).

  A party seeking a stay must demonstrate "a clear and unequivocal right to relief."  *See Homans v. City of Albuquerque,* 264 F.3d 1240, 1243 (10th Cir. 2001) (*citing Utah Licensed Beverage Ass'n v. Leavitt,* 256 F.3d 1061, 1066 (10th Cir.

2001)).[2]  "When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co., Inc. v. America Online Inc.,* 206 F.3d 980, 987 (10th Cir. 2000) (citing *Span-Eng Assocs. v. Weidner,* 771 F.2d 464, 468 (10th Cir. 1985).  The burden of showing entitlement to a stay is "a heavy one" and "stay requests are usually denied."  *Sierra Club v. El Paso Gold Mines, Inc.,* No. Civ. A.01 PC 2163 OES, 2003 WL 25265871, at *1 (D.Colo. April 21, 2003).

Chipotle is not entitled to a stay because it cannot show that any of the four factors enunciated above weigh in favor of granting a stay.  Moreover, the Motion for Stay does not demonstrate that Chipotle has a clear and unequivocal right to a stay.

1.  Chipotle's Petition is Unlikely to Succeed

As an initial matter, Chipotle's claim that it is entitled to the "somewhat relaxed" standard regarding the likelihood of success is incorrect.  *See* Doc. 148, Motion for Stay, p. 6.  This factor is only "somewhat relaxed" where the party has established that the other three factors "tip decidedly" in its favor.  *Fed. Trade Comm'n v. Mainstream Marketing Servs., Inc.,* 345 F.3d 850, 852 (10th Cir. 2003) (concluding that even though on balance the harm factors tipped in the movant's

---

[2]  Although *Utah Licensed* deals with a preliminary injunction, preliminary injunctions apply the same standards as a stay.  *See McClendon v. City of Albuquerque,* 79 F.3d 1014, 1020-21 (10th Cir. 1996).

favor, those factors did not weigh so heavily towards the movant to justify a relaxed review of the likelihood of success factor). As demonstrated herein, the other three factors do not tip at all in Chipotle's favor, much less "tip decidedly" in Chipotle's favor. Accordingly, Chipotle must demonstrate a substantial likelihood of success on the merits of its Petition. *Id.*

Chipotle is unlikely to succeed given the extremely high standard for obtaining a writ of mandamus. Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380 (2004) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to judicial usurpation of power … or clear abuse of discretion … will justify the invocation of this extraordinary remedy." *Id.* (internal quotation marks and citations omitted). Unless the Court committed "clear error," a mandamus petition is unlikely to succeed, which weighs against a stay. *J.J.D., et al. v. City of Torrance, et al.,* No. CV 14-07463-BRO, 2016 WL 6674996, **5-6 (C.D. Cal. March 22, 2016).

Chipotle's mandamus petition fails to demonstrate that it is entitled to such extraordinary relief. *See* Tenth Circuit Doc. 01019776841. Indeed, this Court has already determined that the main premise for Chipotle's petition is incorrect. Nearly a year and a half ago, in denying Chipotle's motion for interlocutory appeal, this Court expressly considered – and rejected – Chipotle's insistence that

*Thiessen* requires application of a two-step "certification" process in establishing a FLSA collective. *See* Doc. 94, p. 5.  Chipotle clumsily tries to avoid this ruling (and its failure to timely appeal it) by seizing upon this Court's comments at a December 2016 discovery conference as tantamount to a new, "definitive certification" of the collective.  Because the *Thiessen* Court expressly stated that the two-step process is not exclusive, and because Chipotle's mandamus petition is nothing but an impermissible attempt to seek interlocutory review of a district court's case management order, the petition is not likely to succeed on its merits.

2.  Chipotle will not suffer irreparable injury absent a stay.

Under well-established Tenth Circuit law, the irreparable harm necessary to justify injunctive relief (and, thus, a stay) "must be both certain and great," and not "merely serious or substantial."  *Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1250 (10th Cir. 2001).  The harm "must be certain and immediate, not speculative and theoretical."  *Sierra Club,* 2013 WL 25265871, at *2.

Chipotle asserts that it will be "irreparably harmed" if the approximately 3,000 employees it claims are subject to valid arbitration agreements are dismissed prior to the Tenth Circuit's resolution of its Petition. Chipotle appears to suggest that resolution of the Petition in its favor would result in dismissal *with prejudice* of all 10,000-plus opt-in plaintiffs, including the 3,000 whom Chipotle claims signed arbitration agreements. Yet, Chipotle does not even seek the

extraordinary relief of dismissal *with prejudice* in its Petition, much less provide any legal or factual support for such a drastic remedy. Whether or not a collective is appropriate in this case has no bearing on whether Chipotle violated the FLSA with respect to any opt-in plaintiff.   Nor does the methodology to be followed in determining whether a collective is appropriate have any bearing on the merits of any individual FLSA claim.  Rather, Chipotle's Petition only concerns the standard for determining a collective. Any decision by the Tenth Circuit will have no bearing on the merits of any individual FLSA claim, including the claims of the 3,000 persons Chipotle claims are subject to arbitration agreements.   Thus, the "irreparable harm" claimed by Chipotle is not merely speculative and theoretical – it is completely illusory.

