# EXHIBIT A

**Review and E-Sign Agreement to Arbitrate**

THIS AGREEMENT TO ARBITRATE ("Agreement") is entered into between Chipotle and the undersigned employee ("Employee"). "Chipotle" means Chipotle Mexican Grill, Inc., a Delaware corporation, and its direct and indirect subsidiaries and affiliates.

1. **Arbitration Overview**. In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. The arbitrator generally is either an attorney or a retired judge. The parties are entitled to be represented by their own legal counsel in the arbitration proceeding. After reviewing the evidence and considering the arguments of the parties, the arbitrator makes a final decision to resolve the dispute.

2. **Duty to Arbitrate**. In consideration of Chipotle's offer of employment to Employee and the at will employment relationship between Chipotle and Employee, Chipotle and Employee hereby agree that any and all Claims (defined below in Section 4) shall be resolved by final and binding arbitration in accordance with this Agreement.

3. **Arbitration Rules**. By signing this Agreement, the parties agree that any arbitration shall be conducted before one neutral arbitrator selected mutually by the parties and shall be conducted under the Employment Arbitration Rules and Procedures of JAMS ("JAMS Rules"), which you can access from this link. This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec. 1, et seq., and all rules, regulations, and judicial opinions enforcing or interpreting the same, as any of the same may be amended from time to time.

4. **Claims Subject to Arbitration**. As used in this Agreement, "Claims" means any and all disputes, claims, and controversies arising out of or relating to this Agreement, the parties' employment relationship, or the formation, existence, or termination of the parties' employment relationship, including but not limited to all claims for: wrongful termination; breach of any contract or covenant, oral or written, express or implied; breach of any duty owed to Employee by Chipotle or to Chipotle by Employee; personal, physical or emotional injury; fraud, misrepresentation, defamation, and any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, pregnancy, religion, national origin, ancestry, age, marital status, physical disability, mental disability, medical condition, sexual orientation, or genetic information; retaliation; violation of any federal, state or other governmental constitution, statute, ordinance, rule, or regulation (as originally enacted and as amended), including but not limited to Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), Americans With Disabilities Act ("ADA"), Fair Labor Standards Act ("FLSA"), Employee Retirement Income Security Act ("ERISA"), Consolidated Omnibus Budget Reconciliation Act ("COBRA"), Family and Medical Leave Act ("FMLA"), and state and local government wage and hour, discrimination, leave, and other laws of every type; unfair business practices; disclosure of confidential information or trade secrets; pirating employees; and employee theft or conversion. As used herein, "Claims" does not mean any dispute the arbitration of which is prohibited by law.

5. **Arbitration of Individual Claims Only**.

5.1 **Class and Collective Action Claims**. BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN HIS, HER, OR ITS INDIVIDUAL CAPACITY, AND MAY NOT BRING, PURSUE, OR ACT AS A PLAINTIFF OR CLASS MEMBER, IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.

5.2 **Representative Action Claims**. THE PARTIES FURTHER AGREE THAT, EXCEPT FOR ACTIONS BASED ON THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE SECTIONS 2698, ET SEQ., NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, INCLUDING ANY CLAIMS UNDER ANY FEDERAL, STATE, OR LOCAL LAW, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON AN INDIVIDUAL BASIS.

6. **Starting Arbitration and Costs**. Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to Chipotle shall be delivered to Chipotle Mexican Grill, Inc., 1401 Wynkoop Street, Suite 500, Denver, CO 80202, Attn: Tim Spong, Executive Director of Safety, Security, and Risk, with a copy to Messner Reeves LLP, 1430 Wynkoop Street, Suite 300, Denver, CO 80202, Attn: Bryant S. "Corky" Messner. Requests to Employee shall be delivered to the last home address provided by the Employee to Chipotle in writing. The arbitration shall take place in the county where Employee last was employed by Chipotle.

7. **Cost of Arbitration**. Employee shall not be required to pay any cost or expense of the arbitration that Employee would not be required to pay if the matter had been heard in court.

8. **Arbitrator's Authority**. The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator shall have the authority to order such discovery by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. The arbitrator is authorized to award any remedy or relief that would have been available to the parties, in their individual capacity, had the matter been heard in court. Other than the limitations contained in Section 5 above, nothing in this Agreement shall prohibit or limit the parties from seeking provisional remedies, including, but not limited to, injunctive relief from a court of competent jurisdiction. The arbitrator shall award reasonable attorneys' fees and costs to a party if such award is required by applicable law; if an award of attorneys' fees and costs is not required, the arbitrator shall have authority, subject to applicable law, to award reasonable attorneys' fees and costs in the arbitrator's discretion. No arbitrator shall have the authority to impose any limit on Chipotle's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law.

9. **Written Decision**. The decision of the arbitrator shall be in writing and shall provide the reasons for the arbitrator's award, unless the parties otherwise agree in writing. THE ARBITRATOR'S DECISION IS FINAL AND BINDING, WHICH MEANS THERE WILL BE NO TRIAL BY A JUDGE

OR JURY OR APPEAL OF THE ARBITRATOR'S DECISION EXCEPT AS REQUIRED BY APPLICABLE LAW.

10. **Entire Agreement**.  This Agreement is the final, complete, and exclusive agreement between the parties concerning how the parties will resolve disputes and Claims.  The terms of this Agreement supersede and control any prior agreements, oral discussions, and oral or written communications among the Parties concerning how the parties will resolve disputes and Claims.  The original version of this Agreement is in the English language. Any discrepancy or conflict between the English version and any other language version shall be resolved with reference to and by interpreting the English version.

11. **Severability**.  If any provision of this Agreement is determined to be illegal or unenforceable, such determination shall not affect the balance of this Agreement, which shall remain in full force and effect, and such invalid provision shall be deemed severable.  BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY CLAIM (AS DEFINED ABOVE IN SECTION 4) DECIDED BY A JUDGE OR JURY IN A COURT.

12. **At Will Employment Status**.  Once it begins, Employee's employment with Chipotle will be at will, meaning Employee's employment may be terminated by Chipotle or the Employee without prior notice at any time, without any procedure or formality, and for any reason or for no reason.  Nothing herein shall alter, and no arbitrator has authority to alter, the at will nature of Employee's employment.

13. **Acknowledgement**.  EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS CAREFULLY READ THIS AGREEMENT, THAT EMPLOYEE UNDERSTANDS ITS TERMS, AND THAT EMPLOYEE HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY CHIPOTLE OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.