# EXHIBIT B

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
_____

## DOCKETING STATEMENT
_____

Case Name: *Leah Turner, et al. v. Chipotle Mexican Grill, Inc.*

Appeal No.: 18-1320

Court/Agency Appealing From: United States District Court for the District of Colorado

Court/Agency Docket No.: 1:14-CV-02612     District Judge: Hon. John L. Kane

Party or Parties Filing Notice of Appeal/Petition: Defendant Chipotle Mexican Grill, Inc.

## I.     TIMELINESS OF APPEAL OR PETITION FOR REVIEW

### A.     APPEAL FROM DISTRICT COURT

1.     Date notice of appeal filed: August 15, 2018

    a.     Was a motion filed for an extension of time to file the notice of appeal?  If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: No.

    b.     Is the United States or an officer or an agency of the United States a party to this appeal? No.

2.     Authority fixing time limit for filing notice of appeal:

| | |
|---|---|
| Fed. R. App. 4 (a)(1)(A) X | Fed. R. App. 4(a)(6) _____ |
| Fed. R. App. 4 (a)(1)(B) _____ | Fed. R. App. 4(b)(1) _____ |
| Fed. R. App. 4 (a)(2)     X | Fed. R. App. 4(b)(3) _____ |
| Fed. R. App. 4 (a)(3)     _____ | Fed. R. App. 4(b)(4) _____ |
| Fed. R. App. 4 (a)(4)     _____ | Fed. R. App. 4(c)     _____ |
| Fed. R. App. 4 (a)(5)     _____ | |

Other: _____

3. Date final judgment or order to be reviewed was **entered** on the district court docket: August 3, 2018

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
No.

**(If your answer to Question 4 above is no, please answer the following questions in this section.)**

a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? No.

b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C.§ 1292(a)? No.

c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?

9 U.S.C. § 16(a)(3) ("An appeal may be taken from a final decision with respect to an arbitration that is subject to this title."); 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"). The order here is final.

Chipotle specifically invokes the collateral order doctrine. The collateral order doctrine expands the ordinary and well-established meaning of the term "final decision" to include the order here. *Auraria Student Housing at the Regency, LLC v. Campus Vill. Apartments, LLC*, 703 F.3d 1147, 1150 (10th Cir. 2013) (setting forth elements of collateral order doctrine); *see E.E.O.C. v. PJ Utah, LLC*, 822 F.3d 536, 541 & 541 n.7 (10th Cir. 2016) (leaving application of collateral order doctrine to §16(a)(3) an open question).

In the alternative, the order is reviewable under the analysis set forth in *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269 (1991), and further refined in *Hinton v. City of Elwood, Kansas*, 997 F.2d 774, 778 (10th

Cir. 1993), *Edwards v. Doordash, Inc.*, 888 F.3d 738,742 (5th Cir. 2018), and *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 378-79 (5th Cir. 1996).

5.      Tolling Motions.   *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a.      Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): None.

   b.      Has an order been entered by the district court disposing of any such motion, and, if so, when? None.

6.      Cross Appeals.

   a.      If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011)(addressing jurisdictional validity of conditional cross appeals). None.

   b.      If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n. 18 (10th Cir. 2010)(discussing protective or conditional cross appeals). None.

**B.**      **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   1.      ~~Date petition for review was filed:~~ _____

   2.      ~~Date of the order to be reviewed:~~ _____

   3.      ~~Specify the statute or other authority granting the court of appeals jurisdiction to review the order:~~ _____

   _____

   4.      ~~Specify the time limit for filing the petition (cite specific statutory section or other authority):~~ _____

C.     APPEAL OF TAX COURT DECISION

~~1.     Date notice of appeal was filed: _____~~
~~(If notice was filed by mail, attach proof of postmark.)~~

~~2.     Time limit for filing notice of appeal: _____~~

~~3.     Date of entry of decision appealed: _____~~

~~4.     Was a timely motion to vacate or revise a decision made under the Tax Court=s Rules of Practice, and if so, when?  *See* Fed. R. App. P. 13(a) _____~~

## II.     LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).  If none, please so state.

*In re Chipotle Mexican Grill, Inc.*, No. 17-1028

## III.     GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

The district court erroneously permitted Plaintiffs' counsel to solicit nearly 3,000 individuals to join this Fair Labor Standards Act (FLSA) collective action with full knowledge that Chipotle claimed those employees were subject to a mandatory, individualized arbitration agreement barring their participation (Arbitration Opt-Ins). It was not until *after* Plaintiffs' counsel had solicited them to join the lawsuit (and they in fact joined) that the district court enforced the arbitration agreement and dismissed those individuals. Yet the harm to Chipotle continues. The district court allowed Plaintiffs' counsel to continue representing those 3,000 individuals in claims against Chipotle, despite the improper genesis of that relationship. This result does not repair the full damage to Chipotle from the district court's error. Chipotle now asks this Court to do so

4

by restoring the Arbitration Opt-Ins to their pre-improper solicitation state.

In certifying the collective, the district court employed a permissive joinder standard of its own creation.[1] It created a "presumptive" collective into which any individual "bringing the same statutory claim against the same employer" could simply opt-in. The individual needed only to file an appropriate form, and then the burden shifted to Chipotle to dismiss or sever the claims of those improperly joined. (*See* Dkt. 87 at 16-17.)

