**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

─────────────────────────────

LEAH TURNER; ARACELI GUTIERREZ; MARKIETTA FORD; JOLESSA WADE; DANYA GRANADO; BRETT CHARLES; RUBY TSAO, individually and on behalf of others similarly situated,

　　Plaintiffs - Appellees,

v.

CHIPOTLE MEXICAN GRILL, INC.,

　　Defendant - Appellant.

No. 18-1320
(D.C. No. 1:14-CV-02612-JLK)
(D. Colo.)

─────────────────────────────

**ORDER**
─────────────────────────────

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
─────────────────────────────

　　Defendant Chipotle Mexican Grill, Inc., appeals the district court's Order Granting Defendant's Motion to Dismiss Opt-In Plaintiffs Bound by Chipotle's Arbitration Agreement. The plaintiffs filed a motion to dismiss the appeal for lack of appellate jurisdiction. *See* 10th Cir. R. 27.3(A). Chipotle responded in opposition. The plaintiffs also filed a reply. Chipotle filed a motion seeking leave to file a surreply. Without leave of court, Chipotle filed a reply in support of its motion for leave to seek certification under Federal Rule of Civil Procedure 54(b), which was embedded in its response to the motion to dismiss. Having considered the parties' arguments, the record, and the

applicable law, the plaintiffs' motion to dismiss is granted in part, the appeal is dismissed, and all other pending requests for relief are denied.

The underlying case is a putative class action by current and former employees of Chipotle for unpaid wages under the Fair Labor Standards Act. After the putative class had been assembled, Chipotle determined that approximately a quarter of the members had signed employment agreements with a provision requiring disputes regarding their employment with Chipotle to arbitrated. Chipotle asked the district court to enforce the arbitration provision as to these members and dismiss them from the federal court litigation. Over the plaintiffs' objections, the district court decided the arbitration provision is enforceable. The court declined to compel the parties to arbitration or to stay the federal litigation, opting instead to dismiss those plaintiffs bound by the arbitration provision. Importantly, about three-quarters of the class would remain parties to the federal litigation. Chipotle also moved the district court to disqualify putative class counsel from representing those plaintiffs in any later filed arbitration proceedings, but the district court declined to interfere with the future choices the dismissed plaintiffs may make regarding representation for arbitration proceeding they might initiate. Chipotle appealed this order.

This court may exercise jurisdiction to review final orders of the district court, see 28 U.S.C. § 1291, and specific types of interlocutory and collateral orders not applicable here, *see* 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). Piecemeal review of interlocutory district court orders is generally not allowed. *Southern Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1207 (10th

Cir. 2009). The order being appealed is not a final order in the traditional sense. The order dismissed some but not all plaintiffs from the litigation, and the litigation will continue as to the remaining plaintiffs. As a result, this appeal is subject to dismissal as a premature appeal of an interlocutory order.

Even if the Federal Arbitration Act (9 U.S.C. § 16(a)(3)) applies, as Chipotle contends, we are not persuaded by Chipotle's jurisdictional argument. The term "final decision" is not defined by § 16, but we incorporate the federal courts' "longstanding interpretation" of the phrase for its meaning. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 88 (2000). A final decision ordinarily is one that resolves all claims against all parties and leaves nothing for the court to do but enforce the judgment. *Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 183 (2014). For purposes of § 16(a)(3), an order that compels only some parties to arbitrate and dismisses those parties' claims but leaves others to be litigated in federal court does not constitute a final and appealable decision. *E.E.O.C. v. PJ Utah, LLC*, 822 F.3d 536, 542 (2016). This circuit has not decided whether the collateral order doctrine supplements our jurisdictional authority to consider otherwise nonfinal orders in the arbitration context, *id.* at 542 n.7, but Chipotle has not convinced us that we should. We conclude the partial dismissal in this case is substantially similar to the partial dismissal in *PJ Utah*, mandating dismissal of this appeal. *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) ("Jurisdiction to consider an appeal is not discretionary."). Lastly, Chipotle has not

convinced us that appellate jurisdiction exists under any of the other rules and statutes it discussed.

For these reasons, the plaintiffs' motion to dismiss is granted in part, and this appeal is dismissed. Chipotle's alternative request for relief – to return to district court to seek certification under Federal Rule of Civil Procedure 54(b) – is denied. Chipotle's motion to file a surreply is denied. Chipotle's reply in support of Rule 54(b) certification is stricken. The plaintiffs' request for sanctions is denied.

    Entered for the Court
    ELISABETH A. SHUMAKER, Clerk

    *Lara Smith*

    by: Lara Smith
        Counsel to the Clerk