**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION TO
REINSTATE STAY [DKT. 198] AND DEFER RULING ON NOTICE TO
ARBITRATION OPT-INS [DKTS. 196 & 197] UNTIL RESOLUTION OF
PENDING RULE 54(b) MOTION**

---

Defendant Chipotle Mexican Grill, Inc. (Chipotle), through its undersigned counsel, respectfully requests that the Court (a) reinstate the stay this Court previously entered and (b) defer ruling on what notice, if any, is appropriate to the Arbitration Opt-Ins until Chipotle's pending Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (Rule 54(b) Motion) is resolved. In support of this request, Chipotle states as follows:

**MEET AND CONFER CERTIFICATION**

In compliance with D.C.COLO.LCivR 7.1 and subsection B of the General Practices and Procedures for this Court, Chipotle's counsel conferred in good faith with

Plaintiffs' counsel concerning this motion on October 12, 2018. Plaintiffs oppose the relief requested herein.

## INTRODUCTION

On October 12, 2018, Chipotle moved this Court to certify its August 3, 2018 Order Granting Defendant's Motion to Dismiss Opt-In Plaintiffs Bound by Chipotle's Arbitration Agreement (Dismissal Order) as final pursuant to Fed. R. Civ. P. 54(b). *See* Dkt. 202. The purpose of Chipotle's Rule 54(b) Motion is clear: to seek appellate review of the Dismissal Order.

Chipotle now seeks two procedural abeyances in connection with that Motion and related appeal, if any—reinstatement of the stay of the Dismissal Order until any and all appellate proceedings are concluded [Dkt. 199], and a deferral on ruling on the notice issue [Dkts. 196 & 197] until after Chipotle's Rule 54 Motion is resolved. For the reasons set forth below, these abeyances are in the best interest of all involved, and should be granted.

## ARGUMENT

### A. This Court should reinstate its stay of all proceedings related to the Dismissal Order until any and all appellate proceedings are completed.

This Court previously granted a stay of all proceedings related to the Dismissal Order pending Chipotle's appeal. *See generally* Dkt. 199. That stay should be reinstated in light of this case's present procedural posture and the magnitude of harm Chipotle will suffer to its appellate rights absent a stay.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Chipotle previously extensively briefed the grounds supporting the stay. *See* Mot. for Stay, Dkt. 198. In the interest of judicial efficiency, Chipotle will not rearticulate those full arguments here, but incorporate them by and attach them for reference. *See id.* attached as Exhibit A.

The reasons articulated in that motion for staying the Dismissal Order remain applicable now, even though the first appeal has been dismissed. Indeed, nothing prevents this Court from exercising its inherent authority to manage this case and stay these proceedings where a party is moving to secure a final order for appeal. *See, e.g., Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980) (observing that district court granted simultaneous motions for relief under Rule 54(b) and for stay pending appeal). As set forth below, a stay is warranted here.

First, Chipotle will suffer irreparable harm if the Dismissal Order is not stayed until the Rule 54(b) Motion and any and all appeals, including the Supreme Court, are resolved. Absent such a stay, Plaintiffs' counsel and the Arbitration Opt-Ins will likely continue to file arbitrations and eviscerate any relief Chipotle may seek on appeal. There is no way to undo those arbitrations if it is later determined they were improperly filed. *See id.* at 7-8. And permitting this to occur—even while Chipotle's efforts to secure a final order are resolved in this Court—will likely moot any relief to which Chipotle could be entitled on appeal. *See id.* at 8. A stay is therefore necessary to preserve the status quo, and permit Chipotle a meaningful opportunity to seek appellate review of the Dismissal Order.

Second, the harm to Chipotle in not staying the Dismissal Order outweighs any harm to the Arbitration Opt-Ins. The harm to Chipotle is irreparable if the Arbitration Opt-Ins

are permitted to continue filing arbitrations. As Chipotle previously offered, and reiterates here, the Arbitration Opt-Ins' statute of limitations should be equitably tolled, pending the outcome of any appeal. *Id*. at 9-11. The harm to them in staying this matter is therefore minimal compared to the harm Chipotle will suffer absent that stay.

Third, a stay is in the public's interest. Chipotle's appeal will provide the public greater insight and certainty in how individualized arbitration agreements should be enforced following *Epic Systems Corporation v. Lewis*, 138 S.Ct. 1612 (2018). *See* Ex. A at 12-13. Indeed, the public is not adversely impacted if these proceedings are held in abeyance to provide clarity in this Circuit on that issue.

