**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated,

Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

**OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(b)**

**INTRODUCTION**

Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant") is asking for entry of judgment under Fed. R. Civ. P. 54(b) (Dkt. No. 202) so that it can immediately challenge this Court's refusal to disqualify the Plaintiffs' counsel from representing any of approximately 2,800 Arbitration Opt-Ins who might decide to pursue their claims against Chipotle in separate arbitration proceedings. This motion, along with the Defendant's request for a stay pending appeal of *the sole*

*procedure that Chipotle has steadfastly claimed is available to the Arbitration Opt-Ins to vindicate their rights* (Dkt. No. 203), are the latest in the Chipotle's transparent effort to dissuade these low-wage employees from pursuing any claims in any forum against the company by depriving them of their chosen counsel and imposing a significant delay that will cause many claimants to simply give up and walk away. These motions have nothing to do with addressing the substance of the Arbitration Opt-Ins' claims. *Cf. Turner v. Chipotle Mexican Grill, Inc.,* 123 F.Supp.3d 1300, 1309 (D. Colo. 2015) ("I would like to see Plaintiffs' allegations rise or fall on their merits, rather than as a result of procedural maneuvering, piecemeal litigation, or attrition.").

Chipotle's motion follows its unsuccessful effort to appeal the Court's August 3, 2018 Order without first seeking a ruling under Rule 54(b). Although controlling precedent made clear that the order was not appealable, *see Equal Employment Opportunity Comm'n v. PJ Utah, LLC*, 822 F.3d 536 (10th Cir. 2016), Chipotle sought to bypass this Court by inaccurately characterizing the decision on the Arbitration Opt-Ins as a "final order." *See* Docketing Statement dated 08/29/2018 [App. Ct. Doc. No. 010110044982 at 2] ("The order here is final."). When the Plaintiffs moved to dismiss the appeal, Chipotle belatedly asked the Tenth Circuit to grant leave to secure Rule 54(b) certification in lieu of dismissal, citing what it characterized as the Court of Appeals' "well-established

practice" of referring the parties back to the trial court, as if it had all been an innocent mistake. *See* Chipotle's Opposition to Motion to Dismiss (09/13/2018) [App. Ct. Doc. No. 010110052623 at 21] (citing *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc)). The Tenth Circuit denied Chipotle's motion, *see* Order (10/01/2018) [App. Ct. Doc. 010110061757] (Dkt No. 200)—a fact that the Defendant completely ignores in its Rule 54(b) motion.

Chipotle's latest effort to appeal this Court's rulings with respect to the Arbitration Opt-Ins, which includes its belated request for entry of judgment pursuant to Rule 54(b), should be rejected. First, Chipotle's desired appeal does not involve a separate "final order" as required by Rule 54(b) but implicates the claims of other opt-ins who remain in this litigation. Chipotle has indicated that, in addition to the August 3, 2018 ruling on disqualification, it intends to appeal the Court's earlier August 21, 2015 ruling that established the collective. As a result, there exists a real possibility that the certification ruling could be appealed multiple times if Chipotle's motion is granted.

Second, Chipotle has not established that there is "no just reason for delay" for entry of judgment under Rule 54(b). Disqualification rulings are interlocutory in nature, and contrary to Chipotle's argument, any claims of error can be addressed following an arbitration decision. Chipotle has not identified any recognizable prejudice that it might suffer from waiting to appeal in the

normal course. Indeed, the only injustice in this case would be suffered by Arbitration Opt-Ins who want to pursue their claims in arbitration—as demanded by Chipotle—but are unable to do so while Chipotle pursues an appeal that could take several years with virtually no chance of success. *See* Plaintiffs' Opposition to Motion to Reinstate Stay.[1] Finally, Chipotle's deliberate avoidance of bringing a Rule 54(b) motion is reason enough to call into question whether there is "no just reason for delay" in entering judgment.

## ARGUMENT[2]

While the purpose of Fed. R. Civ. P. 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available," the rule still "preserves the historic federal policy against piecemeal appeals." *Oklahoma Tpk. v. Bruner*, 259 F.3d 1236, 1241 (quoting 10 Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2654 at 33 (1982); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Because that policy serves the critical objectives of "promot[ing] judicial efficiency, expedit[ing] the ultimate termination of an action and reliev[ing] appellate courts of the need to repeatedly familiarize themselves with the facts of

---

[1] Filed contemporaneously with this response.

