**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.    1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S
MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

---

Defendant Chipotle Mexican Grill, Inc. (Chipotle), through its undersigned counsel, respectfully states as follows in support of its Motion for Entry of Judgment (Motion), pursuant to Federal Rule of Civil Procedure 54(b):

## INTRODUCTION

Chipotle asks the Court to enter final judgment with respect to its order dismissing the Arbitration Opt-Ins from this lawsuit and denying Chipotle's request that Plaintiffs' counsel be precluded from representing the Arbitration Opt-Ins in future proceedings against Chipotle. (*See* Dkt. 187 (Dismissal Order).) The Named Plaintiffs and the remaining Opt-In Plaintiffs (collectively Plaintiffs) are unaffected by the Dismissal Order,

both in form and substance. In fact, an appeal of the Dismissal Order will have no bearing on this litigation or the continued prosecution of these Plaintiffs' claims. Nonetheless, Plaintiffs—or, rather, Plaintiffs' counsel—object to the requested relief. Plaintiffs' arguments are unsupported by law or fact and ignore the most salient point: without the entry of final judgment Chipotle will, for all intents and purposes, lose the fundamental right to meaningful appellate review.

The Dismissal Order, which concludes the litigation for a portion of the parties involved (*i.e.*, the Arbitration Opt-Ins), is suitable for Rule 54(b) certification because it is final. Plaintiffs do not claim otherwise. There is no just reason to delay entry of final judgment because the issues resolved in the Dismissal Order are distinct from the issues pending in the lawsuit, there is no risk of duplicate appeals in the future, and Chipotle would be significantly prejudiced if deprived of the opportunity to appeal the Dismissal Order. As such, the Court should grant Chipotle's Motion.

## **ARGUMENT**

**I. THE DISMISSAL ORDER IS FINAL AND THERE IS NO RISK OF SUBSEQUENT APPEALS.**

The "primary concern" under Rule 54(b) is whether the Dismissal Order is "final." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). This means the Dismissal Order must be "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Plaintiffs do not meaningfully dispute that the Dismissal Order is "final"—they do not dispute that it

dismissed the Arbitration Opt-Ins from this lawsuit and ultimately disposed of their claims in this forum. (*See* Dkt. 202 at 5-6; *see generally* Dkt. 205.)

Instead, they manufacture a strawman argument concerning the order Chipotle intends to appeal. Specifically, Plaintiffs allege that Chipotle's intended appeal will concern review of the Court's August 2015 Order granting conditional certification such that its Rule 54(b) request (apparently implicitly) encompasses both that order and the Dismissal Order. (Dkt. 205 at 7.) As a result, Plaintiffs posit that "overlapping and piecemeal appeals [are] a virtual certainty" and entry of judgment as to the Dismissal Order is inappropriate. (Dkt. 205 at 7.) Plaintiffs' argument is not based in fact, however.

Chipotle's Motion does not even mention the Court's August 2015 Order, and Plaintiffs do not claim otherwise. (*See generally* Dkt. 202.) Chipotle's intended appeal concerns solely whether the enforcement of the arbitration agreement was properly delayed until after the Arbitration Opt-Ins were invited to participate in this collective, *i.e.*, whether notice was properly sent to them.[1] It does not concern whether the collective was properly certified or the applicable certification standard, as Plaintiffs attempt to suggest. Chipotle's identified error implicates the decision to delay enforcement of the arbitration agreements until *after* the opt-in process and seeks as a remedy restoration of the status quo. (*See* Docketing Statement, Doc. 010110044982 at 6.) Plaintiffs cannot change the scope of Chipotle's intended appeal to fit their own self-interest simply to defeat Chipotle's request for entry of judgment pursuant to Rule 54(b).

---

[1] Chipotle reserves its right to appeal the August 2015 order at the appropriate juncture.

In an apparent attempt to avoid this obvious fact, Plaintiffs rely on Chipotle's Petition for Writ of Mandamus (Petition), dated January 26, 2017. (*See* Dkt. 205 at 8.) They claim that the Tenth Circuit "would be faced with repetitious appeals" if Chipotle's appeal raises the same issues as the Petition—namely, (a) whether members of the collective are similarly situated; (b) the propriety of employee classifications; and (c) the ability of arbitration agreement signatories to participate in the collective. (*Id.*) Plaintiffs' position is inexplicable. Chipotle's Motion asks the Court to enter final judgment with respect to the Dismissal Order, and *only* the Dismissal Order. (*See generally* Dkt. 202.) The first two grounds for Chipotle's Petition are not even remotely addressed in the Dismissal Order and should not be considered by the Court in resolving Chipotle's Motion.

To the extent the third issue was settled in the Dismissal Order, it is unique to the Arbitration Opt-Ins and cannot be the subject of future appeals. Plaintiffs did not sign arbitration agreements, nor has Chipotle moved to disqualify Plaintiffs' counsel from representing them. As such, if any appeal is ever taken from the August 2015 Order, the issues raised will necessarily be distinct and separable from those raised in the Dismissal Order. (*See also* Dkt. 202 at 8-9.) Plaintiffs' arguments to the contrary are without merit and should be rejected.

