**Exhibit C**



# NOTICE OF INTENT TO INITIATE ARBITRATION

November 9, 2018

RE: ▓▓▓▓▓▓▓▓ / Chipotle Mexican Grill, Inc.
    Reference #: 1▓▓▓▓▓▓7
    Sent Email and U.S. Mail

Dear Parties:

JAMS has received a Demand for Arbitration in the above-referenced matter pursuant to a mandatory pre-dispute arbitration clause contained in a contract between the parties.

Pursuant to the parties' pre-dispute arbitration agreement and JAMS policy, this arbitration shall be conducted in accordance with the JAMS Employment Arbitration Rules and Procedures. It is important to familiarize yourself with the arbitration rules. A copy of these rules can be obtained by visiting our website at www.jamsadr.com.

The Claimant has submitted $400.00 of the Filing Fee. Under the enclosed JAMS Policy on Employment Arbitration Minimum Standards, the Respondent must pay the remaining $1,100 of the Filing Fee.

Upon receipt of the remaining Filing Fees from Respondent, JAMS will formally commence this matter and proceed with the arbitrator selection process.

Contact me at 612-332-8225 or dlewis@jamsadr.com if you have questions.

Sincerely,

*Debra Lewis*
Debra Lewis
Senior Case Manager

# SERVICE LIST

| | | | |
|---|---|---|---|
| **Case Name:** | ▓▓▓▓ vs. Chipotle Mexican Grill, Inc. | **Hear Type:** | Arbitration |
| **Reference #:** | 1▓▓▓▓▓▓▓7 | **Case Type:** | Employment |
| **Panelist:** | 1-JAMS, JAMS, | | |

## Williams Law Firm

Kent M. Williams
1632 Homestead Trail
Long Lake, MN  55356
williamslawmn@gmail.com

Claimant
Phone: 763-473-1383
Fax: 651-639-1551

**Party Represented:**
Carter Hince

## Messner Reeves, LLP

John K. Shunk
1430 Wynkoop St.
Suite 300
Denver, CO  80202
jshunk@messner.com
Assistant's Email: jmontoya@messner.com

Respondent
Phone: 303-623-1800
Fax: 303-623-0552

**Party Represented:**
Chipotle Mexican Grill, Inc.

Thomas R. Blackburn
1430 Wynkoop St.
Suite 300
Denver, CO  80202
tblackburn@messner.com

Respondent
Phone: 303-623-1800
Fax: 303-623-0552

**Party Represented:**
Chipotle Mexican Grill, Inc.

Kendra N. Beckwith
1430 Wynkoop St.
Suite 300
Denver, CO  80202
kbeckwith@messner.com

Respondent
Phone: 303-623-1800
Fax: 303-623-0552

**Party Represented:**
Chipotle Mexican Grill, Inc.



## Policy on Employment Arbitration Minimum Standards of Procedural Fairness

**JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness**

*Effective July 15, 2009*

Download JAMS Employment Arbitration Minimum Standards in PDF Format 

This document presents the principles and policies of JAMS on the use of arbitration for resolving employment-related disputes. These policies include the Minimum Standards of Procedural Fairness, which apply to arbitrations based on pre-dispute agreements that are required as a condition of employment. JAMS will administer mandatory arbitrations in employment cases only if the arbitration provision complies with JAMS Minimum Standards.

JAMS continues to urge employers and employees to use, at the earliest point possible, mediation and other ADR processes that encourage consensual resolution of disputes in a fair, affordable and efficient manner. We also recommend that employers consult with counsel when considering, drafting or implementing pre-dispute arbitration clauses that relate to statutory employment claims.

### A. Preference for Mediation and Voluntary Arbitration

JAMS encourages the use of mediation and of voluntary arbitration that is not a condition of initial or continued employment. JAMS does not take a position on the enforceability of condition-of-employment arbitration clauses, but it monitors developments in courts, legislatures and regulatory agencies concerning the enforceability of the clauses. If courts rule definitively that such clauses are unenforceable, or if laws or regulations proscribe their use, JAMS will comply with the rulings or laws in the applicable cases or jurisdictions. Absent such proscriptions, JAMS accepts arbitration assignments based on condition-of-employment clauses (provided the Minimum Standards are met) but does not encourage the use of such clauses.

### B. Minimum Standards of Procedural Fairness

If an arbitration is based on a clause or agreement that is required as a condition of employment, JAMS will accept the assignment only if the proceeding complies with the Minimum Standards of Procedural Fairness for Employment Arbitration.

### Standard No. 1: All Remedies Available

All remedies that would be available under the applicable law in a court proceeding, including attorneys fees and exemplary damages, as well as statutes of limitations, must remain available in the arbitration. Post-arbitration remedies, if any, must remain available to an employee.

*Comment:* This standard does not make any change in the remedies available. Its purpose is to ensure that the remedies available in arbitrations and court proceedings are the same. JAMS does not object if an employer chooses to limit its own post-arbitration remedies.

### Standard No. 2: Arbitrator Neutrality

The arbitrator(s) must be neutral, and an employee must have the right to participate in the selection of the arbitrator(s).

