IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO,

Individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B) (ECF NO. 202) AND MOTION TO REINSTATE STAY (ECF NO. 203)**

Kane, J.

Before me are Chipotle Mexican Grill, Inc.'s ("Chipotle") Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) ("Rule 54(b) Motion"), ECF No. 202, and Chipotle's Motion to Reinstate Stay, ECF No. 203.  I have reviewed the motions and the responses and replies thereto. For the reasons that follow, Chipotle's Rule 54(b) Motion (ECF No. 202) and Motion to Reinstate Stay (ECF No. 203) are DENIED.

*Background*

On August 3, 2018, I dismissed from this collective action approximately 2,800 Arbitration Plaintiffs because I determined they were subject to a mandatory arbitration agreement that barred them from pursuing their wage claims in court.  *See* Order Granting

Defendant's Motion to Dismiss Opt-In Plaintiffs Bound by Chipotle's Arbitration Agreement ("Dismissal Order"), ECF No. 187. In granting Chipotle's Motion to Dismiss, I declined to grant its additional request to disqualify Plaintiffs' counsel from representing the dismissed Arbitration Plaintiffs in any future proceedings. *See id.* at 14-15. Dissatisfied with my refusal to involve the court in the private arbitration proceedings of the dismissed plaintiffs, Chipotle appealed my August 3, 2018 Dismissal Order. The Tenth Circuit granted Plaintiffs' motion to dismiss the appeal for lack of appellate jurisdiction and denied Chipotle's alternative request to return to this court to seek certification under Rule 54(b). *See* Order Dismissing Appeal at 3-4, Appeal No. 18-1320 (10th Cir. Oct. 1, 2018), ECF No. 200. Now, because Chipotle had never sought an entry of final judgment pursuant to Fed. R. Civ. P. 54(b) from *this* Court, it is back before me asking that I certify the Dismissal Order as a final judgement so that it may again seek appellate review of my refusal to sever the relationship between Plaintiffs' counsel and the dismissed Arbitration Plaintiffs. *See* Rule 54(b) Mot. at 10. In addition, Chipotle asks me for a "stay of all proceedings related to the Dismissal Order until any and all appellate proceedings are completed." Mot. to Reinstate Stay at 2.

*Discussion*

**A. Rule 54(b) Motion**

"Rule 54(b) certification is appropriate only if the district court determines 'that the order it is certifying is a final order' and 'that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014) (quoting *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001)). "[T]he district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from

delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

To be "final," the order must be "an ultimate disposition of an individual claim" that is "distinct and separable from the claims left unresolved." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (internal quotations omitted). Chipotle contends that my Dismissal Order is final because it disposed of the Arbitration Plaintiffs' claims. *See* Rule 54(b) Mot. at 5-6. I acknowledge that in some cases the court's dismissal of select plaintiffs' claims *may* be final if the plaintiffs have "been effectively excluded from federal court." *Amazon, Inc. v Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (internal quotations omitted). But Chipotle does not seek to appeal the dismissal of the Arbitration Plaintiffs. Its purpose is to appeal my refusal to disqualify Plaintiffs' counsel from representing dismissed parties over whom, as Chipotle notes, I lack jurisdiction. *See* Rule 54(b) Mot. at 6. Furthermore, Chipotle intends to challenge this Court's handling of the collective's formation and notification processes. *See* Docketing Statement at 6, Appeal No. 18-1320, ECF No. 202-1 (raising for appeal the issue of "[w]hether the district court erred when it delayed enforcing the arbitration agreement until after it certified the collective and permitted individuals bound by the agreement to opt-in to the collective").[1] These issues are likely, if not certain, to implicate claims that remain pending in this litigation.

And, even if the dismissed Arbitration Plaintiffs' claims are separable from those remaining before me, an entry of a final judgment is appropriate only if I "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b). The likelihood that the Tenth Circuit will have to review "the same issues more than once" is certainly a just reason.

---

[1] I note that I previously refused to certify for immediate interlocutory appeal my August 21, 2015 order permitting the collective action, and the Tenth Circuit denied Chipotle's petition for a writ of mandamus vacating the joinder of opt-in plaintiffs to the collective. *See* ECF Nos. 94 and 152.

*Stockman's Water Co.,* 425 F.3d at 1265.  Moreover, there is no indication that Chipotle will be denied an effective appeal if a final judgment is not entered now.  "The decision whether to disqualify an attorney . . . will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits."  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981).

