## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD, JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and RUBY TSAO,

Individually and on behalf of others
similarly situated,

     Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

     Defendant.

---

## ORDER RE NOTICE TO PERSONS AFFECTED BY THE COURT'S AUGUST 3, 2018 ORDER DISMISSING ARBITRATION OPT-INS

---

Kane, J.

On August 3, 2018, I dismissed from this collective action 2,814 Arbitration Plaintiffs because I determined they were subject to a mandatory arbitration agreement that barred them from pursuing their wage claims in court. [Order Granting Defendant's Motion to Dismiss Opt-In Plaintiffs Bound by Chipotle's Arbitration Agreement ("Dismissal Order"), ECF No. 187.] In granting Chipotle's Motion to Dismiss, I declined to grant its additional request to disqualify Plaintiffs' counsel from representing the dismissed Arbitration Plaintiffs in any future proceedings.  Chipotle appealed my August 3, 2018 Dismissal Order, and the Tenth Circuit granted Plaintiffs' motion to dismiss the appeal for lack of appellate jurisdiction. [*See* ECF No. 200.] Chipotle then filed a Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF

No. 202), asking me to certify the Dismissal Order as a final judgment so that it could again seek appellate review. Chipotle also filed an accompanying Motion to Reinstate Stay (ECF No. 203), requesting a stay of all proceedings related to the Dismissal Order. I deferred the resolution of what notice, if any, should be sent to the Arbitration Opt-Ins until I ruled on Chipotle's pending motions. [*See* Minute Order Dated October 16, 2018, ECF No. 204.]

On November 20, 2018, I denied Chipotle's pending motions (ECF No. 212), and it is now appropriate to resolve the question of what notice should be sent to the persons affected by the Dismissal Order. I have reviewed the proposed notices submitted by the parties (ECF Nos. 196 and 197), and ORDER that notice be provided as specified below.

### Form of Notice

The parties disagree about the form of the notice, with Chipotle contending that any notice should be sent via first class U.S. mail. However, I agree with Plaintiffs that notice should be disseminated primarily through email. The risks of email cited by Chipotle are inapposite here, where the notice will simply inform the Arbitration Plaintiffs that they have been dismissed from this lawsuit. Email will prove more efficient and less costly than U.S. mail, and U.S. mail may be utilized to provide supplemental notice if email proves unsuccessful.[1] I also reject Chipotle's assertion that notice should be sent either by the Court or by a neutral third party administrator. I have revised the language of the notice to ensure its accuracy, and there is no reason to exacerbate the resource burdens associated with providing the kind of notice required here.

Therefore, it is ORDERED that notice substantially in the form of Appendix A be

---

[1] I do not think it necessary, as Plaintiffs propose, to provide supplemental notice via text or by telephone. The use of standard language in email or U.S. mail will help ensure uniformity and protect the integrity of the notice.

emailed to the last known email address of each dismissed Arbitration Plaintiff, with supplemental notice sent to the last known mailing address if the email address is invalid or the email is not opened within thirty (30) days of being sent.

DATED this 13th day of December, 2018.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

# APPENDIX A

*Leah Turner, et al. v. Chipotle Mexican Grill, Inc.*
United States District Court for the District of Colorado
Case No. 14-cv-02612-JLK

## NOTICE OF DISMISSAL

### PLEASE READ THIS NOTICE CAREFULLY.  YOUR LEGAL RIGHTS ARE AFFECTED.

TO:  All Opt-In Plaintiffs who executed an Arbitration Agreement in the course of employment with Chipotle

DATE: December 13, 2018

RE:  Lawsuit Filed Against Chipotle Mexican Grill, Inc. under the Fair Labor Standards Act, as well as the state laws of Colorado, Arizona, New Jersey, and California.

**Why you are receiving this notice.**

You consented to join this lawsuit and were therefore an "Opt-In Plaintiff." However, the Court has decided that as a condition of your employment with Chipotle, you executed an Arbitration Agreement in which you agreed to arbitrate any and all claims against Chipotle on an individual basis.  This notice is to inform you that you are no longer a part of this lawsuit as a result of that Arbitration Agreement.

**Current status of the lawsuit.**

On October 31, 2017, Chipotle filed a motion to dismiss 2,814 Opt-In Plaintiffs on the ground that they were not allowed to participate in the lawsuit under the terms of the Arbitration Agreements.

On August 3, 2018, the Court granted the motion to dismiss the 2,814 Opt-In Plaintiffs who signed Arbitration Agreements.  The Court's Order dismissing you from the lawsuit is enclosed with this notice for your records.

**Effect of the order of dismissal.**

By granting the motion to dismiss, the Court has removed you as a plaintiff in the lawsuit.  This means that you no longer have claims in this lawsuit and you will not be affected by the outcome of the lawsuit.

The Court has not expressed an opinion regarding the merits of Plaintiffs' claims. Chipotle continues to deny Plaintiffs' allegations and states that it has complied with the Fair Labor Standards Act and all state laws.

If you wish to pursue your claims individually in arbitration, you are entitled to do so with representation by the legal counsel of your choice. If you do wish to initiate arbitration or have any questions, you should contact your legal counsel as soon as possible to avoid having any claims be time-barred.