IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA
FORD, JOLESSA WADE, DANYA GRANADO, BRETT
CHARLES, AND RUBY TSAO Individually and On Behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**PLAINTIFFS' OBJECTIONS TO DEFENDANT CHIPOTLE MEXICAN GRILL'S FIRST SET OF INTERROGATORIES TO COLLECTIVE MEMBERS**

---

## INTRODUCTION

While the Court has allowed Chipotle Mexican Grill, Inc. ("Chipotle") to take *limited* discovery of the collective in order to determine whether opt-in plaintiffs are "similarly situated" to the named plaintiffs, *see Order re Discovery* at 3 (March 19, 2019) [Dkt. No. 218], the defendant's proposed interrogatories (Exhibit A) do not accomplish that purpose. Any discovery sent to the collective should consist of an "easily digestible" questionnaire that would elicit relevant information targeted to specific "misjoinder" theories that Chipotle intends to pursue. *See Thomas v. Kellogg Co.*, No. C13-5136, 2014 WL 4748144 (W.D. Wash. Sept. 24, 2014). Chipotle has never identified any such theories. Instead, the defendant has propounded broad contention interrogatories that will simply impose unnecessary burdens on more than seven thousand opt-in

1

plaintiffs and their counsel without materially advancing this litigation. Chipotle's ultimate goal in this exercise does not appear to be obtaining relevant discovery, but rather discouraging collective members from responding and using any non-responses as a basis to seek their dismissal. *See* Exhibit A at 1 ("Notice").

The plaintiffs set forth their specific objections to Chipotle's proposed interrogatories below. In considering those objections, the plaintiffs respectfully suggest that the Court and the parties should use this opportunity to gather relevant information from the collective in a manner that will facilitate a trial on behalf of these former Chipotle employees.

- First, the questionnaire should not impose unnecessary burdens on the collective by asking for information that Chipotle already has in its possession. *See Crawford v. Professional Transp., Inc.*, No. 3:14-cv-00018-RLY-WGH, 2015 WL 5123871 at *4 (S.D. Ind. Sept. 1, 2015) ("much of the information requested by Defendants should already be in their possession").

- Second, the questionnaire should be drafted in a way that can be easily understood by members of the collective. *Thomas*, 2014 WL 4748144 (discovery should be "easily digestible"). The questions should avoid legalese, lengthy instructions, and conventions of the legal community that would be confusing or not easily understood by lay persons (e.g., capitalization of defined terms like "You" and "Your").

- Third, in contrast to Chipotle's broad, open-ended interrogatories (*e.g.,* "If your answer is... please describe all facts that support Your answer"), the questions should be worded to elicit specific information that is useful to the parties. *See Order re Proposed Discovery Plan* at 2 (April 17, 2019) (interrogatories must provide the information necessary to inform motions for joinder).

- Finally, the questionnaire should be designed from the outset so it can be sent out and completed in a manner that will impose a minimal burden on collective members. The plaintiffs believe that the best approach would be to design a simple survey with specific questions aimed at eliciting relevant information, that would be sent via email or text message to members of the collective, and that would be answered and verified using a smartphone or personal computer. This would be far more useful—and likely lead to a far higher response rate—than Chipotle's proposed interrogatories.

## SPECIFIC OBEJCTIONS

### NOTICE

The plaintiffs object to the proposed language in the "notice" section that states: "**IF YOU DO NOT ANSWER THESE QUESTIONS, YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LAWSUIT.**" *See* Exhibit A at 1. Chipotle appears to view these interrogatories as a means of winnowing the collective not on the merits but on the basis of procedural obstacles. *See* Memorandum Opinion and Order (August 21, 2015) at 17 ("I would like to see Plaintiffs' allegations rise or fall on their merits of their off-the-clock claims, rather than as a result of procedural maneuvering, piecemeal litigation, or attrition.") [ECF No. 87]. Even if some opt-in plaintiffs do not respond, a properly designed survey will have sufficient reliability to allow a determination to be made, based on accepted statistical methodologies, whether members of this large collective are similarly situated to the named plaintiffs. *See* Committee on Science, Technology, Law Policy, and Global Affairs, REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 362 (3d ed. 2011) ("When properly designed, executed, and described, surveys (1) economically present the characteristics of a large group respondents or other units and (2) permit an assessment

of the extent to which the measured respondents or other units are likely to adequately represent a relevant group of individuals or other units."). However, any decision regarding consequences that might flow from a failure to respond should wait until the results of the questionnaire are known.

**INSTRUCTIONS and DEFINITIONS**

As stated above, the questionnaire should be simple enough so that these sections are unnecessary. To the extent instructions or definitions are required, they can be built into the individual questions (as illustrated below).

**INTERROGATORY NO. 1: Do You believe You worked off the clock while employed at Chipotle? ... If your answer is yes, please describe all facts that support Your answer.**

By virtue of opting in to this litigation, members of the collective have already indicated that they believe they worked off the clock while employed at Chipotle. This question, as formulated, therefore does not ask for information that the parties do not already possess. The second part is a contention interrogatory that—like others asking for "all facts that support Your answer"—will not elicit useful responses since it does not identify *which facts* Chipotle might consider to be important. (Indeed, Chipotle has never identified which variables might result in collective members not being "similarly situated.")

Rather than have each member of the collective guess at what facts are being requested, the plaintiffs suggest that a more useful approach, as part of a questionnaire sent via email or text message, would involve the following questions:

> *Did you work off the clock as a Chipotle crew member?* [yes/no]
>
> [If yes] *To the best of your recollection, how many hours did you work off the clock on average each week?*

4

If Chipotle can explain the relevance of any additional details (*e.g.*, the "type" of off-the-clock work done), that information should be collected in a uniform manner by presenting check boxes or drop-down menus as part of the questionnaire so that that specific information is obtained.

**INTERROGATORY NO. 2: Did You report Your alleged off-the-clock work to Chipotle? ... If your answer is yes, please describe all facts that support Your answer.**

Chipotle has not identified the relevance of this question to any misjoinder theories it might pursue. Moreover, this contention interrogatory does not clearly identify what kinds of facts would be relevant if the opt-in had reported his or her off-the-clock work to someone at the company. If Chipotle can identify why this information is needed, the plaintiffs suggest that the following question would be more useful:

> *Please identify anyone to whom you reported your off-the-clock work (select one or more):* [followed by a list or drop-down menu identify options such as, e.g., manager/assistant manager/other crew member/Respectful Workplace hotline/other].

**INTERROGATORY NO. 3: Do You believe You were paid regular wages for Your off-the-clock work? ... If your answer is no, please describe all facts that support Your answer.**

**INTERROGATORY NO. 4: Do You believe You were paid overtime wages for Your off-the-clock work? ... If your answer is no, please describe all facts that support Your answer.**

First, if Chipotle has information that it has paid any particular plaintiff for off-the-clock work, it should identify those individuals immediately, and produce any relevant documents. Second, it is unclear whether the questions are asking for a rate of pay for the off-the-clock work (*i.e.*, whether it was payable as "regular" or "overtime" pay), or if they are asking whether the plaintiff ended up getting paid as part of a settlement.

A simpler and more readily digestible question would simple ask:

> *Do you believe Chipotle eventually paid you for all of your off-the-clock work?* [yes/no]

If the answer is "yes," then the outcome would be obvious. If the answer is "no", and if Chipotle contends otherwise, it can provide any information about payments it might have made to the collective member for off-the-clock work. That information can be compared to the information obtained regarding hours worked off-the-clock to determine whether the claimant is owed anything more.

**INTERROGATORY NO. 5: Please state the name and title of any Chipotle employee You believe directed You to work off the clock.**

Chipotle has not identified the relevance of this question to any misjoinder theories it might pursue. If the defendant can identify why this information is needed, the plaintiffs suggest that the following wording would be more useful:

> *Please state the name and position of any Chipotle employee who directed you to work off the clock. If you do not recall the name of the individual, please provide the position of the Chipotle employee.*

**INTERROGATORY NO. 6: For each position at Chipotle in which You claim You were not paid regular and/or overtime wages for off-the-clock work, please state: (a) Your position; (b) the Chipotle location at which You worked (including store name or number); and (c) Your dates of employment.**

It is beyond serious dispute that Chipotle already knows the positions(s), store(s), and dates of employment for each member of the collective. Indeed, Chipotle is required by law to retain this information. Moreover, it is beyond dispute that this collective is limited to crew members only. *See Order re Notice of Collective Action* at 1-3 (Dec. 18, 2015) [Dkt. No. 104]. Thus, for the

vast majority of collective members who worked at just one store, this proposed interrogatory seeks information that is either irrelevant or already in Chipotle's possession, thereby rendering the request unduly burdensome. *See Crawford*, No. 3:14-cv-00018-RLY-WGH, 2015 WL 5123871 at *8.

For the relatively few opt-in plaintiffs who worked at more than one store, it is possible that the plaintiff was required to work off the clock at one store, but not another. In such cases, the following questions—sent only to those particular opt-ins—would be more likely to elicit new, relevant information:

> [If yes] *Did you work off the clock at all store locations where you worked?* [yes/no]
>
> [If no] *Please state the store location where the off-the-clock work occurred.*

**INTERROGATORY NO. 7: Do You have any documents that support Your claim that You worked off the clock without pay?**

This is a document request, not an interrogatory, and therefore should not be allowed. Chipotle is required by law to maintain employment records; the individual opt-in plaintiffs are not. The employees here are not like the opt-in truck drivers from *Crawford*, who would be far more likely to have logs, receipts and other records that would support their claims *and that would not already be in possession of the defendant*. Chipotle's request does not identify what kinds of documents it is seeking, why these documents are relevant, or how any relevant documents would not simply duplicate the records Chipotle already maintains.

**INTERROGATORY NO. 8:** Please state each and every person with whom You discussed Your responses to these questions, including that person's full name, last known address, and telephone number. Please do not list Your attorneys or anyone who simply typed or reproduced Your responses.

Because Chipotle has not identified the relevance of this question to any misjoinder theories it intends to pursue, this question should not be allowed.

## CONCLUSION

For the reasons set forth above, the Court should disallow Chipotle's proposed interrogatories to the collective and instead order a questionnaire that will not impose unnecessary burdens on opt-in plaintiffs but that will also gather relevant information better targeted to whatever misjoinder theories Chipotle is pursuing and other trial issues that will arise in this litigation.

Dated: May 14, 2019                    Respectfully Submitted By:


                                       */s/ Michael E. Jacobs*
                                       **HINKLE SHANOR LLP**
                                       Thomas M. Hnasko
                                       Michael E. Jacobs
                                       Julie A. Sakura
                                       P.O. Box 2068
                                       Santa Fe, NM 87504
                                       Tel: 505.982.4554
                                       thnasko@hinklelawfirm.com
                                       mjacobs@hinklelawfirm.com
                                       jsakura@hinklelawfirm.com

| | |
|---|---|
| **WILLIAMS LAW FIRM**<br>Kent M. Williams<br>1632 Homestead Trail<br>Long Lake, MN  55356<br>Tel: 615.940.4452<br>williamslawmn@gmail.com | **LAW OFFICE OF ADAM S. LEVY, LLC**<br>Adam S. Levy<br>P.O. Box 88<br>Oreland, PA 19074<br>Tel: 267.994.6952<br>adamslevy@comcast.net |
| **GIEBEL AND ASSOCIATES, LLC**<br>Kevin E. Giebel<br>P.O. Box 414<br>Lake Elmo, MN 55042<br>Tel: 651.236.0729<br>kgiebel@ggwklaw.com | **KIRBY MCINERNEY LLP**<br>Robert J. Gralewski, Jr.,<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Tel: 619.398.4340<br>bgralewski@kmllp.com |

*ATTORNEYS FOR NAMED AND OPT-IN PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2019, a true and correct copy of the foregoing **PLAINTIFFS' OBJECTIONS TO DEFENDANT CHIPOTLE MEXICAN GRILL'S FIRST SET OF INTERROGATORIES TO COLLECTIVE MEMBERS** was filed and served electronically via CM/ECF and addressed to:

**MESSNER REEVES LLP**

John K. Shunk
Kendra N. Beckwith
Thomas R. Blackburn
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Tel: 303-623-1800
jshunk@messner.com
adodd@messner.com
aroyval@messner.com
kbeckwith@messner.com
tblackburn@messner.com


**SHEPPARD MULLING RICHTER & HAMPTON LLP**

Richard J. Simmons (pro hac vice)
333 South Hope Street
Forty-Third Floor
Los Angeles, CA 90071
rsimmons@sheppardmullin.com

*Attorneys for Defendant*

                                               */s/ Michael E. Jacobs*
                                               Michael E. Jacobs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S FIRST SET OF
INTERROGATORIES TO COLLECTIVE MEMBERS**

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Chipotle Mexican Grill, Inc. ("Chipotle") serves to Opt-In Plaintiffs and Named Plaintiffs the following First Set of Interrogatories. Chipotle requests that, within 30 days (not later than [INSERT DATE]), You serve Your responses in accordance with the Federal Rules of Civil Procedure.

## NOTICE

These questions are being sent to you as a result of your choice to join the *Turner v. Chipotle Mexican Grill, Inc.* lawsuit pending in the United States District Court for the District of Colorado. The Court has approved these questions and you must answer them. **IF YOU DO NOT ANSWER THESE QUESTIONS, YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LAWSUIT.** Please consult with your attorneys if you have further questions.

## INSTRUCTIONS

1. You must give a response to each question. Please provide all information in these responses that is available to you or anyone acting on your behalf.

2. If you find the meaning of any term in these questions to be unclear, you should assume a reasonable meaning, state your assumed meaning, and respond to the question on the basis of that assumed meaning.

**EXHIBIT A**

3. Your responses must be complete. If you cannot completely respond to a question, please respond it to the extent possible. If you need more space to respond than is provided below, you should attach additional sheets of paper with your responses.

4. If you respond to a question by referring to a document, please include the document with your responses.

5. The following questions are continuing in nature. You are requested to provide supplementary responses or additional information if you or any other person acting on your behalf later obtain information that could correct, clarify, or otherwise modify your responses.

## DEFINITIONS

1. "Chipotle" means Chipotle Mexican Grill, Inc., a Delaware corporation, and its direct and indirect subsidiaries and affiliates, including but not limited to Chipotle Services, LLC.

2. "You" or "Your" means the individual to whom these interrogatories are directed who (a) filed a Consent to Join Form or (b) is a Named Plaintiff in the lawsuit captioned *Turner v. Chipotle Mexican Grill, Inc.*, United States District Court for the District of Colorado Case No. 0:14-cv-02612-JLK.

(REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK)

## INTERROGATORIES

### INTERROGATORY NO. 1

Do You believe You worked off the clock while employed at Chipotle? ____Yes ___No

If your answer is yes, please describe all facts that support Your answer.

### RESPONSE TO INTERROGATORY NO. 1

_____
_____
_____
_____
_____
_____

### INTERROGATORY NO. 2

Did You report Your alleged off-the-clock work to Chipotle? ___ Yes ___ No

If your answer is yes, please describe all facts that support Your answer.

### RESPONSE TO INTERROGATORY NO. 2

_____
_____
_____
_____
_____
_____

### INTERROGATORY NO. 3

Do You believe You were paid regular wages for Your off-the-clock work? ___Yes ___No

If your answer is no, please describe all facts that support Your answer.

### RESPONSE TO INTERROGATORY NO. 3

_____
_____
_____
_____
_____

**INTERROGATORY NO. 4**

Do You believe You were paid overtime wages for Your off-the-clock work? ___Yes ___No

If your answer is no, please describe all facts that support Your answer.

**RESPONSE TO INTERROGATORY NO. 4**

_____
_____
_____
_____
_____
_____

**INTERROGATORY NO. 5**

Please state the name and title of any Chipotle employee You believe directed You to work off the clock.

**RESPONSE TO INTERROGATORY NO. 5**

_____
_____
_____
_____
_____
_____

**INTERROGATORY NO. 6**

For each position at Chipotle in which You claim You were not paid regular and/or overtime wages for off-the-clock work, please state: (a) Your position; (b) the Chipotle location at which You worked (including store name or number); and (c) Your dates of employment.

**RESPONSE TO INTERROGATORY NO. 6**

_____
_____
_____
_____
_____

### INTERROGATORY NO. 7

Do You have any documents that support Your claim that You worked off the clock without pay?

___Yes ___ No

If Your answer is yes, please attach copies of all such documents to Your answers to these Interrogatories.

### INTERROGATORY NO. 8

Please state each and every person with whom You discussed Your responses to these questions, including that person's full name, last known address, and telephone number. Please do not list Your attorneys or anyone who simply typed or reproduced Your responses.

### RESPONSE TO INTERROGATORY NO. 8

_____
_____
_____
_____

### VERIFICATION

I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed Name: _____

Signature: _____

5