**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO APPOINTMENT OF A PRIVATE SPECIAL MASTER AND MOTION FOR APPOINTMENT OF A MAGISTRATE JUDGE AS A SPECIAL MASTER**

---

Plaintiffs Leah Turner, Araceli Gutierrez, Markeitta Ford, Jolessa Wade, Dana Granado, Brett Charles, and Ruby Tsao, individually and on behalf of others similarly situated, by and through their undersigned counsel, oppose Chipotle Mexican Grill, Inc.'s ("Chipotle") Objection to Appointment of a Private Special Master and Motion for Appointment of a Magistrate Judge as a Special Master. (Dkt. No. 239). In support of their opposition, Plaintiffs state as follows:

## BACKGROUND AND INTRODUCTION

At the June 3, 2019 status conference, the Court indicated that it intended to appoint a special master to address concerns with Chipotle's proposed interrogatories to more than seven thousand opt-in plaintiffs who remain in the collective. As the Court recognized, these opt-in

plaintiffs were hourly-paid restaurant workers who may not fully understand the proposed questions being propounded by Chipotle. Compounding this problem is the fact that English is not the first language for many collective members. Thus, as part of its selection criteria, the Court placed an emphasis on identifying special master candidates who would ensure that any interrogatories sent to the collective would be understandable to their recipients whether English or Spanish is their native language. *See* Minute Order (Dkt. No. 238). Consistent with that objective, Plaintiffs submitted three special master candidates who are not only bilingual, but who have also worked extensively in employment litigation involving low wage workers. *See* Plaintiffs' Nomination of Candidates for Special Master (Dkt. No. 244).

On June 10, 2019, Chipotle submitted an Objection and Motion arguing that a magistrate judge should fill the role of special master. *See* Motion to Appoint Special Master (Dkt. No. 239). In support, Chipotle states that appointing a magistrate judge is the preferred practice and that a certified translator can allay any concerns regarding language. *See id.* at ¶ 12. Contrary to Chipotle's arguments, however, there is no preference in the Federal Rules of Civil Procedure for a magistrate judge to act as a special master. Chipotle misreads the Advisory Committee notes to reach the contrary conclusion. More importantly here, a technically accurate translation from English to Spanish does not capture all the legitimate concerns that come under the heading of cultural sensitivity. Appointing special master with personal proficiency in Spanish *and* some experience working with Latino immigrant communities is the best approach to address the concerns identified by the Court.

## ARGUMENT

**1. There is no Presumption in Favor of Appointing Magistrate Judges to the Role of Special Masters.**

There is no doubt that this Court has the *authority* to appoint a magistrate judge to resolve the present discovery dispute. Chipotle's suggestion, however, that there is a presumption favoring the appointment of magistrate judges to this role, is not supported by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 53(h), which is the only subsection of the Rule 53 that refers to magistrate judges, states: "A magistrate judge is subject to this rule only when the order referring a matter to the magistrate judge states that the reference is made under this rule." This provision makes clear (1) that magistrate judges are only a subset of the prospective special-master pool and (2) that serving as a special master is outside of the typical duties of a magistrate judge. There is nothing in the rule itself that suggests a preference for, or presumption in favor of, magistrate judges serving in the distinct role of special masters.

While it may be common practice in many districts to appoint magistrate judges to the role of special masters, the Advisory Committee Notes to the 1983 Amendment to Fed R. Civ. P. 53 also state: "Although the existence of magistrates may make the appointment of outside masters unnecessary in many instances, such masters may prove useful when some special expertise is desired…" (internal citations omitted). That is precisely the situation here, where linguistic and cultural sensitivities are required.

Chipotle's selective quotation of the 2003 Notes to Fed. R. Civ. P. 53 does not support the argument that a magistrate judge is preferred in the role of a special master. The Advisory Committee's recommendation that "particular attention should be paid to the prospect that a magistrate judge may be available for special assignments" is a reference to the capacity of

3

magistrate judges, acting in their normal capacity, to fulfill many functions – a "magistrate judge acting as magistrate judge," as the note advises, may obviate the need for a special master in some circumstances. But here, where the Court has already determined the need for a special master, the advice is inapposite, as this situation is one in which a magistrate judge would be acting outside of his or her typical role.

**2. A Special Master with Special Expertise in both the Spanish Language and Latino Immigrant Culture is the Appropriate Course.**

While Chipotle claims to be "cognizant of this Court's concern that the proposed discovery be…culturally sensitive," Chipotle's proposed solution is inadequate to address that concern, a concern acutely shared by Plaintiffs. As the Court is aware, this nationwide collective includes a substantial number of opt-in plaintiffs for whom English is a second language, who have limited formal education, and who are immigrants. This fact gives rise to justified concerns over English language proficiency and cultural idiosyncrasies for a large segment of the collective.

Sensitivity to this reality is, therefore, not simply a matter of ensuring a technically accurate translation of the interrogatories. While a special master that simply has personal proficiency in Spanish does much to alleviate these concerns; a special master with experience working in the immigrant community does even more. There is no way for a merely English-speaking special master to guard against these potential pitfalls: he or she simply lacks the tools. Certain words, phrases, forms of presentation, and modes of communication may well have a prejudicial impact on the substance and likelihood of responses for this segment of the collective. Ensuring that the nuances of the Spanish-language form of the interrogatories do not create such prejudice is more than a sufficient reason to appoint a special master with special expertise in this area. Chipotle has not identified an available magistrate judge with such expertise but could certainly have proposed

4

one as one of its preferred candidates within the framework already ordered by the Court. *See* Defendant Chipotle Mexican Grill Inc.'s Special Master Candidate Nominations (Dkt. No. 245).

The candidates identified by Plaintiffs, in contrast, do satisfy these criteria. Hillary Schwab, for example, has extensive class action experience in wage and hour suits involving large immigrant populations working in the restaurant industry. Jeffery Knight Rodriguez and Andrew H. Turner, likewise, have both spent much of their careers representing and advocating for Hispanic immigrants. *See* Plaintiffs' Nomination of Candidates for Special Master (Dkt. No. 244). This expertise is profoundly important to ensuring fair and culturally sensitive discovery.

3. **The Importance of the Issues and Size of the Collective do not make Cost a Serious Concern.**

To the extent Chipotle argues that the cost of appointing a special master is unjust, that argument is without merit. This case is a nationwide collective action with more than 7,000 individual plaintiffs. The amount in controversy is certainly well into the multiple millions of dollars. The expense is more than justified to ensure that the collective-wide discovery does not work grave injustice.

## CONCLUSION

The Court's decision to appoint a special master with special expertise in Spanish to ensure a culturally sensitive approach to collective-wide discovery is the right one. There is no reason to second guess that ruling. For the reasons set forth above, the Court should reject Chipotle's objections and deny its motion to appoint a magistrate judge in lieu of a special master who best satisfies the specialized criteria set forth in the Court's June 3, 2019 order.

Dated: June 21, 2019

Respectfully submitted,

*/s/ Andrew C. Quisenberry*
BACHUS & SCHANKER, LLC
Darin L. Schanker
Andrew C. Quisenberry
1899 Wynkoop Street, STE 700
Denver, CO 80202
Tel: 303.893.9800
dschanker@coloradolaw.net
andrew.quisenberry@coloradolaw.net

HINKLE SHANOR LLP
Thomas M. Hnasko
Michael E. Jacobs
Julie A. Sakura
P.O. Box 2068
Santa Fe, NM 87504
Tel: 505.982.4554
thnasko@hinklelawfirm.com
mjacobs@hinklelawfirm.com
jsakura@hinklelawfirm.com

WILLIAMS LAW FIRM
Kent M. Williams
1632 Homestead Trail
Long Lake, MN 55356
Tel: 615.940.4452
williamslawmn@gmail.com

LAW OFFICE OF
ADAM S. LEVY, LLC
Adam S. Levy
P.O. Box 88
Oreland, PA 19074
Tel: 267.994.6952
adamslevy@comcast.net

GIEBEL AND ASSOCIATES, LLC
Kevin E. Giebel
P.O. Box 414
Lake Elmo, MN 55042
Tel: 651.236.0729
kgiebel@ggwklaw.com

KIRBY MCINERNEY LLP
Robert J. Gralewski, Jr.,
600 B Street, Suite 1900
San Diego, CA 92101
Tel: 619.398.434
bgralewski@kmllp.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO APPOINTMENT OF A PRIVATE SPECIAL MASTER AND MOTION FOR APPOINTMENT OF A MAGISTRATE JUDGE AS A SPECIAL MASTER** was filed and served electronically via CM/ECF and addressed to:

John K. Shunk, #16204
Kendra N. Beckwith, #40154
Tanner J. Walls, #41534
Allison J. Dodd, #43835
Adam M. Royval, #43836
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
E-mail: jshunk@messner.com
E-mail: kbeckwith@messner.com
E-mail; twalls@messner.com
E-mail: adodd@messner.com
E-mail: aroyval@messner.com

DLA PIPER LLP (US)
Levi Heath, CA Bar No. 220854
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Telephone: (310) 595-3000
Levi.Heath@dlapiper.com

/s/ *Andrew C. Quisenberry*
Andrew C. Quisenberry