**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD, JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, AND RUBY TSAO Individually and On Behalf of All Others Similarly Situated,
Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,
Defendant.

---

**SPECIAL MASTER'S ORDER REGARDING DEFENDANT'S WRITTEN DISCOVERY**

---

An in-person status conference was held on August 21, 2019, and a telephonic status conference was held on October 3, 2019, with counsel for the parties in the above referenced matter. In connection with said hearings and pursuant to the Court's Order dated June 26, 2019, appointing a Special Master in this matter, the Special Master addressed the following discovery and scheduling related matters:

**I.   Defendant Chipotle Mexican Grill Inc.'s First Set of Interrogatories to Collective Members**

Pursuant to the Court's order entered on March 19, 2019 (ECF 218), Defendant, Chipotle Mexican Grill, Inc., ("Defendant") propounded its First Set of Interrogatories to Collective Members (hereinafter, "Defendant's Interrogatories"). Defendant's Interrogatories triggered various objections from the Plaintiffs (see ECF 227) and a response from the Defendant (see ECF 235). The Plaintiffs' objections to the Defendant's Interrogatories focused on the following:

- Preamble, instructions and the language of various interrogatories;

- Notice provision;
- Manner by which the discovery would be provided to the collective members and how their responses would be recorded; and
- Verification of the collective members' response.

After consideration of the Plaintiffs' objections, the Defendant's response and statements of Plaintiffs' and Defendant's counsel at the August 21, 2019, hearing, the Special Master ordered as follows.

First, the parties agreed to further confer to address the parties' issues regarding the language of the interrogatories and to subsequently provide to the Special Master a final proposed draft of the Defendant's Interrogatories. The final draft of Defendant's Interrogatories was provided to the Special Master on September 17, 2019, and distributed to members of the collective on September 27, 2019. As such, the objections and responses thereto regarding the language of the interrogatories are considered resolved.

Regarding the notice provision, that provision read as follows:

> These questions are being sent to you as a result of your choice to join the *Turner v. Chipotle Mexican Grill, Inc.* lawsuit pending in the United States District Court for the District of Colorado. The Court has approved these questions and you must answer them. **IF YOU DO NOT ANSWER THESE QUESTIONS, YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LAWSUIT.** Please consult with your attorneys if you have further questions.

It is well established that an opt-in member to a collective action pursuant to the Fair Labor Standards Act ("FLSA") has a duty to participate in the discovery process, including by timely responding to discovery requests to facilitate a determination regarding whether the plaintiffs are in fact similarly situated. *See Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1134 (D. Colo. 2011). The Special Master agrees that the collective members must be apprised of the potential consequences of failing to reply to the discovery request. With the approval of the

parties' counsel, however, the language of the notice was modified by substituting the word "may" for "will" regarding the potential that a non-responding collective member could be precluded from participating in this action. As discussed with counsel at the August 21, 2019, hearing, such an outcome would occur only after a ruling on a motion to compel a response to the written discovery and subsequent consideration of the circumstances that resulted in the failure to respond.

Regarding 1) the manner by which the discovery requests are delivered to the collective members and, 2) the method by which answers are collected for production to the Defendant, the Special Master ordered as follows. Plaintiffs' counsel is free to use the means most cost effective to notify the collective members of their duty to respond to the Defendant's Interrogatories. Such methods may include regular mail, text, electronic mail or a web based tool. However, the Special Master did not approve of the Plaintiffs' request to allow the *responses* to the Defendant's Interrogatories to be provided by the collective members via a text message response. Further, the Special Master denied the Plaintiffs' request that a survey be used in place of the limited and revised number of interrogatories set forth in Defendant's Interrogatories. As indicated during the August 21, 2019, hearing, the Defendant is entitled to receive a response to its discovery request in a manner in which it can subsequently use the Plaintiffs' response for evidentiary purposes. As such, the Plaintiffs are required to provide Defendant a hard copy written response to the Defendant's Interrogatories or utilize a centralized web-based tool to provide their written response. On September 17, 2019, the parties notified the Special Master that they had conferred and agreed to utilize a web-based platform for the members of the collective to record their response to the Defendant's written discovery. As such, that issue is now deemed resolved.

Regarding the Defendant's objection to the use of an electronic signature on the

verification of the collective members' responses, the objection was overruled. There is no express requirement in Rule 33 that requires that a respondent provide a "wet signature" on the verification of a discovery response. *See Allstate Insurance Company, et al v. A & F Medical P.C.,* 2017 WL 2445185 *3 (E.D. N. Y. June 5, 2017) ("Rule 33(b)(5) requires that answers to interrogatories be signed by '[t]he person who makes the answers.' *See* Fed. R. Civ. P. 33(b)(5). Neither Rule 26 nor Rule 33 mandates that the requisite signatures be handwritten rather than electronic signatures.") As such, a "wet" signature will not be required. However, the Special Master agrees with Defendant that some formal verification of the subject response is appropriate to ensure the authenticity of the responses which could exceed seven-thousand in number. Accordingly, the Plaintiffs must verify their responses to the Defendant's Interrogatories by providing a form of verification that will be deemed sufficient to confirm that the responding collective member affirms the accuracy and authenticity of their response, and which may include a "wet signature," a signature formed with a computer mouse or other form of verification mutually agreed upon by the parties.

**II.     Depositions**

The parties were ordered to confer and to identify representatives of the Defendant who can provide deposition testimony to Plaintiffs as a Fed. R. Civ. P. 30(b)(6) witness in the following areas:

- Defendant's human resources policies and practices as pertain to employees working and recording hours in excess of 40 hours within the defined work week; and

- Defendant's policies and practices regarding the budgeting for and monitoring of labor costs associated with employees working in excess of 40 hours within the defined work week.

As discussed with counsel at the hearing on August 21, 2019, during this Phase III discovery stage, deposition testimony will be allowed regarding only discoverable corporate level information, and any deposition questions directed at the store level will be allowed only after first seeking authorization from the Special Master to do so with an opportunity for the Defendant to object to said request. Alternatively, Plaintiffs can conduct such store level discovery during the Phase IV discovery stage.

### III.   Scheduling

After consultation with counsel on October 3, 2019, the Special Master established the following revised schedule for this matter:

| | |
|---|---|
| 10/1/19 – 2/17/2020: | Parties conduct Phase 3 discovery |
| 3/27/2020: | Deadline to file with District Court misjoinder motion |
| 4/27/2020: | Status conference regarding Phase 4 discovery |
| 5/4/2020: | Phase 4 discovery commences |
| 8/24/2020: | Close of fact discovery |
| 8/24/2020: | Plaintiffs' expert witness disclosures due to Defendant |
| 9/25/2020: | Defendant's expert witness disclosures due to Plaintiffs |
| 10/23/2020: | Close of expert witness discovery |
| 11/20/2020: | Deadline to file dispositive and *Daubert* motions |
| 1/8/2021: | Deadline to file with District Court witness lists, exhibit lists, and deposition designations |
| 2/5/2021: | Deadline to file with District Court motions in limine other than *Daubert* motions |
| 4/2/2021: | Deadline to file with District Court trial briefs, final witness list, and exhibits list |
| 4/16/2021: | Case deemed trial ready |

### IV.   Alternative Dispute Resolution

During the August 21, 2019, hearing, the parties were requested to consult with their respective clients and notify the Special Master whether a mediation session with a United States

Magistrate Judge was desired. The Special Master was subsequently notified that the parties are not in agreement regarding mediation with a United States Magistrate Judge. Of course, the parties are free to schedule mediation with a private mediator as they deem appropriate.

So ordered this 7th day of October 2019.

                                                  s/ Frank Lopez
                                                  Frank Lopez, Special Master