# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA
FORD, JOLESSA WADE, DANYA GRANADO, BRETT
CHARLES, AND RUBY TSAO

Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

**PLAINTIFFS' RESPONSE TO DEFENDANT CHIPOTLE MEXICAN GRILL, INC'S OBJECTIONS TO SPECIAL MASTER LOPEZ'S ORDER REGARDING PLAINTIFFS' MOTION FOR DISCOVERY REGARDING SPOLIATION AND MOTION TO COMPEL**

Plaintiffs Leah Turner, Araceli Gutierrez, Markeitta Ford, Jolessa Wade, Danya Granado, Brett Charles, and Ruby Tsao, individually and on behalf of all similarly-situated employees ("Plaintiffs"), respectfully request that the Court overrule Defendant Chipotle Mexican Grill, Inc's ("Chipotle" or "Defendant") Objections to Special Master Lopez's Order Regarding Plaintiffs' Motion for Discovery Regarding Spoliation and Motion to Compel ("Objections") [Doc. 316], and state as follows:

## INTRODUCTION

On April 17, 2019, the Court ordered that Chipotle would be allowed in "Phase 3" of discovery to serve interrogatories to individuals in the collective, and that the Plaintiffs would be

permitted to engage in "limited, corporate-level merits discovery of Chipotle." *See* Order re Proposed Discovery Plan at 2 [Doc. 225]. Since then, Chipotle sent interrogatories to more than 7,200 collective members, which required Plaintiffs' counsel to undertake a massive effort to obtain responses. That undertaking yielded sworn statements from more than 2,000 former hourly Chipotle employees from around the country about how they worked off the clock without pay. [Doc. 290] (discussing phase 3 discovery efforts). Thanks to the work by Plaintiffs' counsel, Chipotle has responses from 28% of the collective—a sizeable representative sampling that, with the assistance of expert testimony, will be more than sufficient for a jury to determine the scope and extent of Chipotle's liability in this action.

By contrast, the discovery that was promised to Plaintiffs has not materialized. Indeed, since the April 2019 Order, Chipotle has not produced a single additional document, and Plaintiffs have not been allowed to take a single deposition.[1] With Chipotle now having filed a motion to

---

[1] During that same time period, Plaintiffs' counsel, who represent hundreds of former collective members in individual JAMS arbitrations, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

dismiss the claims of more than 5,000 collective members [Doc. 263], and a motion to dissolve the collective in its entirety [Doc. 271], it is imperative that Plaintiffs be allowed to conduct the corporate-level discovery they require to respond to these motions.

The Special Master's May 15, 2020 Order Regarding Plaintiffs' Motion for Discovery Regarding Spoliation and Motion to Compel ("Order") [Doc. 309] provides a start. The Order finally allows the Plaintiffs to take some (albeit extremely limited) discovery of Chipotle in the form of a Rule 30(b)(6) deposition on a number of company-wide topics. One of those topics includes Chipotle's apparent failure to take any meaningful steps at the corporate level to preserve store video recordings and alarm records—*records that Chipotle itself has used to investigate allegations of off-the-clock work*. *Id.* at 14. The Order also requires Chipotle produce a mere 93 complaints made to Chipotle's Respectful Workplace from 2012 to 2016 about "Unlawful or Improper Payments" involving stores in Arizona, California, Colorado and New Jersey (out of 309 in those states and more than 1,350 nationwide). *See id.* at 17. Despite this very narrow scope, Chipotle complains that even this—a single 30(b)(6) deposition, *more than six years after the Plaintiffs filed their complaint*—somehow "disproportionately burdens" the company. *See* Objections at 4 [Doc. 316]. The Court should overrule Chipotle's objections.

---

 At the time of this filing, Special Master Lopez is considering whether granting Plaintiffs' request to have this highly-relevant evidence deemed produced would be "premature" in this six-year old case.

3

## STANDARD OF REVIEW

"The Court reviews objections to factual and legal findings of a special master de novo and rulings on procedural matters for abuse of discretion." *Ramos v. Banner Health*, No. 15-cv-2556-WJM-MJW, 2018 WL 4700707 at *2* (D. Colo. Aug. 8, 2018) (citing Fed. R. Civ. P. 53(f)(3)–(5)). While Chipotle recites the requirement under Fed. R. Civ. P. 53(f) that the Court "decide de novo all objections to conclusions of law made or recommended by a master," *see* Objections at 3, it does not actually identify any legal conclusions either being made or recommended by the Special Master anywhere in the Order. This matter is a procedural issue that should be reviewed for abuse of discretion. *See Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014) (reviewing a special master recommendation on discovery matters under an "abuse of discretion" standard); *In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014) ("A decision regarding the scope of discovery is a procedural matter, reviewed for abuse of discretion.").

## ARGUMENT

**A. The Order Regarding Spoliation Discovery Does Not "Violate" the Court's Discovery Plan.**

In response to concerns regarding Chipotle's preservation (or lack thereof) of potentially discoverable information, the Special Master is allowing Plaintiffs to inquire into actions that were or were not taken by the Defendant at the *corporate-level* to:

- Identify, locate, and preserve information regarding Chipotle's employee and time keeping records (e.g., Aloha records, employee reviews, payroll records, shift records, time records, Workday records), and information stored on Chipotles' devices used to track or monitor employee work hours once this litigation commenced;

4

- Identify and preserve restaurant alarm and/or video records used to investigate alleged off-the-clock work;

- Preserve restaurant alarm and video records once this litigation commenced; and

- Suspend routine document destruction policies once this litigation commenced.

*See* Order at 8 [Dkt. 309].

Chipotle argues that spoliation discovery is not appropriate at this time because it somehow "disrupts" the Court's phased discovery plan. Objections at 4. However, the Court's April 17, 2019 Order clearly stated that Plaintiffs would be allowed to conduct "corporate-level merits discovery" in phase 3, and Chipotle makes no showing that the requested discovery is anything but that. The Special Master's earlier comments limiting phase 3 discovery to "overtime" (even though Chipotle's effort to minimize "overtime" is just one manifestation of its corporate policy to constrain labor budgets at unreasonably low levels) does not change the analysis whatsoever. *See* Objections at 4-5. The decision to allow this discovery during phase 3 is not an abuse of discretion by the Special Master.

### B. The Spoliation Discovery is not a "Fishing Expedition."

Chipotle argues that it is well within "the Court's discretion to deny Plaintiffs' 'fishing expedition' in search of non-existent support for their spurious spoliation claims." *See* Objections at 6 (citing *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002)). The Plaintiffs' contention that Chipotle and its counsel spoliated evidence is far from "spurious." ███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

5



The requested discovery here on Chipotle's efforts (or lack thereof) to preserve relevant evidence is anything but a "fishing expedition". And in light of the parties' briefing on the matter, the Special Master's decision to permit discovery into alleged spoliation by Chipotle is not an abuse of discretion.

### C. Chipotle's Proposed Limitations on the Topics Approved by the Special Master Are Not Appropriate.

Chipotle asks that the 30(b)(6) topic on "information stored on Chipotle's devices used to track or monitor employee work hours once this litigation commenced" be limited to computers maintained at the corporate level, suggesting that other "devices" could include devices at the restaurant level. *See* Objections at 7. Plaintiffs believe that Chipotle's store managers and field leaders often communicated with one another by text message or group chat apps such as GroupMe, and therefore it is very likely that Chipotle's preservation efforts should have extended far beyond just computers maintained at the corporate level. The Rule 30(b)(6) topic addresses what efforts, if any, Chipotle undertook *at the corporate level* to ensure that potentially discoverable information was being preserved throughout the company. Given Chipotle's undisputed, wholesale destruction of security video despite a specific request not to do so, it is reasonable for counsel to inquire as to whether there was any effort to preserve evidence at all, and if so, what those efforts were. If Chipotle did not communicate to store managers or field leaders, for example, that they should take steps to preserve information, Plaintiffs are entitled to know that fact.

Chipotle also requests that the Court change the scope of the topic from "Chipotle's corporate level policies, practices and procedures to: [identify and preserve certain records]" to "[t]he extent to which policies, practices, and procedures exist at the corporate level to: [identify and preserve those records." *See* Objections at 8. Chipotle's proposed revision would significantly limit the scope of the topic to the existence of any policies, practices or procedures at the corporate level, and not what Chipotle actually did at the corporate level to preserve potentially discoverable information. Chipotle makes no effort to justify this significant revision.

7

Finally, Chipotle asks that the Court add the modifier "reasonably within the scope of this litigation" to two of the subtopics approved by the Special Master. Chipotle makes a vague argument that the topic, as written, would allow inquiry into "*any* policy, practice, or procedure—regardless of whether it would have applied to the facts of this case," *see* Objections at 7, but does not elaborate further about what, as a practical matter, this limitation would even mean.

In each of these cases, Chipotle has failed to meet its burden of showing that the topic as approved by the Special Master, without the changes now being proposed, was an abuse of discretion.

**D. Chipotle's Request for a 21-Day Window to Take the Deposition Should be Denied.**

Chipotle requests that any deposition take place within 21 days after the order requiring same. *See* Objections at 8. Although this new-found desire for speed is laudable, as discussed above, Plaintiffs have not obtained any written or deposition discovery in this matter since Phase 3 began. *See* footnote 1, *supra*. In representing the arbitration plaintiffs, however, counsel have obtained significant evidence relevant to this matter. Some of that evidence would be useful in taking a Rule 30(b)(6) deposition of Chipotle. Therefore, to aid in the efficient prosecution of this matter, Plaintiffs' counsel have asked that the documents produced in the arbitration matters be deemed produced in this case as well. Chipotle objects; Plaintiffs' request is currently under consideration by Special Master Lopez.

Plaintiffs certainly want to proceed as expeditiously as possible, given the continuing delays. However, given their inability to obtain any corporate level document discovery in phase 3, Plaintiffs believe that they should at least be allowed to use the discovery they obtained from other cases in taking the 30(b)(6) deposition. Plaintiffs ask that the issue be resolved before they

8

face a deadline to take the deposition. Plaintiffs respectfully suggest that the Court can avoid further delay by simply deeming any documents and testimony from the wage and hour arbitrations against Chipotle as produced in this matter as well. *See footnote 1, supra*.

## CONCLUSION

More than six years have passed since Plaintiff Leah Turner filed her complaint in this matter, and more than five since the Court allowed members of the collective who worked off the clock at Chipotle to opt in to this litigation. Chipotle now has two motions pending that potentially could dispose of thousands of claims before Plaintiffs have been allowed even basic discovery on Chipotle's corporate level policies and practices that resulted in widespread off-the-clock work across the country. Plaintiffs need to be permitted to conduct adequate corporate level discovery before the claims of the collective can be adjudicated. The single 30(b)(6) on "overtime" that the Special Master has allowed in phase 3 is a start, and therefore the Court should overrule Chipotle's objections and allow discovery to proceed.

Dated: June 19, 2020.

Respectfully submitted,

*/s/ Andrew C. Quisenberry*
Andrew C. Quisenberry
Darin L. Schanker
BACHUS & SCHANKER, LLC
101 West Colfax Avenue, Suite 650
Denver, CO 80202
Tel: 303.893.9800
Fax: 303.893.9900
andrew.quisenberry@coloradolaw.net
dschanker@coloradolaw.net

| Thomas M. Hnasko                | Kent Williams              |
| Michael E. Jacobs               | WILLIAMS LAW FIRM          |
| HINKLE SHANOR LLP               | 1632 Homestead Trail       |
| P.O. Box 2068                   | Long Lake, MN 55356        |
| Santa Fe, NM 87504              | Tel: 612.940.4452          |
| Tel: 505.982.4554               | williamslawmn@gmail.com    |
| Fax: 505.982.8623               |                            |
| thnasko@hinklelawfirm.com       |                            |
| mjacobs@hinklelawfirm.com       |                            |
| Adam S. Levy                    | Robert J. Gralewski, Jr.   |
| LAW OFFICE OF ADAM S. LEVY, LLC | KIRBY MCINERNEY LLP        |
| P.O. Box 88                     | 600 B Street, Suite 1900   |
| Oreland, PA 19075               | San Diego, CA 92101        |
| Tel: 267.994.6952               | Tel: 619.398.4340          |
| adamslevy@comcast.net           | bgralewski@kmllp.com       |
| Kevin E. Giebel                 |                            |
| Giebel and Associates, LLC      |                            |
| P.O. Box 414                    |                            |
| Lake Elmo, MN 55402             |                            |
| Tel: 651.236.0729               |                            |
| kgiebel@ggwklaw.com             |                            |

*Attorneys for Named and Opt-In Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT CHIPOTLE MEXICAN GRILL, INC'S OBJECTIONS TO SPECIAL MASTER LOPEZ'S ORDER REGARDING PLAINTIFFS' MOTION FOR DISCOVERY REGARDING SPOLIATION AND MOTION TO COMPEL** was filed and served electronically via CM/ECF and addressed to:

MESSNER REEVES LLP

Kendra N. Beckwith
Michelle Harden
Tanner J. Walls
Allison J. Dodd
Kristina M. Wright
Darren D. Alberti
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Tel: 303.623.1800
kbeckwith@messner.com
mharden@messner.com
twalls@messner.com
adodd@messner.com
kwright@messner.com
dalberti@messner.com

DLA PIPER LLP (US)

Levi Heath, CA Bar No. 220854
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel: 310.595.3000
Levi.Heath@dlapiper.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

> */s/ Andrew C. Quisenberry*
> Andrew C. Quisenberry

11