**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITT A
FORD, JOLESSA WADE, DANYA GRANADO, BRETT
CHARLES, and RUBY TSAO

individually and on behalf of
others similarly situated

       Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

       Defendant.

**DECLARATION OF MICHAEL E. JACOBS**

1.     I, Michael E. Jacobs, am over the age of 18 years and am otherwise capable of

making this declaration. I am counsel for Plaintiffs in the above-captioned suit.

2.     The exhibits affixed hereto were prepared under my direction and supervision.

3.     Exhibit A is a true and accurate copy of the Discovery Order re Deposition,

*Federico Krysko v. Chipotle Mexican Grill, Inc.,* JAMS No. 11000105407 (May

22, 2020).

4.     Exhibit B is a true and accurate copy of the Order Permitting Pete Olds Deposition,

*Britney Rodriguez v. Chipotle Mexican Grill, Inc.,* JAMS No. 1200055040 (May

15, 2020).

5.  Exhibit C is a true and accurate copy of the Discovery Order re Documents for Huichapa Deposition, *Federico Krysko v. Chipotle Mexican Grill, Inc.,* JAMS No. 1100105407 (May 28, 2020).

6.  Exhibit D is a true and accurate copy of the Order re Discovery and Hearing, *Samantha Steelman v. Chipotle Mexican Grill, Inc.,* JAMS No. 1130007761 (June 5, 2020).

7.  Exhibit E is a true and accurate copy of the Order Ruling on Discovery Disputes, *Erick Payan v. Chipotle Mexican Grill, Inc.,* JAMS No. 1220061414 (June 17, 2020).

8.  Exhibit F is a true and accurate copy of the June 30, 2015 email from Gretchen Selfridge re: "Labor!!!"

9.  Exhibit G is a true and accurate copy of the Stipulation for Protective Order Regarding Confidentiality of Discovery Material, *Cady Carter v. Chipotle Mexican Grill, Inc.,* JAMS No. 1345000214 (September 3, 2019).

10.  Exhibit H is a true and accurate copy of the Procedural Order No. 3 Regarding Confidentiality of Discovery Material, Emily Pimentel v. Chipotle Mexican Grill, Inc., JAMS No. 1100105418 (May 11, 2020).

11.  Exhibit I is a true and accurate copy of the Amended Stipulated Protective Order Regarding Confidentiality of Discovery Material, *Federico Krysko v. Chipotle Mexican Grill, Inc.,* JAMS No. 1100105407 (September 16, 2019).

12.  Exhibit J is a true and accurate copy of the Order Modifying Protective Order, Samantha Steelman v. Chipotle Mexican Grill, Inc., JAMS No. 1130007761 (June 26, 2020).

13.     Exhibit K is a true and accurate copy of the Plaintiffs First Set of RFP's (Phase 2),

(November 21, 2018).

14.     Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the

foregoing is true and accurate.

Dated this 13th of July, 2020.

/s/ Michael E. Jacobs
Michael E. Jacobs

JAMS ARBITRATION
NO. 1100105407

FEDERICO KRYSKO,
     Claimant,
     v.
CHIPOTLE MEXICAN GRILL, INC.,
     Respondent.

### DISCOVERY ORDER RE DEPOSITION

On May 21, 2020, a hearing is held to address Claimant's request to depose Pedro Huichapa. Bob Gralewski appeared for Claimant. Amish Shah, Marko Radisavljevic and Charles Cavanagh appeared for Respondent. After consideration of the evidence and arguments of counsel, the motion is granted for the following reasons:

The informal letter of Claimant and the rapid exchange of extensive briefs is consistent with the JAMS Rules for resolving discovery issues.

Without deciding whether the proposed witness is an "apex" witness, Claimant has made a sufficient showing that this is the person Claimant seeks to depose pursuant to JAMS Rule 17 and has articulated a reasonable basis for the belief that this witness can provide relevant evidence. Respondent disputes Claimant's contention regarding the witness's ability to provide relevance evidence but deference is given to Claimant, the party who bears the burden of proof. Moreover, there has been no showing that the deposition is sought to harass or otherwise unreasonably impose on the time of the witness.

The issue of the scope of documents requested of the witness was not resolved and the parties agreed to continue to meet and confer. If the parties are unable to agree, each may submit a letter brief explaining their respective positions and an Order will issue resolving that dispute.

SO ORDERED.

May 22, 2020

_Patrick J. Mahoney_

Judge Patrick J. Mahoney (Ret.)
Arbitrator

Exhibit
A

**PROOF OF SERVICE BY E-Mail**

Re: Krysko, Federico vs. Chipotle Mexican Grill, Inc.
Reference No. 1100105407

I, Brian Palencia, not a party to the within action, hereby declare that on  May 22, 2020, I served the attached Discovery Order Re Deposition on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN   55356
Phone: 612-940-4452
williamslawmn@gmail.com
    Parties Represented:
    Federico Krysko

Ms Sheryl McInnis
Hinkle Shanor LLP
P.O Box 2068
Santa Fe, NM   87504
Phone: 505-982-4554
smcinnis@hinklelawfirm.com
    Parties Represented:
    Federico Krysko

Robert J. Gralewski Jr. Esq.
Marko Radisavljevic Esq.
Kirby McInerney LLP
600 B Street
Suite 2110
San Diego, CA   92101
Phone: 619-784-3002
bgralewski@kmllp.com
mradisavljevic@kmllp.com
    Parties Represented:
    Federico Krysko

Amish Shah Esq.
Messner Reeves, LLP
11620 Wilshire Blvd.
Suite 500
Los Angeles, CA   90025
Phone: 310-909-7440
ashah@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

Lindsey Pho Esq.
Messner Reeves, LLP
160 W. Santa Clara Street
Suite 1000
San Jose, CA   95113
Phone: 408-298-7120
lpho@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on  May 22, 2020.

*Brian Palencia*

Brian Palencia
JAMS
BPalencia@jamsadr.com

1  JUDGE GARY L. TAYLOR, RETIRED
2  JAMS, Inc.
   5 Park Plaza
3  Suite 400
   Irvine, CA 92614
4  Telephone: 714-939-1300
   Facsimile: 714-939-8710
5
6  ARBITRATOR
7
8
9              IN THE MATTER OF THE ARBITRATION
10                         BETWEEN
11
12
13  Britney Rodriguez,                    JAMS Ref. No. 1200055040
14                   Claimant,            **ORDER PERMITTING**
15        and                            **PETE OLDS DEPOSITION**
16
17  Chipotle Mexican Grill, Inc.,
18                   Respondent.
19
20        After considering the parties' oral discussion, reviewing potential email exhibits, and
21  considering Respondent's letter-brief (Claimant's May 6, 2020 letter-brief was not requested
22  and was not considered), the Arbitrator will permit Claimant's taking of Mr. Pete Olds'
23  deposition, and will authorize a deposition notice, subpoena, and/or other necessary process to
24  obtain the taking of that deposition.

### I.  CLAIMANT'S DEPOSITION REQUEST

25        Claimant, an hourly-paid restaurant employee of Respondent, claims unfair labor
26  practices including unpaid overtime and other improper practices.  A key issue in the case will
27  apparently be claimed off-the-clock work and Respondent's policies and practices concerning
28  that topic.

**Exhibit
B**

1       Claimant seeks to depose Mr. Pete Olds, a former Executive Team Director responsible

2    for Respondent's Pacific South region of 224 restaurants including Claimant's workplace. Mr.

3    Olds was the author of several emails to various subordinates concerning labor costs "spiraled

4    out of control," doubled overtime expenses, and instances of improper "short cuts" that were

5    "absolutely wrong things to do," to make labor costs look good, including "employees working

6    off the clock."

7       Aside from Respondent's objection discussed below, the Arbitrator is satisfied that

8    legitimate cause is shown to justify deposing Mr. Olds. His memos stating his observation and

9    opinions concerning topics directly relevant to this arbitration dispute indicate that he can supply

10   directly relevant information on topics of Respondent's policy and practice concerning off-the-

11   clock work, the degree of labor cost pressure and how it was handled, and the existence of and

12   reaction to actual off-the-clock violations.

13                **II.  RESPONDENT'S OBJECTION**

14       Respondent objects to taking the deposition of Mr. Olds, contending he is within the

15   "apex employee" doctrine protecting present and former executives at the pinnacle of the

16   corporate structure from discovery abuse and harassment when the same discovery can

17   reasonably be obtained from some other more convenient and less burdensome or expensive

18   source. Assuming that Mr. Olds was such an "apex" or "pinnacle" executive, the Arbitrator

19   finds that the apex employee doctrine does not apply here.

20       Respondent is correct that the Arbitrator should consider whether Mr. Olds appears to

21   have unique first-hand, non-repetitive knowledge of the facts at issue. He apparently does. His

22   emails state his knowledge and opinions about certain topics, and he speaks like he knows what

23   he is talking about. His emails are to notify employees below him on the corporate ladder about

24   information and views he is aware of, so he apparently considers it to be unique, first-hand, and

25   non-repetitive information.

26       Respondent is also correct that a Claimant should ordinarily exhaust available less

27   intrusive discovery methods. However, there don't appear to be other sources at a lower level to

28   first exhaust. As the emails' author, Mr. Olds is telling others what he knows and thinks, and he

1    is the source to tell us what he is talking about.

2           It is not particularly important that Mr. Olds does not specifically refer to Claimant's

3    work location and probably doesn't know whether Claimant worked off the clock or how often.

4    He states relevant personal knowledge and opinions about company procedures, policies,

5    existing labor pressures, and off-the-clock instances.

6           It is true that apex employee statements, in and of themselves, do not establish percipient

7    knowledge. Here, however, Mr. Olds' emails purport to speak from personal knowledge, and

8    his deposition can inquire into that knowledge.

9           Respondent's counsel claims he has "serious concerns that Claimant's counsel will use

10   the deposition as an opportunity to waste Mr. Olds' time and harass him about matters wholly

11   irrelevant...." However, this is potentially an important deposition, the topics raised in Mr.

12   Olds' emails may be of key importance, there are other potential remedies for attorney

13   harassment, and the Arbitrator is capable of sorting out relevant from irrelevant evidence.

14          In short, Mr. Olds was the author of potentially important emails, and they might

15   reasonable be viewed as stating unique, first-hand knowledge. His deposition is appropriate to

16   test and explore that knowledge. Respondent's "apex employee" objection is OVERRULED.

17                                     **III. <u>ORDER</u>**

18          Claimant may take the deposition, along with reasonable deposition document

19   production, of Mr. Pete Olds, and may initiate appropriate deposition notice, deposition

20   subpoena, and/or court process to obtain compliance by the deponent.

21

22                                              */s/ Gary Taylor*

23   DATED: May 15, 2020          _____

24                                              Hon. Gary L. Taylor (Ret.),
                                                Arbitrator
25

26

27

28

JAMS ARBITRATION
NO. 1100105407

FEDERICO KRYSKO,
     Claimant,
     v.
CHIPOTLE MEXICAN GRILL, INC.,
     Respondent.

### DISCOVERY ORDER RE DOCUMENTS FOR HUICHAPA DEPOSITION

On May 21, 2020, a hearing is held to address Claimant's request to depose Pedro Huichapa. Bob Gralewski and Marko Radisavljevic appeared for Claimant. Amish Shah and Charles Cavanagh appeared for Respondent. After consideration of the evidence and arguments of counsel, the motion was granted. Now the parties seek a ruling on the request of Claimant for documents to be produced for the deposition.

Letters of counsel are submitted and reviewed. Claimant contends the request is tailored to issues to be addressed both in terms of the time frame and document description. Respondent characterizes the request as an overly broad and burdensome fishing expedition.

The issue in the case centers on Mr. Krysko's contention that he is required to work off the clock during June to August 2015. Previously, the parties are directed to JAMS Rule 16.2 when framing discovery requests. "Document requests shall be limited to documents that are directly relevant to the matters in dispute … reasonably restricted in terms of time frame, subject matter … and not include broad phraseology." Based on the information provided and JAMS Rule 16.2, the following records are to be produced for the Huichapa deposition:

For the period from April 1 to September 30, 2015, records specifically referring to "overtime", "off the clock", "labor matrix/matrices" and labor tracker" sent by or received by Mr. Huichapa and any deposition testimony of Mr. Huichapa covering this time period where the testimony specifically refers to "off the clock" or "labor matrix/matrices".

May 28, 2020

*Patrick J. Mahoney*

Judge Patrick J. Mahoney

Arbitrator

**Exhibit C**

## PROOF OF SERVICE BY E-Mail

Re: Krysko, Federico vs. Chipotle Mexican Grill, Inc.
Reference No. 1100105407

I, Brian Palencia, not a party to the within action, hereby declare that on  May 28, 2020, I served the

attached Discovery Order Re Documents for Huichapa Deposition on the parties in the within action by

electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN  55356
Phone: 612-940-4452
williamslawmn@gmail.com
   Parties Represented:
   Federico Krysko

Robert J. Gralewski Jr. Esq.
Marko Radisavljevic Esq.
Kirby McInerney LLP
600 B Street
Suite 2110
San Diego, CA   92101
Phone: 619-784-3002
bgralewski@kmllp.com
mradisavljevic@kmllp.com
   Parties Represented:
   Federico Krysko

Lindsey Pho Esq.
Messner Reeves, LLP
160 W. Santa Clara Street
Suite 1000
San Jose, CA   95113
Phone: 408-298-7120
lpho@messner.com
   Parties Represented:
   Chipotle Mexican Grill, Inc.

Ms Sheryl McInnis
Hinkle Shanor LLP
P.O Box 2068
Santa Fe, NM  87504
Phone: 505-982-4554
smcinnis@hinklelawfirm.com
   Parties Represented:
   Federico Krysko

Amish Shah Esq.
Messner Reeves, LLP
11620 Wilshire Blvd.
Suite 500
Los Angeles, CA   90025
Phone: 310-909-7440
ashah@messner.com
   Parties Represented:
   Chipotle Mexican Grill, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  May 28, 2020.

*Brian Palencia*

Brian Palencia
JAMS
BPalencia@jamsadr.com

steelman v chipotle order re discovery and hearing

### *Samantha Steelman v. Chipotle Mexican Grill, Inc.*
JAMS Case No. 1130007761

### Order re Discovery and Hearing

On June 5, 2020, at the request of counsel, the Arbitrator conducted an 'emergency' hearing to address late arising issues re discovery and re witnesses and documents being proffered for the Hearing that is to be conducted on June 17, 2020.

Mr. Gralewski and Mr. Jacobs appeared for Claimant.  Mr. Cavanagh and Mr. Shah appeared for Respondent.

After the dialectical dust settled, counsel for Claimant decided to call three witnesses at the hearing in her case in chief: Claimant, Ms. Serrano, and Mr. Ray.

The Arbitrator enters the following Orders:

1. Claimant will present her direct testimony via a written statement that her counsel will deliver to counsel for Respondent by noon on Monday, June 8, 2020. Respondent will cross examine Claimant live, via Zoom, after which her counsel may pose questions to her.

2. Claimant will present testimony from Ms. Serrano via portions of her video taped deposition.  By the close of business on June 11, 2020, Claimant will provide Respondent's counsel with page and line citations for this testimony and will provide the Arbitrator with a link to the video recording of the pertinent parts of the deposition.

Claimant's counsel also will provide the Arbitrator with a copy of the entire transcript of Ms. Serrano's deposition.

3. By the close of business on June 11, 2020, Respondent will produce Ms. Serrano's time records for the three and one-half months she was Ms. Steelman's manager.

4. All of Mr. Ray's testimony will be presented live via Zoom.  Claimant will call Mr. Ray as a witness in her case in chief.  Respondent will call Mr. Ray as a witness in its defense in chief.

5. Because Mr. Ray was identified only very recently by Respondent as a witness, Respondent must search for and produce all emails from or to Mr. Ray, during the period Claimant was employed by Chipotle, that relate to meeting the labor needs of Chipotle restaurants or that in any other way relate to providing or managing labor resources or workers at Chipotle restaurants.  Respondent must produce these emails by the close of business on Thursday, June 11, 2020.

6. Claimant's counsel has identified two persons (Mr. Edmonds and Mr.  Guizar)

**Exhibit**

**D**

who worked at the Chipotle restaurant in Visalia and from whom she would like to present testimony during the Hearing. Evidence from either of these witnesses may be presented during the hearing, but only if they are available (presumably via Zoom) for live cross-examination.

7. Respondent will promptly determine whether copies of the "Manager's Pocket Guide" for 2015 and 2016 can be retrieved.  If so, they must be produced by the close of business on June 11, 2020.

8. Respondent also will promptly determine whether copies of a the "prep deployment tool" about which Ms. Serrano testified can be retrieved (a) from the period of Claimant's employment and (b) from the latter half of 2018 (when, apparently, an adjusted version of this 'tool' became operational).  If either or both of these "prep deployment tools" can be retrieved, Respondent must produce them by the close of business on June 11, 2020.

9. Respondent need not produce the document retention policies Claimant requested in her email of June 4, 2020.

10. Nor need Respondent produce the  power points or agendas for the "AMC" it hosted in Las Vegas in 2015 or 2016 (or any other year).

11. On multiple grounds, Respondent contends that there are many documents on Claimant's exhibit list that Claimant should not be permitted to introduce into evidence during the Hearing.
Claimant disputes these contentions.
By noon on Sunday, June 7, 2020, each Party must deliver to the Arbitrator, at his JAMS email address, a writing that sets forth the Party's contentions about why, or why not, the challenged exhibits should be admitted into evidence.
The Arbitrator's JAMS email address is: wbrazil@jamsadr.com.
The Arbitrator will address these disputes during the final pre-hearing conference that commences (via Zoom) at noon on Monday, June 8, 2020.

IT IS SO ORDERED.

Date: June 5, 2020.

Sent via email by the Arbitrator to counsel, with informal formatting, on the evening of June 5, 2020.

_____
Hon Wayne D. Brazil (Ret.), Arbitrator

# ERICK PAYAN VS. CHIPOTLE MEXICAN GRILL, INC.  JAMS Reference No. 1220061414

TO:         KENT WILLIAMS, ESQ.

            IDIN KASHEFIPOUR, ESQ.

FROM:       LUIS CARDENAS, JUDGE (RET.)

DATE:       JUNE 17, 2020

Dear Counsel:

These rulings are provided to counsel following the submission of the joint discovery dispute letter dated June 1, 2020, and the oral argument of counsel received by the arbitrator on June 15, 2020:

**Employee Lists or Rosters**

Rulings:

Claimant's request is granted as follows:

1) Contact information sought by claimant regarding Chipotle's current and former employees who are potential witnesses shall be provided to claimant.

2) This order includes the 41 persons who worked at the Azalea South Gate restaurant who were co-employees of Mr. Payan from September 3, 2014 to January 6, 2015.

EXHIBIT
E

3) Contact information shall include: names, addresses, email addresses and phone numbers.

Claimant's request is denied as follows:

1) Emergency contact information need not be provided to claimant.

2) Chipotle's lawyers' observations, impressions, comments and opinions regarding witnesses are not discoverable.

## Communications Relating to the Issues in this Arbitration

Rulings:

Claimant's request is granted as follows:

1) Chipotle shall undertake a search for communications at the Azalea South Gate store from September 3, 2014 to January 6, 2015.

2) The following search terms shall be used:

a) off-the-clock

b) off the clock

c) otc

d) unpaid w/3 (work OR time)

e) not paid w/3 (work Or time)

f) autoclockout OR auto w/1 (clockout Or clock-out)

g) uncompensated OR not compensated

•

2

**Performance Reviews**

Rulings:

Claimant's request is denied, with conditions:

1) The burden on respondent in searching and locating hard copies is too great in relation to the value of obtaining this information.

2) Respondent shall conduct a good faith search for electronic (computer) records that can be accessed easily.

3) If electronic performance reviews are located…copies from September 2014 to January 2015 shall be given to claimant.  Performance reviews are limited to employees at the Azalea South Gate restaurant and their supervisors.

4) If there are no electronic records, respondent shall submit a verification.

**Store Schedules**

Rulings:

Claimant's request is granted as follows:

1) Schedules from September 2014 to January 2015 for the Azalea South Gate store are relevant and discoverable.

2) If schedules are found, the documents shall be provided to claimant.

3) If respondent makes a good faith search and cannot find the requested materials, a verification is required.

3

**Emails Sent to Claimant by the Workday System**

Rulings:

The request is granted as follows:

1) These are discoverable from September 2014 to January 2015.

2) Claimant is entitled to all the emails during that period.  Respondent alleges it has already produced these documents, but claimant says some information is missing.

3) Respondent shall produce these emails if located, or are obtainable from the third party known as: Workday.

4) Respondent shall make a good faith search and provide a verification.

**Claimant's My Development Journal**

Rulings:

The request is granted as follows:

1) If respondent has copies of journals these materials shall be produced to claimant.

2) Respondent shall assert it has made a good faith effort to locate these documents, and if they do not exist, shall provide a verification.

4

**The Store's Dear Diary**

Rulings:

Claimant's request is granted as follows:

1) If respondent has these materials or can locate the documents, they shall be provided to claimant.

2) Respondent shall provide a verification of a good faith search if the diaries are not located.

**Complete Workday Files et. seq.**

Rulings:

Claimants request is granted, as follows:

1) Respondent shall produce the complete Workday employment file, Aloha time records and related materials for designated arbitration witnesses.

At a minimum, respondent shall produce Aloha Records, SLA Edits, Workday Acknowledgments and Workday Termination Records.

2) This order applies to potential witnesses named by the claimant and by the respondent that may offer testimony at the hearing.

3) Witness lists are not required under JAMS Rules until 14 days prior to the hearing.

*However, JAMS Rules allow an earlier designation of witnesses if those names are known by counsel.*

4) Claimant shall provide its witness list as soon as it is compiled, earlier than 14 days before the hearing if possible, so respondent can  locate the requested files.

**James King/Field Leader**

Rulings:

Claimant's request is granted, as follows:

1) Emails to and from James King that fall within the September 2014 to January 2015 time frame that are reasonably related to the operations of the Azalea South Gate restaurant are discoverable.

2) Respondent shall make a good faith search and provide a verification.

3) The arbitrator agrees with respondent that additional information from James King would be more easily obtainable through the deposition process.

**Compliance with the Arbitrator's Orders**

Because the hearing is set to commence in the near future…all information ordered by the arbitrator to be provided by respondent to claimant <u>shall be due on a forthwith</u> basis except for witness lists that are under the 14 day rule. Counsel may voluntarily comply earlier than required under the 14 day rule.

The arbitrator reminds counsel on both sides that JAMS Rules require a continuing obligation to comply with discovery matters as new information, if any, is located.

IT IS SO ORDERED THIS 17TH DAY OF JUNE, 2020.

LUIS CARDENAS, JUDGE (RET.)

ARBITRATOR

6

## PROOF OF SERVICE BY E-Mail

Re: Payan, Erick vs. Chipotle Mexican Grill, Inc.
Reference No. 1220061414

I, Carol Edwards, not a party to the within action, hereby declare that on June 17, 2020, I served the

attached ORDER RULINGS ON DISCOVERY DISPUTES on the parties in the within action by electronic

mail at Irvine, CALIFORNIA, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN   55356
Phone: 612-940-4452
williamslawmn@gmail.com
   Parties Represented:
   Erick Payan

Idin Kashefipour Esq.
Messner Reeves, LLP
610 Newport Center Drive
Suite 420
Newport Beach, CA   92660
Phone: 949-612-9128
ikashefipour@messner.com
  Parties Represented:
  Chipotle Mexican Grill, Inc.

Carlos Americano Esq.
Miller Law Firm
835 5th Ave.
Suite 301
San Diego, CA   92101
carlos@mrmlawfirm.com
  Parties Represented:

Attn: Legal Department
Messner Reeves, LLP
1430 Wynkoop St.
Suite 300
Denver, CO   80202
Phone: 303-623-1800
chipotlearbitrations@messner.com
   Parties Represented:
   Chipotle Mexican Grill, Inc.

Amish Shah Esq.
Messner Reeves, LLP
10866 Wilshire Blvd.
Suite 800
Los Angeles, CA   90024
Phone: 310-909-7440
ashah@messner.com
   Parties Represented:
   Chipotle Mexican Grill, Inc.

Erick Payan

I declare under penalty of perjury the foregoing to be true and correct. Executed at Irvine,

CALIFORNIA on  June 17, 2020.

*Carol Edwards*

Carol Edwards
JAMS
CEdwards@jamsadr.com

**JAMS ARBITRATION**
**Case ID 1345000214**

**CADY CARTER,**
     **Claimant,**

     **vs.**

**CHIPOTLE MEXICAN GRILL, INC.,**
     **Respondent.**

_____

### STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

Upon stipulation of the parties for an order that trade secret or other confidential information be disclosed only in designated ways:

1.     As used in this Stipulated Order Regarding Confidentiality of Discovery Material ("Protective Order"), these terms have the following meanings:

"Attorneys" means (a) counsel of record; and (b) any other legal counsel or law firm who have a current, written agreement to represent Claimant in this arbitration, so long as legal counsel and/or law firm are identified upon the attached Exhibit A, and legal counsel and/or law firm agrees that he, she and/or law firm shall by bound by this Protective Order;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34 and/or the JAMS rules concerning the Exchange of Information;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit B.

**EXHIBIT
G**

2.      A Party may designate a document "Confidential", to protect trade secrets or other confidential information within the scope of Fed. R. Civ. P. 26(c).

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Any other use is prohibited. If a party believes in good faith that a particular document requires greater protection than that provided in Paragraph 4 – *i.e.*, "Confidential–Attorneys' Eyes Only" – the parties shall meet and confer regarding the appropriate scope of protection, and shall seek the Arbitrator's assistance only if necessary, to resolve the issue of the appropriate scope of protection. The parties agree that they will treat such documents as Confidential–Attorneys' Eyes Only and will not provide access to the material to anyone beyond those persons identified in Paragraph 4(a)-(d) until the parties have either reached an alternative agreement or the Arbitrator has otherwise ruled.

4.      Access to any Confidential document shall be limited to:

(a)     the Arbitrator and his/her staff;

(b)     All attorneys described in Paragraph 1 and their law firms (including, for example, law clerks, paralegals, secretaries and other support staff employed by their law firms), and their Outside Vendors;

(c)     persons shown on the face of the document to have authored or received it;

(d)     court reporters retained to transcribe testimony;

(e)     the parties;

(f)     witnesses; and

(g)     outside independent persons (i.e., persons not currently or formerly employed by,

consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) and (g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit B. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Arbitrator or the objecting party.

7.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the

transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.  Parties may submit or file a document containing Confidential Information to or with the Arbitrator by transmitting it via electronic mail to the Arbitrator and/or the JAMS case manager(s) assigned to the Arbitrator in this matter.

10.      Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Arbitrator for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11.      Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction

within the 60-day period.  However, Attorneys shall be entitled to retain a set of all documents filed with the Arbitrator and all correspondence generated in connection with the action, or any information stored in a "back-up" directory or system in the normal course of business, and in a form that is not readily accessible by a common user.

12.     Any party may apply to the Arbitrator for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.     The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the Arbitrator's Office.  Following that 60-day period, the Arbitrator shall destroy all "Confidential" materials.

So stipulated:

| Dated: April 24, 2019 | Dated: May 14, 2019 |
|---|---|
| /s/Michael Jacobs | /s/Emily Schneider |
| Counsel for Claimant | Counsel for Respondent |
| Upon the foregoing stipulation, it is so Ordered. | Dated: |
| | Hon. John J. Hughes (Ret.) |

## EXHIBIT A

**WILLIAMS LAW FIRM**

*s/Kent M. Williams*
Kent M. Williams
1632 Homestead Trail
Long Lake, MN 55356
615.940.4452
williamslawmn@gmail.com

**BACHUS & SCHANKER, LLC**

*s/Andrew C. Quisenberry*
Andrew C. Quisenberry
1899 Wynkoop Street, STE 700
Denver, CO 80202
303.893.9800
Andrew.quisenberry@coloradolaw.com

**LAW OFFICE OF
ADAM S. LEVY, LLC**

*s/Adam S. Levy*
Adam S. Levy
P.O. Box 88
Oreland, PA 19074
267.994.6952
adamslevy@comcast.net

**GIEBEL & ASSOCIATES, L.L.C.**

*s/Kevin E. Giebel*
Kevin E. Giebel
P.O. Box 414
Lake Elmo, MN 55402
651.236.0729
kgiebel@ggwklaw.com

**KIRBY MCINERNEY LLP**

*s/Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr.
600 B Street, Suite 2110
San Diego, CA 92101
619.784.1442
bgralewski@kmllp.com

**HINKLE SHANOR LLP**

*s/Michael E. Jacobs*
Michael E. Jacobs
P.O. Box 2068
Santa Fe, NM 87504
505.982.4554
mjacobs@hinklawfirm.com

Each above-named attorney, for themselves and on behalf of their respective law firm(s), agree by their signature hereupon to be bound by this Protective Order, submit to this Tribunal's jurisdiction to enforce said Protective Order within the applicable JAMS Rules and confirm that they currently represent this Claimant pursuant to a written representation agreement.

**EXHIBIT B**

**WRITTEN ASSURANCE**

_____ declares that:

    I reside at _____ in the city of _____ ,

county _____ , state of _____ ;

    I am currently employed by _____ located at

_____ and my current job title is _____ .

    I have read and believe I understand the terms of the Protective Order dated _____ ,

filed in Case No. 1220060243, pending before JAMS.  I agree to comply with and be bound by

the provisions of the Protective Order.  I understand that any violation of the Protective Order may

subject me to sanctions by the Arbitrator.

    I shall not divulge any documents, or copies of documents, designated "Confidential"

pursuant to the Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such documents except for

the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

    I submit myself to the jurisdiction of JAMS and the Arbitrator for the purpose of enforcing

or otherwise providing relief relating to the Protective Order.

Executed on _____        _____

           (Date)                                    (Signature)

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Carter, Cady vs. Chipotle Mexican Grill, Inc.
Reference No. 1345000214

I, Hunter Hollis, not a party to the within action, hereby declare that on September 3, 2019, I served the attached Protective Order on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Philadelphia, PENNSYLVANIA, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN   55356
Phone: 612-940-4452
williamslawmn@gmail.com
    Parties Represented:
    Cady Carter

Kristina M. Wright Esq.
Kendra N. Beckwith Esq.
Adam M. Royval Esq.
Messner Reeves, LLP
1430 Wynkoop St.
Suite 300
Denver, CO   80202
Phone: 303-623-1800
kwright@messner.com
chipotlearbitrations@messner.com
aroyval@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

Michael E. Jacobs Esq.
Dioscoro Blanco Esq.
Sabrina Salvato Esq.
Hinkle Shanor LLP
218 Montezuma Ave.
Santa Fe, NM   87501
Phone: 505-982-4554
mjacobs@hinklelawfirm.com
dblanco@hinklelawfirm.com
ssalvato@hinklelawfirm.com
    Parties Represented:
    Cady Carter

Mr. Tanner Walls
Austin J. Gemmell Esq.
Messner Reeves, LLP
1430 Wynkoop St.
Suite 300
Denver, CO   80202
Phone: 303-623-1800
twalls@messner.com
agemmell@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Philadelphia, PENNSYLVANIA on September 3, 2019.

Hunter Hollis

_____X
EMILY PIMENTEL,

        Claimant,            JAMS REFERENCE NO.
                              1100105418

   -against-

CHIPOLTE MEXICAN GRILL, INC.
_____X

## PROCEDURAL ORDER NO. 3

Pursuant to Revised Procedural Order No. 2 the parties had
an opportunity to meet and confer on the terms of a
Protective Order. When the parties were unable to agree,
each had the opportunity to brief the issue, including
submitting to the Arbitrator each side's proposed version
of a Protective Order.

            <u>Parties and Counsel</u>:

            <u>Counsel for Claimant</u>:

            Adam S. Levy, Esquire
            P.O. Box 88
            Oreland, PA 19075
            adamlevy@comcast.net

            <u>Counsel for Respondent</u>

            Lena Brinjikji, Esquire
            Messner Reeves LLP
            805 Third Avenue, 18th Floor
            New York, NY 10022
            lbrinjikji@messner.com

            <u>JAMS Case Manager</u>

            Christine Smith
            csmith@jamsadr.com

Claimant contends that the JAMS Employment Arbitration
Minimum Standards of Procedural Fairness require that
parties to this proceeding have access to relevant
documents at the arbitration hearing. Claimant relies on
JAMS Employment Arbitration Rule 26(b) in support of her
assertion that only proprietary information, trade secrets

1

EXHIBIT
H

or other sensitive information should be designated as confidential. Claimant argues that Respondent routinely makes blanket confidentiality designations to all documents it produces and all testimony of its representatives. In short, Claimant alleges that Respondent uses a Protective Order for tactical purposes, requiring costly and time-consuming discovery disputes. As a result, Claimant's proposed Protective Order requires a good faith basis for each document's designation, placing the onus on the party producing documents to move for protective coverage.

An example of some of the documents Claimant seeks are emails from high-, mid- and store level managers from the same time period in which Claimant was employed. In so arguing, Claimant notes that stores are managed by General Managers and Restaurateurs, the latter of whom oversee three to five stores and who are managed by Field or "Patch" Leaders, who typically have five to ten stores within their purview, who in turn are managed by regional managers all the way up to the (then) Co-Chief Executive Officer. Claimant contends that emails show the effect of the allocation of hours for each store based upon a labor budget and the consequences of failing to meet labor budgets. Claimant asserts that under the Protective Order proposed by Respondent, she is unable to use these emails in other matters even if the case involves the same store, the same managers and the same time period.

Respondent proposes using the protective order that was stipulated to between the parties in or around April 2019. Respondent contends that allowing Claimant to refuse to use the previously agreed protective order and, instead, use Claimant's proposed language, would render a protective order meaningless.

Respondent charges Claimant with attempting to use this single arbitration to pursue a class-wide arbitration, noting that the Agreement to Arbitrate specifically prohibits class-wide arbitration, providing that only individual claims may be arbitrated.

Respondent asserts that agreeing to Claimant's proposed language that confidential documents shall be used, not only for this arbitration, but for "any related JAMS arbitration as to which such documents may be relevant" is improper. Respondent maintains that these arbitrations

2

have never been found to be related as each involves unique claims of working off the clock.

Specifically, Respondent contends that the experiences of other Chipotle employees at other restaurants, managed by other managers and at other times seeking to infer a purported company-wide pattern or practice is improper and that such evidence is irrelevant.

Respondent argues that acceptance of Claimant's proposed language will lead to the submission of more discovery disputes to the Arbitrator, resulting in delay and causing the parties to incur more fees. In sum, Respondent submits that all information or documents disclosed in this matter shall be used solely for purposes of this matter and not in connection with any other litigation or arbitral proceeding.

As a threshold matter, JAMS Employment Rule 26(a) requires the arbitrator to treat "the arbitration proceeding and the Award" as confidential. Both parties agree that Fed. R. Civ. P. 26(c) serves as the basis for designating information "confidential." Further, Fed. R. Civ. P. 26(b) defines the scope and limits of discovery to ensure that parties have the ability to obtain and rely on relevant documents and testimony.

The Arbitrator has considered the arguments of the parties in determining the scope of the Protective Order sought here, based upon the proposals of each party. In light of the parties' intent to determine whether or not they wish to settle this matter by June 19, 2020, the Arbitrator has used this writing to inform the parties so that they are in a better position to determine how to proceed, namely, whether to attempt to settle the matter or proceed to arbitration.

The Protective Order herein places the burden on Respondent to designate documents or information as confidential and rejects the notion that blanket confidentiality designations may be employed with regard to either documents or testimonial evidence. Although the Arbitrator is sensitive to Respondent's concern that individual arbitrations will become class-wide matters, there is evidence from other proceedings that may be relevant to this arbitration, namely, evidence from cases involving the same store(s), the same managers, during the same time

period.   The Arbitrator will ultimately decide disputes regarding these and other evidentiary issues pursuant to the Federal Rules of Evidence and JAMS Rules if the parties are unable to resolve these issues.

Attached hereto is the Protective Order that shall control this arbitration:

May 11, 2020                           /s/ **Carol Wittenberg**

4

**JAMS ARBITRATION**
**Case ID 1100105418**

**EMILY PIMENTEL,**
    **Claimant,**

    vs.

**CHIPOTLE MEXICAN GRILL, INC.,**
    **Respondent.**

---

## STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

Upon stipulation of the parties for an order that trade secret or other confidential information be disclosed only in designated ways:

1.     As used in this Stipulated Order Regarding Confidentiality of Discovery Material ("Protective Order"), these terms have the following meanings:

"Attorneys" means (a) counsel of record; and (b) any other legal counsel or law firm who have a current, written agreement to represent Claimant in this arbitration, so long as legal counsel and/or law firm are identified upon the attached Exhibit A, and legal counsel and/or law firm agrees that he, she and/or law firm shall by bound by this Protective Order;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34 and/or the JAMS rules concerning the Rule 17 exchange and discovery of documents and information;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit B.

2.     A Party may only designate a document "Confidential", to protect trade secrets or other confidential information within the scope of Fed. R. Civ. P. 26(c) and/or JAMS Employment Arbitration Rules & Procedure Rule 26(a) and (b). Parties may not designate an entire production as "Confidential" unless such party has a good faith basis for so designating each such document.

3.     All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action or any related JAMS Chipotle arbitration as to which such document may be relevant, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Any other use is prohibited. If a party believes in good faith that a particular document requires greater protection than that provided in Paragraph 4 – *i.e.*, "Confidential–Attorneys' Eyes Only" – the parties shall meet and confer regarding the appropriate scope of protection, and shall seek the Arbitrator's assistance only if necessary, to resolve the issue of the appropriate scope of protection. The parties agree that they will treat such documents as Confidential–Attorneys' Eyes Only and will not provide access to the material to anyone beyond those persons identified in Paragraph 4(a)-(d) until the parties have either reached an alternative agreement or the Arbitrator has otherwise ruled.

4.     Access to any Confidential document shall be limited to:

(a)     the Arbitrator and his/her staff;

(b)     All attorneys described in Paragraph 1 and their law firms (including, for example,

law clerks, paralegals, secretaries and other support staff employed by their law firms), and their Outside Vendors;

(c)     persons shown on the face of the document to have authored or received it;

(d)     court reporters retained to transcribe testimony;

(e)     the parties;

(f)     witnesses; and

(g)     outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.   A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraph 4 to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit B. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.   Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt

of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Arbitrator or the objecting party.

7.   All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" information shall be taken only in the presence of persons who are qualified to have access to such information.  Parties may not designate an entire deposition as "Confidential" unless such party has a good faith basis for so designating the entire deposition.  The same procedures for contesting "Confidential" designations set out in Paragraph 10 apply to portions of Depositions designated "Confidential" under this paragraph.

8.   Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.   Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. Parties may submit or file a document containing Confidential Information to or with the Arbitrator by transmitting it via electronic mail to the Arbitrator and/or the JAMS case manager(s) assigned to the Arbitrator in this matter.

10.     A party receiving a production of documents containing documents marked as "Confidential" may request a change in the designation of any information designated "Confidential" by the producing party and must do so in writing.  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the parties shall meet and confer within the following 15 days with respect to the designation.  If after meeting and conferring, no agreement is reached, the producing party may move the Arbitrator for protection within 15 days of the meet and confer.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).  If the producing party brings such a motion, the document or other information which is the subject of the motion shall remain as designated until the parties agree otherwise or the Arbitrator rules.

11.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, Attorneys shall be entitled to retain a set of all documents filed with the Arbitrator and all correspondence generated in connection with the action, or any information stored in a "back-up" directory or system in the normal course of business, and in a form that is not readily accessible by a common user.

12.     Any party may apply to the Arbitrator for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.     The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the Arbitrator's Office.  Following that 60-day period, the Arbitrator shall destroy all "Confidential" materials.

So stipulated:

| | |
|---|---|
| Dated: July 26, 2019 | Dated: July 26, 2019 |
| *Adam S. Levy*<br>Law Office of Adam S. Levy, LLC<br>P.O. Box 88<br>Oreland, PA 19074<br>Counsel for Claimant | *Nicole Zolla*<br>Messner Reeves LLP<br>805 Third Avenue, 18th Floor<br>New York, NY 10022<br>Counsel for Respondent |
| Upon the foregoing stipulation, it is so Ordered. | *s* **Carol Wittenberg**<br>Carol A. Wittenberg, Arbitrator<br><br>Dated this __11__ day of __May,__ 2020 |

**EXHIBIT A**

**WILLIAMS LAW FIRM**                    **GIEBEL & ASSOCIATES, L.L.C.**


_s/Kent M. Williams_                     _s/Kevin E. Giebel_
Kent M. Williams                         Kevin E. Giebel
1632 Homestead Trail                     P.O. Box 414
Long Lake, MN 55356                      Lake Elmo, MN 55402
615.940.4452                             651.236.0729
williamslawmn@gmail.com                  kgiebel@ggwklaw.com

**BACHUS & SCHANKER, LLC**               **KIRBY MCINERNEY LLP**


_s/Andrew C. Quisenberry_                _s/Robert J. Gralewski, Jr._
Andrew C. Quisenberry                    Robert J. Gralewski, Jr.
1899 Wynkoop Street, STE 700             600 B Street, Suite 2110
Denver, CO 80202                         San Diego, CA 92101
303.893.9800                             619.784.1442
Andrew.quisenberry@coloradolaw.com       bgralewski@kmllp.com


**LAW OFFICE OF**                        **HINKLE SHANOR LLP**
**ADAM S. LEVY, LLC**


_s/Adam S. Levy_                         _s/Michael E. Jacobs_
Adam S. Levy                             Michael E. Jacobs
P.O. Box 88                              P.O. Box 2068
Oreland, PA 19074                        Santa Fe, NM 87504
267.994.6952                             505.982.4554
adamslevy@comcast.net                    mjacobs@hinklawfirm.com


Each above-named attorney, for themselves and on behalf of their respective law firm(s), agree by their signature hereupon to be bound by this Protective Order, submit to this Tribunal's jurisdiction to enforce said Protective Order within the applicable JAMS Rules and confirm that they currently represent this Claimant pursuant to a written representation agreement.

**EXHIBIT B**

**WRITTEN ASSURANCE**

_____ declares that:

    I reside at _____ in the city of _____ ,

county _____ , state of _____ ;

    I am currently employed by _____ located at

_____ and my current job title is _____ .

    I have read and believe I understand the terms of the Protective Order dated _____ ,

filed in Case No. 1100105418, pending before JAMS. I agree to comply with and be bound by

the provisions of the Protective Order. I understand that any violation of the Protective Order

may subject me to sanctions by the Arbitrator.

    I shall not divulge any documents, or copies of documents, designated "Confidential"

pursuant to the Protective Order, or the contents of such documents, to any person other than

those specifically authorized by the Protective Order. I shall not copy or use such documents

except for the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

    I submit myself to the jurisdiction of JAMS and the Arbitrator for the purpose of

enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____

           (Date)                          (Signature)

## PROOF OF SERVICE BY E-Mail

Re: Pimentel, Emily vs. Chipotle Mexican Grill, Inc.
Reference No. 1100105418

I, Cathleya Fajardo, not a party to the within action, hereby declare that on May 11, 2020, I served the attached PROCEDURAL ORDER NO. 3 and PROTECTIVE ORDER on the parties in the within action by electronic mail at New York, NEW YORK, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN   55356
Phone: 763-473-1383
williamslawmn@gmail.com
   Parties Represented:
   Emily Pimentel

Adam S. Levy Esq.
L/O Adam S. Levy
PO Box 88
Oreland, PA   19075
Phone: 267-994-6952
adamslevy@comcast.net
   Parties Represented:
   Emily Pimentel

Sheryl McInnis Esq.
Hinkle Shanor LLP
P.O Box 2068
Santa Fe, NM   87504
Phone: 505-982-4554
smcinnis@hinklelawfirm.com
   Parties Represented:
   Emily Pimentel

Lena Brinjikji Esq.
Mr. Jason McIntyre
Messner Reeves, LLP
805 Third Ave.
18th Floor
New York, NY   10022-7546
Phone: 646-663-1860
lbrinjikji@messner.com
jmcintyre@messner.com
   Parties Represented:
   Chipotle Mexican Grill, Inc.

Christopher S Studebaker Esq.
Kirby McInerney LLP
250 Park Ave
Suite 820
New York, NY   10177
Phone: 212-371-6600
cstudebaker@kmllp.com
   Parties Represented:
   Emily Pimentel

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on  May 11, 2020.

  /s/ Cathleya Fajardo
Cathleya Fajardo
JAMS
CFajardo@jamsadr.com

**JAMS ARBITRATION**
**Case ID 1100105407**

**FEDERICO KRYSKO,**
　　　**Claimant,**

　　vs.

**CHIPOTLE MEXICAN GRILL, INC.,**
　　**Respondent.**

## [PROPOSED AMENDED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

　　　Upon stipulation of the parties for an order that trade secret or other confidential information be disclosed only in designated ways:

　　　1.　　As used in this Stipulated Order Regarding Confidentiality of Discovery Material ("Protective Order"), these terms have the following meanings:

　　　"Attorneys" means (a) counsel of record; and (b) any other legal counsel or law firm who have a current, written agreement to represent Claimant in this arbitration or any other legal proceeding or JAMS arbitration action against Chipotle based upon the alleged improper denial of wages and compensation for hours worked ("related Chipotle arbitration"), so long as legal counsel and/or law firm are identified upon the attached Exhibit A, and legal counsel and/or law firm agrees that he, she and/or law firm shall be bound by this Protective Order;

　　　"Confidential" documents are documents designated pursuant to paragraph 2;

　　　"Documents" are all materials within the scope of Fed. R. Civ. P. 34 and/or the JAMS rules concerning the Rule 17 exchange and discovery of documents and information;

　　　"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

{03589564 / 1}

**EXHIBIT**
**I**

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      A Party may designate a document "Confidential", to protect trade secrets or other confidential information within the scope of Fed. R. Civ. P. 26(c).

3.      All Confidential documents and/or deposition testimony, along with the information contained in the documents, shall be used solely for the purpose of this action or any other legal proceeding or JAMS arbitration action against Chipotle as to which such document may be relevant, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Any other use is prohibited.  If a party believes in good faith that a particular document requires greater protection than that provided in Paragraph 4 – *i.e.*, "Confidential–Attorneys' Eyes Only" – the parties shall meet and confer regarding the appropriate scope of protection, and shall seek the Arbitrator's assistance only if necessary, to resolve the issue of the appropriate scope of protection. The parties agree that they will treat such documents as Confidential–Attorneys' Eyes Only and will not provide access to the material to anyone beyond those persons identified in Paragraph 4(a)-(d) until the parties have either reached an alternative agreement or the Arbitrator has otherwise ruled.

4.      Access to any Confidential document and/or deposition testimony shall be limited to:

(a)      the Arbitrator and its staff;

(b)      Attorneys, their law firms, and their Outside Vendors;

(c)      persons shown on the face of the document to have authored or received it;

(d)      court reporters retained to transcribe testimony;

(e)      the parties;

(f)     witnesses; and

(g)     outside independent persons (<u>i.e.</u>, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) and (g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Arbitrator or the objecting party.

{03589564 / 1}

7.     All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections and use accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.     Parties may submit or file a document containing Confidential information to or with the Arbitrator by transmitting it via electronic mail to the Arbitrator and/or JAMS case manager(s) assigned to this matter.

10.     Any party may request a change in the designation of any information designated "Confidential".  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Arbitrator for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

{03589564 / 1}

11.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Arbitrator and all correspondence generated in connection with the action.

12.     Any party may apply to the Arbitrator for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.     The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the Arbitrator's Office. Following that 60-day period, the Arbitrator shall destroy all "Confidential" materials.

| | |
|---|---|
| It is so Ordered. | *Patrick J Mahoney* <br><br> Hon. Patrick J. Mahoney (Ret.) <br> Arbitrator <br> Dated this 2nd day of July, 2020 |

{03589564 / 1}

## EXHIBIT A

**WILLIAMS LAW FIRM**

   *s/Kent M. Williams*
Kent M. Williams
1632 Homestead Trail
Long Lake, MN 55356
615.940.4452
williamslawmn@gmail.com

**BACHUS & SCHANKER, LLC**

   *s/Andrew C. Quisenberry*
Andrew C. Quisenberry
1899 Wynkoop Street, STE 700
Denver, CO 80202
303.893.9800
Andrew.quisenberry@coloradolaw.com

**LAW OFFICE OF
ADAM S. LEVY, LLC**

   *s/Adam S. Levy*
Adam S. Levy
P.O. Box 88
Oreland, PA 19074
267.994.6952
adamslevy@comcast.net

**GIEBEL & ASSOCIATES, L.L.C.**

   *s/Kevin E. Giebel*
Kevin E. Giebel
P.O. Box 414
Lake Elmo, MN 55402
651.236.0729
kgiebel@ggwklaw.com

**KIRBY MCINERNEY LLP**

   *s/Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr.
600 B Street, Suite 1900
San Diego, CA 92101
Tel: 619.398.4340
bgralewski@kmllp.com

**HINKLE SHANOR LLP**

   *s/Michael E. Jacobs*
Michael E. Jacobs
P.O. Box 2068
Santa Fe, NM 87504
505.982.4554
mjacobs@hinklawfirm.com

Each above-named attorney, for themselves and on behalf of their respective law firm(s), agree by their signature hereupon to be bound by this Protective Order, submit to this Tribunal's jurisdiction to enforce said Protective Order within the applicable JAMS Rules and confirm that they currently represent this Claimant pursuant to a written representation agreement.

{03589564 / 1}

## **EXHIBIT B**

### **WRITTEN ASSURANCE**

_____ declares that:

    I reside at _____in the city of _____ ,

county _____ , state of _____ ;

    I am currently employed by _____ located at

_____and my current job title is _____.

    I have read and believe I understand the terms of the Protective Order dated _____ ,

filed in Case No. 1100105407, pending before JAMS.  I agree to comply with and be bound by

the provisions of the Protective Order.  I understand that any violation of the Protective Order may

subject me to sanctions by the Arbitrator.

    I shall not divulge any documents, or copies of documents, designated "Confidential"

pursuant to the Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such documents except for

the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

    I submit myself to the jurisdiction of JAMS and the Arbitrator for the purpose of enforcing

or otherwise providing relief relating to the Protective Order.

Executed on _____          _____

            (Date)                                      (Signature)

{03589564 / 1}

## **PROOF OF SERVICE BY E-Mail**

Re: Krysko, Federico vs. Chipotle Mexican Grill, Inc.
Reference No. 1100105407

I, Brian Palencia, not a party to the within action, hereby declare that on  July 2, 2020, I served the

attached Amended Protective Order on the parties in the within action by electronic mail at San Francisco,

CALIFORNIA, addressed as follows:

Kent M. Williams Esq.
Williams Law Firm
1632 Homestead Trail
Long Lake, MN   55356
Phone: 612-940-4452
williamslawmn@gmail.com
    Parties Represented:
    Federico Krysko

Ms Sheryl McInnis
Hinkle Shanor LLP
P.O Box 2068
Santa Fe, NM   87504
Phone: 505-982-4554
smcinnis@hinklelawfirm.com
    Parties Represented:
    Federico Krysko

Robert J. Gralewski Jr. Esq.
Marko Radisavljevic Esq.
Kirby McInerney LLP
600 B Street
Suite 2110
San Diego, CA   92101
Phone: 619-784-3002
bgralewski@kmllp.com
mradisavljevic@kmllp.com
    Parties Represented:
    Federico Krysko

Amish Shah Esq.
Messner Reeves, LLP
11620 Wilshire Blvd.
Suite 500
Los Angeles, CA   90025
Phone: 310-909-7440
ashah@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

Lindsey Pho Esq.
Messner Reeves, LLP
160 W. Santa Clara Street
Suite 1000
San Jose, CA   95113
Phone: 408-298-7120
lpho@messner.com
    Parties Represented:
    Chipotle Mexican Grill, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  July 2, 2020.

*Brian Palencia*
_____
Brian Palencia
JAMS
BPalencia@jamsadr.com

**Samantha Steelman v. Chipotle Mexican Grill, Inc.**
JAMS Reference Number 1130007761

**Order Responding to Motion to Modify Protective Order**

On June 25, 2020, counsel for Claimant submitted by email a request that the Arbitrator in this matter modify the Protective Order to which the Parties stipulated and that the Arbitrator endorsed and issued.

On June 26, 2020, Respondent submitted by email its opposition to Claimant's request.

Claimant requested two different forms of relief, suggesting the second only if the Arbitrator denied the first.

Claimant's favored form of relief would consist of expanding the settings in which material designated confidential could be used. Instead of limiting use of confidential material to this proceeding, as the Order states in its stipulated and issued form, Claimant would have the Arbitrator order that any material marked confidential in this proceeding also could be *used* "*in any other legal proceeding* against Chipotle based upon the alleged improper denial of wages and compensation for hours worked."

The Arbitrator declines to order such a sweeping change in the negotiated Protective Order.

The principal reason for this declination is that this proposed change would expose to a real risk of public disclosure material that has been legitimately deemed sensitive and confidential in this case (including not only proprietary commercial information, but also information that is personal to Claimant or other witnesses). There can be *no guarantee* that all such information would be protected against public disclosure by an *appropriate order in every other wage and hour proceeding against Chipotle*.

In addition, as explained below, this Arbitrator has no authority to declare what evidence can be used in an arbitration over which he is not presiding.

In the alternative, Claimant seeks this Arbitrator's "immediate permission *to use* any emails sent to 'Area Managers All' . . . *in the* Zoom Arbitration *hearing* [Claimant's counsel is] conducting on July 2 and 3, 2020 *before Judge Stock*." In support of this alternative request, Claimant points out that a protective order has been issued in the case before Judge Stock that would prevent any general public disclosure of the subject emails.

The Arbitrator declines to grant this request as phrased. This Arbitrator has no business purporting to issue an order that any category of evidence/information may be 'used' in a proceeding before another arbitrator. Each arbitrator is charged with responsibility to make his or her own determinations about the 'relevance' and possible probative value of evidence proffered in the proceedings before him or her. Each arbitrator also is responsible for evaluating objections made to evidence proffered in the proceeding, thus determining whether concerns about fairness or reliability or any other consideration dictate a decision to deny admission.

Purporting to invade these spheres of reserved responsibility would violate fundamental principles of arbitral procedure and be patently irrational. Not surprisingly, then, an arbitrator in one proceeding has no authority to issue orders in another proceeding.

1

**EXHIBIT
J**

Nonetheless, given all pertinent considerations, including the pendency of many JAMS arbitrations in which claimants are making factual contentions very similar to those made by Ms. Steelman here, there is a step that this Arbitrator will take in response to Claimant's motion.

In this Arbitrator's view, there is a real possibility that some emails sent to "Area Managers All" could be deemed, by other arbitrators, evidence that is relevant to resolving some of the claims that are being pressed against Chipotle by at least somewhat similarly situated claimants in other JAMS proceedings. It is likely that protective orders have been entered in most or all of these other wage and hour arbitrations. And JAMS Rule 26(a) requires JAMS as an entity and every JAMS arbitrator to "maintain the confidential nature of the Arbitration proceeding and the Award."

Given these circumstances, there is no confidentiality-based justification for prohibiting counsel in this case from asking a JAMS arbitrator in a parallel proceeding for permission to enter into evidence an email to "Area Managers All" that was produced in this case under the umbrella of this Protective Order.

Nor are any of the other objections made by Respondent sufficient to justify refusing to change the Protective Order in this case to the limited degree here contemplated. While it is arguable that the motion by counsel for Claimant is untimely and 'short-cuts' the "de-designation process" set forth in the Protective Order, both Parties to this arbitration have 'short-cut' normal case development processes – extensively. The question is not whether the Parties timely complied with all the rules, but whether doing something outside the rules advances the interests of justice without causing unfair prejudice to another party. The limited relief ordered here promotes fairness and prejudices no one.

Here is what that limited relief is.

This Arbitrator hereby *modifies the Protective Order he issued in this case in early May of this year to the following extent*, and only to this extent: in other wage/hour arbitrations by other Chipotle employees (1) that are pending before JAMS arbitrators and (2) in which a protective order has been issued, counsel for Ms. Steelman may seek permission from the presiding JAMS arbitrator to introduce into evidence emails sent to "Area Managers All" – even if the emails were produced by Chipotle in this proceeding and under the umbrella of the Protective Order that was in place here at the time of production.

Of course, it will be the province of the presiding arbitrators in the other proceedings to decide whether any of the proffered emails are relevant and, if so, whether there are any non-relevance grounds to decline to admit them into evidence.

IT IS SO ORDERED.

Dated: June 26, 2020.

Hon. Wayne D. Brazil (Ret.), Arbitrator

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

individually and on behalf of others
similarly situated,

Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

---

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(PHASE 2)**

---

TO: Defendant Chipotle Mexican Grill, Inc. and its attorneys, John K. Shunk, Kendra N. Beckwith, Thomas R. Blackburn, Messner Reeves LLP, 1430 Wynkoop Street, Suite 300, Denver, CO 80202; Richard J. Simmons, Sheppard Mullins Richter & Hampton LLP, 333 South Hope Street, Forty-Third Floor, Los Angeles, CA 90071.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Leah Turner, Araceli Gutierrez, Markeitta Ford, Jolessa Wade, Danya Granado, Brett Charles, and Ruby Tsao, on behalf of themselves and all others similarly situated ("Plaintiffs") hereby request that Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant") produce the documents described below, within 30 days, at the offices of Bachus & Schanker, 1899 Wynkoop Street, Suite 700, Denver, Colorado, 80202. These requests are

**EXHIBIT
K**

continuing in nature. If Defendant or its counsel become aware of any additional documents described herein, Plaintiffs request that Chipotle supplement its responses to these requests and produce such additional documents.

## DEFINITIONS

The documents requested herein are to be construed using the following definitions:

1.      "Defendant," "you," "yours," and "Chipotle" mean and refer to Chipotle Mexican Grill, Inc., and include its current and former affiliated companies, subsidiaries, parents, divisions, predecessors, successors, assigns, as well as its employees, officers, directors, and agents, including its attorneys, accountants, and advisors, and all others working on its behalf.

2.      "Document" is intended to have the same meaning as set forth in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any and all writings, recordings, things or other tangible items or sources of information, whether original or copies, in draft and final form, of every kind and nature whatsoever, however produced, reproduced, or stored. "Document" also includes, without limitation, information stored on paper or other tangible things, and information stored electronically, including active files, archives, backups, and deleted files that can be restored.

3.      "Employee" means any natural person who is or was, on or after February 2, 2012, employed on an hourly basis at any Chipotle restaurant in the United States.

4.      "Members of the collective" refer to all Chipotle employees who opted-in to this litigation and whose claims were not dismissed without prejudice pursuant to the Court's August 3, 2018 order.

5.      "Aloha system" means and refers to the NCR Aloha Restaurant POS Software that is developed, owned, and maintained by NCR Corporation, and is used by Chipotle for timekeeping for Chipotle's employees.

6.      "Aloha recorded data" means and refers to the information that is collected by the Aloha system at the end of each business day, including without limitation timekeeping information.

7.      "Payroll report" means and refers to the report derived from the Aloha recorded data showing the number of hours employees worked and other information Chipotle needs to timely and fully pay its employees for all hours worked.

8.      "End of day transactions close" means and refers to the time at which a particular business day's transactions are closed, typically 12:30 a.m.

### INSTRUCTIONS

1.      The words "and" and "or," as used herein, shall each be construed both conjunctively and disjunctively, so as to make these document requests inclusive rather than exclusive.

2.      The plural form of any word shall be construed to include the singular, and vice-versa.

3.      "Include," and all of its tenses and participles, shall be construed without limitation.

3

4.      If you claim any information requested herein is privileged, identify that material by author(s), subject matter, date, type of document (letter, email, memorandum), all recipient(s), and the type of privilege claimed.

5.      Unless otherwise stated, the time period covered by these Requests is February 2, 2012 to the present.

## DOCUMENTS REQUESTED

1.      All documents, including, but not limited to, directories and organizational charts, which explain, describe, identify and show the hierarchy of, and the inter-relations between regions, districts, areas, restaurants, departments, divisions and units of Chipotle. This includes the individual restaurant level up through, and including, the highest level of Chipotle, and includes identification of, and description of the role, function and responsibility of, every officer, director, area manager, regional or other leader, restrauteur, apprentice, assistant manager, service manager, kitchen manager, or other supervisor from the individual restaurant level up through, and including, the highest level of Chipotle, for all restaurants that employed one or more members the collective.

2.      All documents relating to Chipotle's methods and policies of payment to hourly-paid employees, including without limitation payment for hours worked without being clocked in, "off-the-clock" hours, "retro" payments, postponement of payments until subsequent pay periods, and all other measures used to pay, delay paying, or avoid paying Chipotle's hourly-paid employees for all hours worked.

3.      All documents describing or otherwise referring to Chipotle's company-wide, area, or other regional policies setting targets, caps, limits, or any other goals for store labor costs.

4

4.      All documents describing any company-wide, area, or other regional policy describing or otherwise referring to any bonus, incentive, honor, award, demotion or other punishment, or any change in compensation, for any employee who meets or does not meet any labor-cost goals.

5.      All documents relating to reports of any Chipotle hourly-paid employees being required to perform off-the-clock-work for any reason.

6.      All manuals, instructions, policies, directives, memoranda, and other documents relating to Chipotle's Aloha system or any other timekeeping system used by Chipotle at any time since February 2, 2012.

7.      All documents and/or records evidencing Chipotles policies and/or procedures for what investigations should occur if an employee calls the Chipotle Confidential Respectful Workplace Hotline ("Workplace Hotline") and how records of calls made to the Workplace Hotline are maintained.

8.      All documents relating to any investigation, lawsuit, governmental inquiry, complaint (including, but not limited to, complaints via Chipotle's Workplace Hotline), survey or audit relating to off-the-clock work at, involving, encompassing, including or pertaining to any of the Chipotle restaurants that employed one or more members of the collective.

9.      All documents relating to Chipotle's efforts or measures to identify, discover, resolve, pay for, discipline or punish managers for, or end any instance, occurrence or practice of, off-the-clock work by Chipotle's hourly-paid restaurant employees at any of the Chipotle restaurants that employed one or more members of the collective.

5

10.     All documents relating to any payments made to reimburse any claims, or to reimburse any hourly-paid restaurant employee, for off-the-clock work at any of the Chipotle restaurants that employed one or more members of the collective.

11.     All documents relating to the disciplining of any person for violating Chipotle's timekeeping and time punch policies described in the Declaration of David Gottlieb in Support of Defendant Chipotle Mexican Grill, Inc.'s Opposition to Plaintiffs' Motion for Conditional Collective Action Certification, *Harris et al. v. Chipotle*, Case No.: 0:13-cv-01719-SRN-SER (D. Minn.), December 6, 2013 ("Gottlieb Declaration"), by failing to accurately record time for work performed after the automatic clocking out of employees as part of the Aloha system "reset" that occurs with the end of day transactions close.

12.     All documents relating to complaints, lawsuits, claims, investigations, and other instances in which it was alleged that you did not pay an employee for all time worked after the Aloha system "reset" that occurs with the end of day transactions close, including without limitation all "complaint log[s], complaint reports, and related materials" generated from complaints made to "Chipotle Confidential" as set forth in the "Whistleblower Policy" described in the Gottlieb Declaration.

13.     All documents relating to the changes made to the timekeeping and time punches provisions of the Crew and Restaurant Manager Handbooks as shown in Gottlieb Declaration, regarding the automatic clocking out of employees at 12:30 a.m. as part of the Aloha system "reset" that occurs with the end of day transactions close, including without limitation all reason(s) for making the changes, and all person(s) involved in making the changes.

6

14.     All documents relating to the measures taken to ensure compliance with Chipotle's timekeeping and time punch policies as described in the Gottlieb Declaration, as those policies relate to the automatic clocking out of employees as part of the Aloha system "reset" that occurs with the end of day transactions close, including without limitation all training, monitoring, audits, investigations, and discipline imposed for violations of the policies.

15.     All documents relating to measures taken to ensure that time for work performed after the automatic clocking out of employees as part of the Aloha system "reset" that occurs with the end of day transactions close is included in the Aloha recorded data used in the payroll report covering the time period in which the additional work was performed, or is otherwise recorded and compensated by Chipotle.

16.     All documents relating to employees being automatically clocked out as part of the Aloha system's end of day transactions close who did not either immediately clock back in or obtain a "time punch edit," including without limitation all records of such instances.

17.     All documents, including without limitation employee files, timekeeping records, "time punch edits," payment records, correspondence, memoranda, schedules, agreements, settlements, and other documents relating to the Chipotle employees in the collective.

18.     All documents or other records showing when the security systems were armed at each of the Chipotle restaurants that employed one or more members of the collective.

19.     All videotapes or video recordings of evening shift workers after 10:00 p.m. at each of the Chipotle restaurants that employed one or more members of the collective.

Dated:  November 21, 2018.                    Respectfully Submitted By:

                                              /s/ Michael E. Jacobs
                                              **HINKLE SHANOR LLP**
                                              Thomas M. Hnasko
                                              Michael E. Jacobs
                                              Julie A. Sakura
                                              P.O. Box 2068
                                              Santa Fe, NM 87504
                                              Tel: 505.982.4554
                                              thnasko@hinklelawfirm.com
                                              mjacobs@hinklelawfirm.com
                                              jsakura@hinklelawfirm.com

**WILLIAMS LAW FIRM**                         **LAW OFFICE OF ADAM S. LEVY,**
Kent M. Williams                              **LLC**
1632 Homestead Trail                          Adam S. Levy
Long Lake, MN  55356                          P.O. Box 88
Tel: 615.940.4452                             Oreland, PA 19074
williamslawmn@gmail.com                       Tel: 267.994.6952
                                              adamslevy@comcast.net

**GIEBEL AND ASSOCIATES, LLC**                **KIRBY MCINERNEY LLP**
Kevin E. Giebel                               Robert J. Gralewski, Jr.,
P.O. Box 414                                  600 B Street, Suite 1900
Lake Elmo, MN 55042                           San Diego, CA 92101
Tel: 651.236.0729                             Tel: 619.398.4340
kgiebel@ggwklaw.com                           bgralewski@kmllp.com

*ATTORNEYS FOR NAMED AND OPT-IN PLAINTIFFS*

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2018, a true and correct copy of the foregoing Plaintiffs' First Set of Requests for Production (Phase 2) was served via electronic mail on:

**MESSNER REEVES LLP**
John K. Shunk
Kendra N. Beckwith
Thomas R. Blackburn
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Tel: 303-623-1800
jshunk@messner.com
kbeckwith@messner.com
tblackburn@messner.com

**SHEPPARD MULLING RICHTER & HAMPTON LLP**
Richard J. Simmons (pro hac vice)
333 South Hope Street
Forty-Third Floor
Los Angeles, CA 90071
rsimmons@sheppard mullin.com

*Attorneys for Defendant*

/s/ *Michael E. Jacobs*
Michael E. Jacobs