3.  Issuing a Stay will harm Plaintiffs.

A request for a motion to stay should not be granted if it would reward stalling tactics by the movant.  *See U.S. v. Kaminski,* No. 06-cv-01511-LTB-CBS, 2008 WL 4371866, at *8 (D. Colo. 2008).  In *Lee,* the defendant's delay tactics tipped the "balance of harm" and "public interest" factors in favor of the plaintiff:

> As for a balancing of the respective harms and consideration of the public's interest in staying my Order, I note the delays in this case have been occasioned entirely by the Defendant and have denied Plaintiff a speedy and efficient resolution of her case. This constitutes a substantial injury to [Plaintiff] and to the public's interest in the fair and efficient resolution of disputes that clearly outweighs any injury to State Farm in disallowing the requested stay and requiring that this case move forward.

2008 WL 1849005, *2.

This Court has already found that Chipotle's stalling tactics have unduly delayed this case. *See* Doc. 94, p.7.  The Motion for Stay is only the latest in a series of motions aimed at denying Plaintiffs a "speedy and efficient resolution of their case." As in *Lee*, this alone constitutes a substantial injury to Plaintiffs, most of whom have already waited years for the compensation owed to them.  This injury to Plaintiffs is sufficient to tip this factor in Plaintiffs' favor, in particular because Chipotle has not made any showing whatsoever of harm to itself if the stay is denied.

Chipotle, however, claims that the 3,000 persons whom it alleges are subject to arbitration agreements will benefit from the stay, since they will not have to "rejoin the collective if the Tenth Circuit determines there was a basis to retain them in the collective in the first place."  Doc. 148, p. 5.  This is nonsense; if the collective is upheld, Chipotle will undoubtedly re-calendar its motion to sever these claims.  Thus, the effect of a stay will be to further delay the disposition of these 3,000 claims (along with the claims of 7,000 opt-in plaintiffs whom Chipotle ignores in discussing this factor).

Indeed, Chipotle does not even attempt to address the fact that a stay will cause substantial injury to the 7,000 opt-in plaintiffs whose claims Chipotle concedes are not subject to arbitration.  This case is already over two years old.

Many, if not most, of the opt-in plaintiffs are minimum wage earners and the continuing deprivation of their wages only adds to their financial insecurity.  This factor weighs against Chipotle's latest demand for a stay.

      4.      Staying the Case Will harm the Public Interest.

Chipotle also has the burden of demonstrating that a stay is "not adverse to the public interest."  *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1191 (10th Cir. 2003).[3]  In this case, the harm to plaintiffs and the public interest should be considered in light of the "broad remedial aims" of the FLSA.  *Clements v. Serco, Inc.,* 530 F.3d 1224, 1227 (10th Cir. 2008) (quoting *Ackerman v. Coca-Cola, Entrs.,* 179 F.3d 1260, 1264 (10th Cir. 1999)); *accord Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 173 (1989) ("The broad remedial goal of the [FLSA] should be enforced to the full extent of its terms.").

This case was filed over two years ago.  Chipotle knows full well that every delay results in more plaintiffs losing touch with counsel, moving to places unknown, or simply losing interest.  Chipotle will surely move to dismiss the claims of any plaintiff who does not provide requisite discovery. Allowing such tactics contradicts the remedial aims of the FLSA, as well as the general public interest in ensuring the expeditious resolution of FLSA claims.

---

[3] While *Heideman* involves a preliminary injunction, as noted above, a motion for stay is analyzed using the same four factors applied to preliminary injunctions.

IV.    Conclusion

For the foregoing reasons, Plaintiffs request that the Court prevent Chipotle's latest attempt to further delay this litigation and deny the Motion for Stay.

DATED this March 24, 2017.

Respectfully Submitted,

*/s/Andrew C. Quisenberry*
Darin L Schanker
Andrew C. Quisenberry
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Tel: 303.893.9800
Fax: 303.893.9900
dschanker@coloradolaw.net
andrew.quisenberry@coloradolaw.net

Kent Williams
WILLIAMS LAW FIRM
1632 Homestead Trail
Long Lake, MN 55356
Tel: 612.940.4452
williamslawmn@gmail.com

Adam S. Levy
LAW OFFICE OF ADAM S. LEVY, LLC
P.O. Box 88
Oreland, PA 19075
Tel: 267.994.6952
Fax: 215.233.2992
adamslevy@comcast.net

Thomas M. Hnasko
Michael E. Jacobs
Julie A. Sakura
HINKLE SHANOR LLP
P.O. Box 2068
Santa Fe, NM 87504
Tel: 505.982.4554
Fax: 505.982.8623
thnasko@hinklelawfirm.com
mjacobs@hinklelawfirm.com
jsakura@hinklelawfirm.com

Kevin E. Giebel
Giebel and Associates, LLC
P.O. Box 414
Lake Elmo, MN 55402
Tel: 651.236.0729
kgiebel@ggwklaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, I electronically filed and served the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO CHIPOTLE'S MOTION FOR STAY** via the CM/ECF system, which will send notification of such filing to all counsel of record:

John K. Shunk
Allison J. Dodd
Adam M. Royval
Louis M. Grossman
Kendra N. Beckwith
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
jshunk@messner.com
adodd@messner.com
aroyval@messner.com
lgrossman@messner.com
kbeckwith@messner.com

Richard J. Simmons (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
333 South Hope Street
Forty-Third Floor
Los Angeles, CA 90071
rsimmons@sheppardmullin.com
Attorneys for Defendant

*/s/ Andrew C. Quisenberry*
Andrew C. Quisenberry