The district court, over Chipotle's objection, accepted Plaintiffs' counsels' invitation to solicit individuals subject to the arbitration agreement with notice of the collective. That solicitation was contrary to the plain terms of the agreement, which required signatories to arbitrate any and all FLSA claims and prohibited class and collective actions or arbitrations. Plaintiffs' counsel acknowledged that many of these solicited individuals had executed that agreement, but persisted with notice to them, informing the district court that "we'll deal with any arbitration agreement issues as they come." (Nov. 12, 2015 Tr., 6:19-25, 21:6-19.) The district court, for its part, stated it had "no idea what do with [the arbitration agreements]" and would resolve the issue "after we have the people in the collective class[.]" (*Id*., 25:25-26:11.) Of the nearly 10,000 individuals who opted-in to this collective, 2,814 of them signed the agreement.

Chipotle moved to dismiss the Arbitration Opt-Ins and to prevent Plaintiffs' counsel from continuing to represent them in any future proceedings against Chipotle. As

---

[1]The district court explicitly rejected this Court's well-established two-step certification process set forth in *Thiessen v. General Electric Capital Corporation*, 267 F.3d 1095 (10th Cir. 2001).

5

rationale for the latter, Chipotle explained that the harm caused to its contractual rights with its employees could be fully repaired only by restoring the status quo—that is, severing the improper relationship between the Arbitration Opt-Ins and Plaintiffs' counsel that formed through the improper solicitation. Importantly, Chipotle did not assert that the Arbitration Opt-Ins were prevented from pursuing individual arbitration with any other counsel.

On August 3, 2018, the district court granted Chipotle's first request, dismissing the 2,814 Arbitration Opt-Ins without prejudice. The district court rejected Chipotle's second request, concluding that disqualification of Plaintiffs' counsel (i.e., restoration of the status quo) was unnecessary because "at the time Plaintiffs' Counsel allegedly instigated the breach of the Arbitration Agreement, the enforceability of the Agreement was still in dispute." (Dkt. 187 at 14.) Chipotle now appeals that August 2018 order and asks this Court to reverse the district court's decision declining to restore the Arbitration Opt-Ins to their pre-improper solicitation state.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL.

1.   Whether the district court erred when it delayed enforcing the arbitration agreement until after it certified the collective and permitted individuals bound by the agreement to opt-in to the collective.

2.   Whether the district court erred by failing to restore the status quo after its first error in delaying the enforcement of the arbitration agreement.

## V. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

~~A.   Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed?~~ _____

**B.** ~~If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?~~ _____

**C.** ~~Describe the sentence imposed.~~ _____

**D.** ~~Was the sentence imposed after a plea of guilty?~~ _____

**E.** ~~If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?~~

**F.** ~~Is defendant on probation or at liberty pending appeal?~~ _____

**G.** ~~If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?~~

**H.** ~~Does this appeal involve the November 1, 2014 retroactive amendments to §§ 2D1.1 and 2D1.11 of the U.S. Sentencing Commission's Guidelines Manual, which reduced offense levels for certain drug trafficking offenses?~~

**NOTE:** ~~In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.~~

## VI.   ATTORNEY FILING DOCKETING STATEMENT:

Name**:** Kendra N. Beckwith       Telephone: 303-623-1800

Firm:   Messner Reeves LLP

Email Address: kbeckwith@messner.com

Address: 1430 Wynkoop Street, Suite 300, Denver, Colorado 80202

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

**A**.     X     Appellant

Petitioner

Cross-Appellant

**B.     PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

X     Retained Attorney

Court-Appointed

Employed by a government entity
(please specify_____)
Employed by the Office of the Federal Public Defender.

_/s/Kendra N. Beckwith_ _____     _August 29, 2018_____

Signature                                                      Date

**NOTE:**     A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any tolling motion listed in Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A) and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statement.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF).  Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov .

## CERTIFICATE OF SERVICE

I, Kendra N. Beckwith, hereby certify that on August 29, 2018, I filed via ECF and served a copy of the foregoing **Docketing Statement** to:

Adam S. Levy (Law Office of Adam S. Levy, LLC) adamslevy@comcast.net

Andrew C. Quisenberry (Bachus & Schanker, LLC) andrew.quisenberry@coloradolaw.net

Darin L. Schanker (Bachus & Schanker LLC) dschanker@coloradolaw.net

Julie A. Sakura (Hinkle Shanor LLP) jsakura@hinklelawfirm.com

Kent M. Williams (Williams Law Firm) williamslawmn@gmail.com

Kevin E. Giebel (Giebel and Associates, LLC) kgiebel@ggwklaw.com

Loren S. Foy (Husch Blackwell LLP) loren.foy@huschblackwell.com

Michael E. Jacobs (Hinkle Shanor LLP) mjacobs@hinklelawfirm.com

Robert J. Gralewski, Jr. (Kirby McInerney, LLP) bgralewski@kmllp.com

Thomas M. Hnasko (Hinkle Shanor LLP thnasko@hinklelawfirm.com

/s/Kendra N. Beckwith
Kendra N. Beckwith