Finally, Chipotle has demonstrated that its chance of success on the merits is "better than negligible." *See id.* at 13-17. The point at which an arbitration agreement should be addressed within the Fair Labor Standards Act collective certification process presents more than fair ground for litigation, given other Circuit courts' resolution of the issue and this Circuit's recent pronouncement that arbitration agreements are a "gateway" issue. *See Edwards v. Doordash, Inc.*, 888 F.3d 738, 742 (5th Cir. 2018) (rejecting idea that collective certification should precede resolution of arbitration agreement); *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1242 (10th Cir. 2018) (holding that whether binding arbitration clause applies is a threshold or "gateway" question); *see also McGrew v. VCG Holding Corp.*, 735 Fed Appx. 210, 210-11 (6th Cir. 2018) (addressing whether court abused its discretion when it enforced arbitration agreements prior to notice of collective).

The question of the appropriate remedy for failing to address the arbitration issue before certifying and notifying the collective—thereby permitting it to be used as a form

of solicitation—is also fair ground for litigation. *See* Ex. A at 16-17. At least one court has determined that "stirring up potential litigation in this manner would be an improper use of judicial authority." *Hamoudeh v. Unitedhealth Grp., Inc.*, 16-CV-790, 2016 WL 2894870, at *2 (E.D.N.Y. 2016).

A stay of the Dismissal Order pending resolution of the Rule 54(b) Motion and through the conclusion of any and all appellate proceedings, including up to and through any Supreme Court proceedings, is therefore warranted. *See generally* Ex. A.

### B. Any notice to the Arbitration Opt-Ins should be stayed pending resolution of the Rule 54(b) Motion.

Chipotle also respectfully requests that this Court defer ruling on any notice to the Arbitration Opt-Ins until such time as the Rule 54(b) Motion is resolved. *See* Minute Or., Dkt. 201 (stating Court "will review and rule on the proposed notices submitted by the parties [196] & [197] on or before October 29, 2018.").

District courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Here, sending any notice to the Arbitration Opt-Ins is premature until the Rule 54(b) Motion is resolved and the status of their claims clarified. Sending any notice until that issue is resolved is likely to cause confusion and delay for the parties. It is therefore in the best interest of judicial economy to defer ruling on the notice (if any) that should be sent to the Arbitration Opt-Ins until after Chipotle's Rule 54(b) Motion is resolved. At that time, this Court and the parties can revisit if notice is appropriate and the form and manner in which it should be given.

WHEREFORE, for the reasons set forth above and in Exhibit A, Chipotle respectfully requests that this Court reinstate its prior stay of the Dismissal Order [Dkt. 199] and withhold ruling on the notice issue [Dkt. 196 & 197] until Chipotle's Rule 54 Motion is resolved.

Dated: October 12, 2018

                                          Respectfully Submitted,

                                          MESSNER REEVES LLP

                                          *s/ Kendra N. Beckwith*
                                          John K. Shunk, #16204
                                          Allison J. Dodd, #43835
                                          Adam M. Royval, #43836
                                          Kendra N. Beckwith, #40154
                                          Thomas R. Blackburn, #41136
                                          1430 Wynkoop Street, Suite 300
                                          Denver, Colorado 80202
                                          Telephone:  (303) 623-1800
                                          E-mail: jshunk@messner.com
                                          E-mail: adodd@messner.com
                                          E-mail: aroyval@messner.com
                                          E-mail: kbeckwith@messner.com
                                          E-mail: tblackburn@messner.com

                                          SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                          Richard J. Simmons
                                          333 South Hope Street
                                          Forty-Third Floor
                                          Los Angeles, California  90071
                                          rsimmons@sheppardmullin.com

                                          ***Attorneys for Defendant, Chipotle Mexican Grill, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, I electronically filed and served the foregoing **DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION TO REINSTATE STAY [DKT. 198] AND DEFER RULING ON NOTICE TO ARBITRATION OPT-INS [DKTS. 196 & 197] UNTIL RESOLUTION OF PENDING RULE 54(b) MOTION** via the CM/ECF system, which will send notification of such filing to all counsel of record:

**Adam Seth Levy** (adamslevy@comcast.net)

**Andrew Curry Quisenberry** (andrew.quisenberry@coloradolaw.net)

**Darin Lee Schanker** (dschanker@coloradolaw.net)

**Julie A. Sakura** (jsakura@hinklelawfirm.com)

**Kent Morgan Williams** (williamslawmn@gmail.com)

**Kevin Edward Giebel** (kgiebel@ggwklaw.com)

**Michael Edmund Jacobs** (mjacobs@hinklelawfirm.com)

**Thomas Mark Hnasko** (thnasko@hinklelawfirm.com)

*s/ Kendra N. Beckwith*
Kendra N. Beckwith