[2] Plaintiffs incorporate by reference the Factual Background set forth in their Opposition to Chipotle's Motion to Reinstate Stay.

a case," courts do not routinely grant requests made under Rule 54(b). *Id.* at 1242 (quoting 10 Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2654 at 35 (1982)); *Great Am. Trading Corp. v. I.C.P. Cocoa*, Inc., 629 F.2d 1282, 1286 (7th Cir.1980); *see also Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980) ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely"). Consequently, judgment under Rule 54(b) is appropriate only when a district court (1) determines that the order it is certifying is a final order.; and (2) finds that there is "no just reason to delay" review of the final order until it has ruled on all claims by all parties to the litigation. Fed. R. Civ. P. 54(b); *Oklahoma Tpk.*, 259 F.3d at 1242.

### I. CHIPOTLE'S REQUEST RAISES THE PROSPECT OF MULTIPLE APPEALS OF THE COURT'S CERTIFICATION RULING.

To be considered "final," an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp.,* 446 U.S. at 7 (quoting *Sears, Roebuck & Co.,* 351 U.S. at 436). In determining this issue, the district court should consider whether an "appellate court would have to decide the same issues more than once…" *Stockman's Water Co. LLC v. Vaca Partners, L.P.,* 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss-Wright Corp.,* 446 U.S. at 8).

While a claim normally comprises "all factually or legally connected elements of a case," for purposes of Rule 54(b) there is no bright-line rule to

distinguish multiple claims (which may be appealed separately) from multiple legal grounds in a single claim (which may not be appealed separately). *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (quoting *Oklahoma Tpk.*, 259 F.3d at 124). As the Tenth Circuit observed in *Jordan,* "[t]his distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Id.*; *see also Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir.1997); *Sears, Roebuck & Co.*, 351 U.S. at 436 (claims are not distinct under Rule 54(b) if they are inherently inseparable or cannot be decided independently of each other). Thus, when considering whether separate appeals will be duplicative, courts consider, *inter alia*, "whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Jordan*, 425 F.3d at 827.

While Chipotle argues that "[t]here is no factual or legal overlap between the ongoing collective action and the resolved issues concerning the Arbitration Opt-Ins," Defendant Chipotle Mexican Grill, Inc's Motion for Entry of Judgment Pursuant to Fed R. Civ. P. 54(b) (Dkt. No. 202 at 2) ("54(b) Motion"); *see also id.* at 6 ("The remaining Plaintiffs' claims… involve entirely different factual and legal issues than the Arbitration Opt-Ins' individual claims"), that is wrong. Chipotle's

unsuccessful appeal of the August 3 Order—which presumably mirrors its intended appeal here—included "whether the Court erred when it delayed enforcement of the arbitration agreements, thereby allowing the Arbitration Opt-Ins to join the collective in violation of their contractual obligations." 54(b) Motion at 3. *See also* Chipotle's Docketing Statement at 6.[3] In other words, Chipotle's hoped-for appeal would challenge not only the Court's August 3, 2018 decision not to disqualify Plaintiffs' counsel in any subsequent arbitration proceedings, but also the Court's August 2015 order and subsequent decisions that established the collective and authorized notice of same to be sent to persons who signed arbitration agreements.

A succession of overlapping and piecemeal appeals is a virtual certainty if Chipotle is allowed to appeal now. The August 2015 and related orders affect every claimant in this case, and Chipotle challenges the propriety of those orders on a multiplicity of grounds besides issues involving the arbitration agreements. Chipotle's petition for a writ of mandamus claimed that "Chipotle opposed any collective…. It argued the collective was inappropriate because it included (1) employees who worked for over 1,800 different managers and were therefore not

---

[3] Chipotle states that the Plaintiffs did not "challenge[] the Court's decision with respect to the arbitration agreement's enforceability and dismissal of the Arbitration Opt-Ins." 54(b) Motion at 3. The Plaintiffs' motion to dismiss, however, was directed simply at whether there was appellate jurisdiction over this Court's August 3, 2018 Order.

similarly situated…. (2) conflicting groups of exempt and non-exempt employees; and (3) employees subject to arbitration agreements precluding participation in collective actions." Petition for Writ of Mandamus (1/26/2017) (Dkt. No. 143 at 5-6). If Chipotle's hoped-for appeal were to raise all three of those grounds now but only with respect to the approximately 2,800 Arbitration Opt-Ins, the court would arguably have to revisit the first two grounds again, at the end of the case, with respect to the 7,000 other Opt-Ins who remain in the collective. Alternatively, if Chipotle were to limit its hoped-for appeal to only the third ground, then the Arbitration Opt-Ins would still be subject to future appeals based on the first two grounds. And, with both of these appeals, Chipotle would undoubtedly continue the now-familiar refrain that this Court committed reversible error by not following a "two-step" process to determine whether the case should proceed as a collective (despite the Tenth Circuit's unambiguous statements that no such mandate exists). The Tenth Circuit therefore would be faced with repetitious appeals on that issue as well.

The likelihood of reptitive, piecemeal appeals of both the August 3 and August 2015 orders, as well as any related orders, weighs heavily against entering judgment under Rule 54(b).

## II. CHIPOTLE CANNOT ESTABLISH THAT THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT

Even if the Court were to find finality, entry of judgment under Rule 54(b) also requires a determination that there be no just reason for delay. Fed. R. Civ. P. 54(b). As the Supreme Court has instructed:

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

*Curtis-Wright Corp.*, 446 U.S. at 8 (internal citations omitted).

While no single test has been articulated for determining whether there is a just reason to delay the entry of judgment that can be applied in every case, one consideration the Supreme Court has taken into account is preservation of the "historic federal policy against piecemeal appeals." *Id.*, at 8. Chipotle's primary argument for immediate review is that "[e]ven if this lawsuit produced a subsequent appeal, it would not, and could not, present the same issues for review" as would be raised in its hoped-for appeal concerning the Arbitration Opt-Ins. 54(b) Motion at 8. As noted above, however, Chipotle's request raises the very real prospect that the Court's August 2015 order establishing the collective could be subject to multiple, piecemeal appeals now and after the claims of the

9

remaining opt-in plaintiffs are resolved. This weighs strongly against entry of judgment under Rule 54(b). *Curtiss-Wright*, 466 U.S. at 8 (before granting a Rule 54(b) certification, the district court should first determine that "no appellate court would have to determine the same issues more than once…."); *T.D. v. Patton*, No. 14-cv-01568-RM-MJW, 2017 WL 4326480, at •2 (D. Colo. Feb. 10, 2017) (just reason for delay when claims are sufficiently related, resulting in likelihood of "the Tenth Circuit having to review the same issues more than once.").

Chipotle has not identified any recognizable prejudice that it might suffer from waiting to appeal in the normal course. At its core, Chipotle's desired appeal involves an issue—disqualification of Plaintiffs' counsel from representing Arbitration Opt-Ins in subsequent proceedings—that is unquestionably interlocutory in nature. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 (1981); *see also Arney v. Finney*, 967 F.2d 418, 422 (10th Cir. 1992). As the Supreme Court has observed, erroneous refusals to disqualify counsel can be addressed on appeal after trial. *Firestone*, 449 U.S. at 378. While Chipotle suggests that if the Court's ruling on the disqualification motion was erroneous, there would no way to "undo" any arbitrations that took place in the interim, *see* 54(b) Motion at 9, its argument assumes too much. Conducting a trial with counsel who should have been disqualified does not "indelibl[y] stamp or taint the proceedings." *See Firestone Tire*, 449 U.S. at 376. If allowing counsel to continue

10

representing plaintiffs in arbitrations is error, then that error would have no greater consequence than any other error, with Chipotle having the right to appeal if the plaintiff prevails. *See Warpar Mfg. Corp. v. Ashland Oil, Inc.*, 606 F. Supp. 866, 867 (N.D. Ohio 1985) (denying a motion to stay pending an appeal of a denial of a request to disqualify counsel).

The fact that Chipotle might have to wait until after an arbitration does not change the equation. Just as an erroneous decision ordering an arbitration can be reviewed at the end of a case, *see PJ Utah*, 822 F.3d at 543 n.8; *Pioneer Props., Inc. v. Martin*, 776 F.2d 888, 891 (10th Cir. 1985), an appellate court can also address other claims of error then. *Cf. Coady v. Ashcraft & Gerel*, 223 F.3d 1, 10-11 (1st Cir. 2000) (addressing pre-arbitration venue transfer ruling on appeal). Chipotle made this very argument before the Tenth Circuit regarding as a basis for treating the order as immediately reviewable, but the Court of Appeals rejected the Defendant's position. *See* Chipotle's Opposition to Motion to Dismiss (09/13/2018) [App. Ct. Doc. No. 010110052623 at 11-12].

Finally, the fact that Chipotle deliberately avoided bringing this motion for as long as possible strongly weighs against its position. The Seventh Circuit has long held as a general rule that "it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845

F.3d 866, 868 (7th Cir. 2017) (quoting *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972)). While other courts do not appear to have adopted an explicit deadline for filing Rule 54(b) motions, they have taken into account unreasonable delays by the movant. *See Cherokee Nation of Okl. v. United States,* 23 Cl. Ct. 735, 739 (1991) (refusing to grant Rule 54(b) certification after movant's eight-month delay in seeking it, relying on *Schaefer* in finding that "[p]laintiff's lack of diligence here supports this court's conclusion that there is no urgent need for an appeal of the dismissed claims."); *Miami Tribe of Okl. v. United States*, Civ. No. 03-2220-DJW, 2006 WL 3848949 at *4 (D. Kan. Dec. 29, 2006) (USMJ) ("While Rule 54(b) does not provide a deadline or time by which a party may seek an entry of final judgment… Defendants' Motion for Rule 54(b) Judgment, filed ten months after the entry of the adjudication to which it relates, is too long of a delay and further justifies denial of the motion."); *Frazier v. Turning Stone Casino,* No. 5:02-CV-131-FJS/GJD, 2005 WL 2033483, at *3 (N.D.N.Y. 2005) ("Plaintiffs' Rule 54(b) motion is untimely…. Plaintiffs' failure to move in a reasonable time for an entry of judgment undercuts any argument that they might have that they will suffer a hardship or injustice if the Court denies their motion."); *Bank of New York v. Hoyt*, 108 F.R.D. 184, 185-86 (D.R.I. 1985) ("the longer an aggrieved party waits after receiving notice of the court's ruling, the less likely it will be—in the typical case—

that he can persuade the nisi prius court that there is, in the language of the rule, 'no just reason for delay.'").

Rather than bringing a Rule 54(b) motion immediately after the August 3, 2018 order was issued, Chipotle sought to bypass this Court and appeal the decision by incorrectly characterizing it as a "final order" subject to immediate appeal. *See* Docketing Statement (08/29/2018) [Doc. No. 010110044982 at 2] ("The order here is final."). Plaintiffs' counsel specifically raised the issue of whether the Tenth Circuit had jurisdiction to hear the appeal, based on *E.E.O.C. v. PJ Utah, LLC,* 822 F.3d 536 (10th Cir. 2016), but Chipotle refused to withdraw it, so Plaintiffs' counsel moved to dismiss the appeal. Rather than seek judgment under Rule 54(b) at that point, Chipotle instead petitioned this Court for a stay of its August 3, 2018 order pending the outcome of the appeal, which this Court immediately granted on September 4, 2018. (Dkt. No. 199). This effectively froze the claims of the 2,800 Arbitration Opt-Ins—including fifty claimants who had already initiated arbitration individually and submitted their claims to JAMS—until Chipotle's appeal was resolved.

Chipotle obviously recognized the defect since, as part of its opposition to the motion, it requested leave from the Tenth Circuit to come back to this Court to seek an order under Rule 54(b). *See* Opposition to Plaintiff-Appellees' Motion to Dismiss Appeal for Lack of Appellate Jurisdiction or, in the alternative, Motion

to Obtain Fed. R. Civ. P. 54(b) Certification (09/13/2018) [App. Ct. Doc. No. 010110052623 at 21].[4] After weeks of briefing, the Tenth Circuit granted Plaintiffs' motion to dismiss the appeal and denied Chipotle's request. *See* Order dated 10/01/2018 (ECF No. 200) [Doc. 010110061757 at 4]. At no time during this two-and-a-half-month process did Chipotle actually seek a Rule 54(b) certification from this Court.

Chipotle finally brought this motion more than two months after the Court's August 3, 2018 Order, six weeks after the Plaintiffs filed their motion to dismiss Chipotle's appeal, and a month after Chipotle's unsuccessful motion to the Tenth Circuit. While this is not as long as in some other cases where Rule 54(b) motions were denied on the basis of delay, Chipotle waited as long as it reasonably could before making its request.[5] All the while, individual arbitrations

---

[4] Chipotle is correct that the Tenth Circuit has a well-established practice, *when appropriate*, of providing an appellant time—typically 30 days—to avoid dismissal of its appeal on a judgment or order that is not final by submitting to the Court of Appeals a copy an order from the district court granting certification under Rule 54(b). *See, e.g. Waltman v. Georgia-Pac., LLC*, 590 Fed. Appx. 799, 803 (10th Cir. 2014) (not selected for publication); *Derringer v. Chapel*, 98 Fed. Appx. 728, 738 (10th Cir. 2004) (not selected for publication). Here, the Tenth Circuit's denial of Chipotle's express request for time to obtain the District Court's Rule 54(b) certification suggests that such certification is not appropriate in this case.

[5] Indeed, the timing of Chipotle's motion appears to have been dictated by a deadline imposed by JAMS relating to a request by the 50 Arbitration Opt-ins who filed individual proceedings to lift a stay on their proceedings that had been put in place as a result of the Court's September 4, 2018 stay order. Although the Court lifted the stay on October 2, 2018, JAMS has yet to do the same.

filed by 50 Arbitration Opt-ins have been on hold. Given this deliberate delay on Chipotle's part, its motion should be denied.

## CONCLUSION

Chipotle's motion runs directly contrary to the policy behind Rule 54(b). As the Tenth Circuit has observed, the primary purpose of the rule is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim…" *Oklahoma Tpk.*, 259 F.3d at 1241 (citing Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2654 at 33 (1982)). The "injustice of a delay" is the injustice that would result from a claim that would be effectively stuck at the district court until the remainder of the case is resolved. *See id; Sears, Roebuck & Co.*, 351 U.S. 427, 432-436 (discussing the development of Rule 54(b) and the situations it was meant to ameliorate). This case presents the opposite situation: as Chipotle notes, the Arbitration Opt-Ins are not stuck in this Court but are free to pursue their claims in arbitration. It is Chipotle that seeks to delay rather than expedite these claims. *See, e.g., Adams v. Merrill Lynch, Pierce, Fenner & Smith,* 888 F.2d 696, 698 (10th Cir. 1989) (district court refused to certify order compelling arbitration for appeal). That is an improper use of Rule 54(b) and therefore Chipotle's motion should be denied.

Respectfully submitted this 23rd day of October 2018.

        */s/ Andrew C. Quisenberry*
**BACHUS & SCHANKER, LLC**
Darin L. Schanker
Andrew C. Quisenberry
1899 Wynkoop Street, STE 700
Denver, CO 80202
Tel: 303.893.9800
dschanker@coloradolaw.net
andrew.quisenberry@coloradolaw.net

**HINKLE SHANOR LLP**
Thomas M. Hnasko
Michael E. Jacobs
Julie A. Sakura
P.O. Box 2068
Santa Fe, NM 87504
Tel: 505.982.4554
thnasko@hinklelawfirm.com
mjacobs@hinklelawfirm.com
jsakura@hinklelawfirm.com

**WILLIAMS LAW FIRM**
Kent M. Williams,
1632 Homestead Trail
Long Lake, MN 55356
Tel: 615.940.4452
williamslawmn@gmail.com

**LAW OFFICE OF ADAM S. LEVY, LLC**
Adam S. Levy
P.O. Box 88
Oreland, PA 19074
Tel: 267.994.6952
adamslevy@comcast.net

**GIEBEL AND ASSOCIATES, LLC**
Kevin E. Giebel
P.O. Box 414

Lake Elmo, MN 55042
Tel: 651.236.0729
kgiebel@ggwklaw.com

**KIRBY MCINERNEY LLP**
Robert J. Gralewski, Jr.,
600 B Street, Suite 1900
San Diego, CA 92101
Tel: 619.398.4340
bgralewski@kmllp.com

*ATTORNEYS FOR NAMED AND OPT-IN PLAINTIFFS*

17

Case 1:14-cv-02612-JLK Document 205 Filed 10/23/18 USDC Colorado Page 18 of 18

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October 2018, a true and correct copy of the foregoing **Opposition to Defendant's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b)** was electronically filed and served via CM/ECF system, which will send notification of such filing to all counsel of record.

**MESSNER REEVES LLP**
John K. Shunk
Allison J. Dodd
Adam M. Royval
Kendra N. Beckwith
Thomas R. Blackburn
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Tel: 303-623-1800
jshunk@messner.com
adodd@messner.com
aroyval@messner.com
kbeckwith@messner.com
tblackburn@messner.com

**SHEPPARD MULLING RICHTER & HAMPTON LLP**
Richard J. Simmons (pro hac vice)
333 South Hope Street
Forty-Third Floor
Los Angeles, CA 90071
rsimmons@sheppard mullin.com

*Attorneys for Defendant*

                                        */s/ Andrew C. Quisenberry*
                                        Andrew C. Quisenberry