## II.     THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT.

Resolution of Chipotle's Motion requires the Court to "act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying the appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). As explained above and in the Motion, there is no

4

risk of piecemeal appeals in this case. However, Chipotle is not required to establish prejudice in order for this Court to enter a final judgment, as Plaintiffs suggest. Rule 54(b) does not mandate a finding of prejudice, and Plaintiffs cite no authority to the contrary. *See, e.g., Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, Civ. Case No. 07-cv-0039-LTB-BNB, 2008 WL 410417, at *3 (D. Colo. Feb. 12, 2008) (finding no just reason for delay even in the absence of prejudice to moving party).

In any event, it is simply not true that "Chipotle has not identified any recognizable prejudice that it might suffer from waiting to appeal in the normal course." (Dkt. 205 at 10.) To the contrary, delaying the appeal of the Dismissal Order until the conclusion of this litigation will render appellate review meaningless as the arbitration proceedings which Plaintiffs' counsel have already initiated will long be complete and unreviewable.[2] (Dkt. 202 at 9; *see also* Dkt. 198 at 7-9; Defendant Chipotle Mexican Grill, Inc.'s Reply in Support of its Motion to Reinstate Stay [Dkt. 198] and Defer Ruling on Notice to Arbitration Opt-Ins [Dkts. 196 & 197] Until Resolution of Pending Rule 54(b) Motion at 16-18.)

In response, Plaintiffs liken the Dismissal Order to a typical order declining to disqualify counsel, which it is not. (*See* Dkt. 205 at 10.) Relying on *Firestone Tire & Rubber Company v. Risjord*, 449 U.S. 368, 378 (1981), Plaintiffs argue that any error in allowing Plaintiffs' counsel to represent the Arbitration Opt-Ins "would have no greater

---

[2] Plaintiffs misunderstand the degree of potential prejudice. Chipotle would not merely have to wait until the conclusion of the arbitration proceedings to appeal the Dismissal Order. (*See* Dkt. 205 at 11.) It would have to wait until the conclusion of this lawsuit, which, after more than four years, is still in the relatively early stages.

consequence than any other error[.]" (Dkt. 205 at 11.) Plaintiffs are wrong. In this case, Chipotle faces the loss of its appellate rights, as well as the benefit of its bargain for individualized arbitrations, all while Plaintiffs' counsel benefits at Chipotle's expense. *See Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1623 (2018) (recognizing courts may not "reshape traditional individualized arbitration by mandating classwide procedures without the parties' consent"); (*see also* Dkt. 186 at 8.)

Moreover, a number of courts have recognized that *Firestone*'s holding is "fact-specific," and therefore not applicable in all circumstances. *Dougherty v. Philadelphia Newspapers, LLC*, 85 A.3d 1082, 1086 n.3 (Pa. Super. 2014); *see United States v. Archer-Daniels-Midland Co.*, 785 F.2d 206, 210-11 (8th Cir. 1986) (finding *Firestone* "qualitatively different"); *Unified Sewage Agency of Wash. Cnty., Or. v. Jelco Inc.*, 646 F.2d 1339, 1344 n.2 (9th Cir. 1981) (distinguishing *Firestone*); *Estate of Markheim ex rel. Shumway v. Markheim*, 2008 ME 138, ¶ 20 n.3 (declining to extend *Firestone* reasoning based on "sufficiently concrete" allegations of irreparable loss). Unlike in *Firestone*, Chipotle has identified a "concrete example" of the prejudice it faces, which cannot be undone, or even adequately addressed, at the end of this litigation. 449 U.S. at 378.

In sum, due to the unique issues addressed in the Dismissal Order, there is no risk of similar, subsequent appeals. Nor will entry of final judgment prejudice the Named Plaintiffs and remaining opt-ins, whose claims are not implicated by the Dismissal Order such that they may continue to prosecute their collective action, or the Arbitration Opt-Ins, whose participation in this lawsuit has been conclusively resolved. Chipotle, on the other hand, will effectively lose any opportunity to meaningfully challenge Plaintiffs' counsel's

continued representation of the Arbitration Opt-Ins if the appellate process is delayed. Therefore, there is no just reason to delay the entry of final judgment.

## III. CHIPOTLE DID NOT UNREASONABLY DELAY ITS RULE 54(b) REQUEST.

Plaintiffs' reliance on Chipotle's initial appeal to the Tenth Circuit as a reason to delay entering final judgment as to the Dismissal Order fails for two reasons. (*See* Dkt. 205 at 11-14.) First, Plaintiffs mischaracterize the purported delay that has occurred here. Chipotle filed its notice of appeal from the Dismissal Order on August 15, 2018—well in advance of the applicable 30-day deadline. *See* Fed. R. App. P. 4(a). From the moment that notice of appeal was filed, until the Tenth Circuit dismissed the appeal, this Court lacked jurisdiction to do *anything* with regards to the Dismissal Order, including to certify it as final. *See McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) ("[W]hen a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal.") (internal quotations omitted).

Thus, in truth, the delay between the Dismissal Order and Chipotle's request to certify it as final under Rule 54(b) is twenty-three days, or less than a month. Indeed, Plaintiffs concede that time frame is far distinguishable from the delay found in the cases on which Plaintiffs rely, and their argument should be rejected on this ground alone. (*See* Doc. 205 at 14) (noting time between Dismissal Order and Rule 54(b) request "not as long as in some other cases where Rule 54(b) motions were denied on the basis of delay").)

Second, Plaintiffs' efforts to ascribe some malicious or ill intent to Chipotle's filing of its first appeal is not only irrelevant to this Court's analysis under Rule 54(b), but

7

groundless in any event. Plaintiffs provide no legal authority—nor does any exist—that would permit this Court to punish a party for attempting, in good faith, to appeal an order as final. As recognized by the Tenth Circuit, the crux of Chipotle's argument relied on an open question of law, set forth in *E.E.O.C. v. PJ Utah, LLC*, 822 F.3d 536, 542 (10th Cir. 2016), as to the collateral order doctrine's applicability to the Federal Arbitration Act. (*See* Dkt. 200 at 3 ("This circuit has not decided whether the collateral order doctrine supplements our jurisdictional authority to consider otherwise nonfinal orders in the arbitration context[.]").) Although the Tenth Circuit declined to extend the doctrine in this case, it denied Plaintiffs' request for sanctions, which were based on the contention that Chipotle's appeal was frivolous. (*Id.*; *see* Mot. to Dismiss at 8.) There is accordingly no record support for Plaintiffs' characterization of Chipotle's appeal as anything other than in good faith.

### IV. THE TENTH CIRCUIT'S DECISION DOES NOT PROVIDE A BASIS ON WHICH TO DENY CHIPOTLE'S REQUEST FOR ENTRY OF JUDGMENT.

Finally, nothing in the Tenth Circuit's dismissal of Chipotle's original appeal supports a *per se* denial of Chipotle's Rule 54(b) request now. Plaintiffs claim that the Tenth Circuit's decision to not permit Chipotle leave to seek entry of judgment "suggests that such certification is not appropriate in this case." (Dkt. 205 at 14, n.4.) The Tenth Circuit made no such suggestion. Instead, it stated only that "Chipotle's alternative request for relief – to return to the district court to seek certification under Federal Rule of Civil Procedure 54(b) – is denied." (Dkt. 200 at 4.) To extrapolate from that single line of text any conclusion as to how this Court should resolve Chipotle's Motion would be an exercise

in speculation. It would also deprive this Court of the singular discretion it enjoys in the Rule 54(b) process. *See Mackey*, 351 U.S. at 435 (The district court "is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal."). At most, the Tenth Circuit simply declined to exercise its discretion to remand the case, a decision (or non-decision) which Plaintiffs have failed to show has any bearing on this Court's resolution of this Motion.

## **CONCLUSION**

For the reasons set forth above and in its Motion, Chipotle respectfully requests this Court should certify the Dismissal Order as final and appealable and direct entry of judgment pursuant to Fed. R. Civ. P. 54(b).

Dated: October 31, 2018

                Respectfully Submitted,

                MESSNER REEVES LLP

                *s/ Kendra N. Beckwith*
                John K. Shunk, #16204
                Allison J. Dodd, #43835
                Adam M. Royval, #43836
                Kendra N. Beckwith, #40154
                Thomas R. Blackburn, #41136
                1430 Wynkoop Street, Suite 300
                Denver, Colorado 80202
                Telephone:  (303) 623-1800
                E-mail: jshunk@messner.com
                E-mail: adodd@messner.com

        E-mail: aroyval@messner.com
        E-mail: kbeckwith@messner.com
        E-mail: tblackburn@messner.com

        SHEPPARD MULLIN RICHTER & HAMPTON LLP
        Richard J. Simmons
        333 South Hope Street
        Forty-Third Floor
        Los Angeles, California 90071
        rsimmons@sheppardmullin.com

        ***Attorneys for Defendant, Chipotle Mexican Grill, Inc.***

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, I electronically filed and served the foregoing **REPLY IN SUPPORT OF DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)** via the CM/ECF system, which will send notification of such filing to all counsel of record:

**Adam Seth Levy** (adamslevy@comcast.net)

**Andrew Curry Quisenberry** (andrew.quisenberry@coloradolaw.net)

**Darin Lee Schanker** (dschanker@coloradolaw.net)

**Julie A. Sakura** (jsakura@hinklelawfirm.com)

**Kent Morgan Williams** (williamslawmn@gmail.com)

**Kevin Edward Giebel** (kgiebel@ggwklaw.com)

**Michael Edmund Jacobs** (mjacobs@hinklelawfirm.com)

**Thomas Mark Hnasko** (thnasko@hinklelawfirm.com)

*s/ Kendra N. Beckwith*
Kendra N. Beckwith