### Standard No. 3: Representation by Counsel

The agreement or clause must provide that an employee has the right to be represented by counsel. Nothing in the clause or procedures may discourage the use of counsel.

### Standard No. 4: Access to Information/Discovery

The procedures must provide for an exchange of core information prior to the arbitration.

*Comment:* Generally, this discovery should include at least (a) exchange of relevant documents, (b) identification of witnesses and (c) one deposition for each side, i.e., of the employee and of a supervisor or other decision-maker of the employer. Other discovery should be available at the arbitrator's discretion.

### Standard No. 5: Presentation of Evidence

At the arbitration hearing, both the employee and the employer must have the right to (a) present proof, through testimony and documentary evidence, and (b) cross-examine witnesses.

---

**Why JAMS?**

JAMS mediators and arbitrato resolve cases ranging in size complexity, typically achieving efficiently and cost effectively t litigation. JAMS neutrals are s alternative dispute resolution processes including mediatic special master, discovery refe neutral, and dispute review bc

Contact Us

Submit a Case

**Employment Rules & Proced**

Complete List of Rules &

Employment Clauses

**JAMS Employment Practice**

Employment Practice Bro

---

### Standard No. 6: Costs and Location Must Not Preclude Access to Arbitration

An employee's access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration. The only fee that an employee may be required to pay is JAMS' initial Case Management Fee. All other costs must be borne by the company, including any additional JAMS Case Management Fee and all professional fees for the arbitrator's services. In California, the arbitration provision may not require an employee who does not prevail to pay the fees and costs incurred by the opposing party.

*Comment:* JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses.

### Standard No. 7: Mutuality

JAMS will not administer arbitrations pursuant to clauses that lack mutuality. Both the employer and the employee must have the same obligation (either to arbitrate or go to court) with respect to the same kinds of claims.

### Standard No. 8: Written Awards

An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based.

\* \* \*

If JAMS becomes aware that an arbitration clause or procedure does not comply with the Minimum Standards, it will notify the employer of the Minimum Standards and inform the employer that the arbitration demand will not be accepted unless there is full compliance with those standards. In assessing whether the standards are met and whether to accept the arbitration assignment, JAMS, as the ADR provider, will limit its inquiry to a facial review of the clause or procedure. If a factual inquiry is required, for example, to determine compliance with Minimum Standards, it must be conducted by an arbitrator or court.

### C. Questions about Enforcement and Arbitrability

If a party contests the enforceability of a pre-dispute arbitration agreement that was required as a condition of employment, and if compliance with the Minimum Standards is in question, JAMS will, if given notice of the dispute, defer administering the arbitration for a reasonable period of time to allow the contesting party to seek a judicial ruling on the issue. JAMS will comply with that judicial determination. If there is no judicial determination within a reasonable period of time, JAMS will resolve questions of arbitrability under the applicable JAMS Arbitration Rules and Procedures for Employment Disputes.

### D. Other

Parties to an employment arbitration may choose to follow the Arbitration Rules and Procedures for Employment Disputes that were developed by JAMS. These Rules and Procedures exceed the Minimum Standards by providing further procedural protections, including additional discovery and an optional appeal process, to all parties in an employment arbitration.

JAMS is committed to ensuring that all staff who work on employment-related dispute resolution issues are aware of these principles and policies. Internal controls are used to ensure knowledge and compliance by the staff, and to ensure that the company's marketing activities in the employment area do not give rise to any actual or perceived conflict of interest on the part of JAMS or its neutrals.

*Note: These Minimum Standards do not apply if the agreement to arbitrate was individually negotiated by the employee and employer, or if the employee was represented or advised by counsel during the negotiations.*

(c) Copyright 2009 JAMS. All rights reserved.

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: ▮▮▮▮▮▮▮ / Chipotle Mexican Grill, Inc.
Reference No. 1▮▮▮▮▮▮▮7

I, Mandy Foster, not a party to the within action, hereby declare that on November 9, 2018, I served the attached Notice of Intent on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Minneapolis, MINNESOTA, addressed as follows:

| | |
|---|---|
| Kent M. Williams Esq.<br>Williams Law Firm<br>1632 Homestead Trail<br>Long Lake, MN  55356<br>Phone: 763-473-1383<br>williamslawmn@gmail.com<br>    Parties Represented:<br>    Carter Hince | Ms. Kendra N. Beckwith<br>John K. Shunk Esq.<br>Mr. Thomas R. Blackburn<br>Messner Reeves, LLP<br>1430 Wynkoop St.<br>Suite 300<br>Denver, CO  80202<br>Phone: 303-623-1800<br>kbeckwith@messner.com<br>jshunk@messner.com<br>tblackburn@messner.com<br>    Parties Represented:<br>    Chipotle Mexican Grill, Inc. |

I declare under penalty of perjury the foregoing to be true and correct. Executed at Minneapolis, MINNESOTA on November 9, 2018.

*/s/ Amanda J. Foster*

Mandy Foster
AFoster@jamsadr.com