Insisting that the matter is not about "mere disqualification," Chipotle requests "severance" to remedy an alleged violation of its contractual rights that purportedly occurred when the now dismissed Arbitration Plaintiffs received notice of the collective.  Def.'s Reply in Support of Mot. to Reinstate Stay at 14-15, ECF No. 209.  That argument does not change my analysis or convince me that certification under Rule 54(b) is appropriate.  Immediate appellate review of my disqualification determination would not materially affect or advance the ultimate resolution of this lawsuit, and Chipotle has not identified sufficient prejudice or hardship it might face because of a delay in entering final judgment.  Chipotle's requested final judgment and stay, though veiled as necessary to restore "the status quo," would only delay and frustrate arbitration proceedings initiated by the dismissed parties.  *See* Docketing Statement at 6.  Regardless of how Chipotle characterizes my disqualification determination, it can appeal the matter in normal course.

"[T]he purpose of [Rule 54(b)] is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk.*, 259 F.3d at 1242 (internal citations and quotation marks omitted).  That is not the case here, where Chipotle, the defendant, seeks to invoke Rule 54(b) for the purpose of pursuing numerous appeals on matters extraneous to the substance of the remaining plaintiffs' claims.

**B. Motion to Reinstate Stay**

Because Chipotle's Rule 54(b) Motion is denied, its accompanying request to reinstate the stay pending any and all appeals is moot. However, even if I were to enter a final judgment under Rule 54(b), the requested stay would not be warranted. In considering a request for a stay or an injunction pending appeal, the court must address the following factors: "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (per curiam). "A stay is not a matter of right," and as "[t]he party requesting a stay," Chipotle "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

First, Chipotle has not shown a likelihood of success on appeal, but merely repeats the same arguments I have previously rejected. At every step, Chipotle has challenged my handling of the collective opt-in process. It does so now despite having obtained the appropriate relief— the dismissal of individuals who were not proper parties to the collective because they were bound by the arbitration agreement. My previous rulings provided that once the collective was initially established, individuals could be challenged if their joinder proved erroneous. *See* Order Granting Mot. for Conditional Collective Action "Certification" at 16-17, ECF No. 87; Order Denying Mot. for Immediate Interlocutory Appeal at 8, ECF No. 94. That is exactly what transpired here. Chipotle challenged whether the Arbitration Plaintiffs were proper members of the collective, and after considering the parties' briefs and a timely Supreme Court decision, I agreed and dismissed them.[2] I refused to interfere with the arbitration proceedings of individuals

---

[2] Chipotle would have preferred that I refuse to allow individuals who signed an arbitration agreement to even receive notice of and opt in to the collective. But, as I told the parties when

who were dismissed from this litigation, and the Tenth Circuit has already declined to consider otherwise nonfinal orders in the arbitration context.  *See* Order Dismissing Appeal at 3.  I think it highly unlikely that the Tenth Circuit would now see fit to involve the courts in the private arbitrations of these dismissed individuals.

Regarding harm to the parties, Chipotle, as discussed above, has not demonstrated a risk of real and irreparable harm.  Although the Arbitration Plaintiffs are no longer parties to this litigation, I note that Chipotle's requested stay would further delay and obstruct their efforts to seek justice in the arbitral forum.  Indeed, granting both of Chipotle's motions would effectively halt arbitrations already initiated and withhold court notice of their dismissal from individuals who may not already be aware, all while Chipotle pursues as many appeals as possible.  Chipotle's attempts to delay and obfuscate the claims of the Arbitration Plaintiffs in both the courts and in arbitration (the forum to which it required these employees to submit) are unseemly.

Finally, a stay to allow Chipotle to challenge the Arbitration Plaintiffs' choice of counsel is not in the public interest.  Congesting the federal courts with countless appeals to prolong arbitration proceedings for numerous employees provides no benefit to the public and flouts the efficient resolution Chipotle professes to seek.

---

the existence of the arbitration agreement was raised, there were questions as to the applicability and enforceability of a mandatory arbitration clause in this context.  *See* Tr. of Mots. Hearing at 25-26 (Nov. 12, 2015), ECF No. 193.  I could not determine whether the mere existence of an arbitration agreement precluded certain individuals from pursuing their claims in court until they had joined the collective and I was able to review the parties' arguments and evolving legal precedent.

The Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 202) is, therefore, DENIED, and the accompanying Motion to Reinstate Stay (ECF No. 203) is DENIED as moot.

DATED this 20th day of November, 2018.

*John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE