IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated

      Plaintiffs

v.

CHIPOTLE MEXICAN GRILL, INC.

      Defendant

## DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION TO RESTRICT PUBLIC ACCESS

Defendant Chipotle Mexican Grill, Inc. (Chipotle), through undersigned counsel, respectfully requests that the Court apply a Level 1 restriction to Dkts. 321, 321-2, and 321-3. In support of this request, Chipotle states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1, counsel for Chipotle has conferred with counsel for Plaintiffs regarding the relief requested herein. Plaintiffs oppose this motion.

### INTRODUCTION

In confidential arbitration proceedings, Plaintiffs' counsel have repeatedly and consistently disclosed a document produced in this action deemed confidential pursuant to an

agreed-upon protective order and subject to Level 1 confidentiality restrictions by this Court. Chipotle has filed a Motion to Enforce Protective Order (Motion) with this Court to stop this conduct and enforce those confidentiality restrictions. (*See* Dkt. 321.)

To properly bring this conduct to the Court's attention through its Motion, Chipotle was forced to detail the nature of that confidential and restricted document, and reveal sensitive details of confidential arbitration proceedings. (*See generally* Dkt. 321.) Chipotle was further forced to attach exhibits with specific email evidence of Plaintiffs' counsel conduct in those arbitrations, which contained details of the claims and disputes in the arbitration proceedings and also presented in full the confidential and restricted document that Plaintiff's counsel had attached in several emails in the arbitrations. (Dkts. 321-2, 321-3.)

The details and contents of that confidential and restricted document, along with details of the claims and disputes in confidential arbitration proceedings, should not be publicly available. Indeed, Chipotle should not be punished for bringing Plaintiffs' counsel prohibited conduct to this Court's attention by allowing those sensitive and confidential details to remain publicly available on this case's docket. For the reasons set forth below, Chipotle respectfully requests Level 1 restriction for the Motion (Dkt. 321) and accompanying Exhibits B and C (Exhibits) (Dkts. 321-2, 321-3.)

## FACTUAL BACKGROUND

Chipotle incorporates by reference the Factual Background set forth in Dkt. 321. Chipotle further by incorporates the Factual Background set forth in Dkt. 324 at 3 (providing context of Plaintiffs' counsel initiating JAMS arbitrations on behalf of individuals dismissed from this action as improper parties).

# ARGUMENT

Access to the Motion (Dkt. 321) and Exhibits B and C (Dkt. 321-2, 321-3) should be Level 1 restricted, and Chipotle's right to confidential arbitration proceedings preserved, for the following reasons.

### 1. The Court can restrict public access to documents.

"All courts have supervisory powers over their own records and files. Thus, a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal quotations and citations omitted). To that end, a party seeking to restrict access to documents must (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify the injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable; and (5) identify the level of restriction sought. *See* D.C.Colo.L.Civ.R 7.2(c). Because Chipotle satisfies the factors above, Chipotle's request should be granted.

### 2. Chipotle seeks Level 1 restriction for the Motion (Dkt. 321) and accompanying Exhibits B and C (Dkts. 321-2, 321-3).

In its Motion, Chipotle was forced to detail the nature of a confidential and restricted document produced in this litigation, and also reveal sensitive details of confidential arbitration proceedings. (*See generally* Dkt. 321.) Chipotle was further forced to attach exhibits with specific email evidence of Plaintiffs' counsel conduct in those arbitrations, which contained details of the claims and disputes in the arbitration proceedings and also presented in full the confidential and restricted document that Plaintiff's counsel had attached in several emails in the arbitrations. (Dkts. 321-2, 321-3.) Chipotle requests Level 1 restriction for these filings.

### 3. Chipotle's contractual and privacy interests outweigh the presumption of public access.

Chipotle and the Arbitration Opt-Ins agreed to resolve their disputes through confidential arbitration. (*See* Arbitration Agreement, attached as **Exhibit A**, ¶ 3; *see also* JAMS Rules 26(a), attached as **Exhibit B**.) Chipotle has a contractual interest in that bargained-for confidentiality which implicates the "sound public policy objective" of "promot[ing] the voluntary execution of private arbitration agreements[.]"[1] *Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015) (sealing six awards issued in confidential arbitrations); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009) ("[U]pholding the terms of the Confidentiality Agreement will promote the voluntary execution of private arbitration agreements; a sound public policy objective.").

"Moreover, there are legitimate concerns involving the parties' privacy interests and the potential for reputational harm in light of the confidential arbitration." *Original Appalachian Artworks, Inc. v. Jakks Pac., Inc.*, No. 1:14-CV-02861-ELR, 2017 WL 5476798, at *4 (N.D. Ga. Mar. 6, 2017) (sealing documents related to motion to confirm award rendered in confidential arbitration), *aff'd*, 718 Fed. Appx. 776 (11th Cir. 2017). To alert this Court of Plaintiffs' counsel's conduct, Chipotle was required to submit documents containing sensitive details of the claims and disputes in confidential arbitration proceedings. Chipotle should not be denied its bargained-for contractual interest in confidentiality where it was left no alternative but to seek a

---

[1] The Arbitration Opt-Ins presumably have a similar contractual interest but they are not parties to this case and their attorneys have seen fit to ignore their interests, as well as their contractual obligations, in favor of Plaintiffs.

remedy from this Court to stop Plaintiffs' counsel's conduct in confidential arbitrations—and, in order to seek that remedy, Chipotle necessarily had to provide details of Plaintiffs' counsel's conduct in confidential arbitrations.

Therefore, Chipotle's contractual and privacy interests outweigh the public's interest in access to the Motion and Exhibits.

### 4. Chipotle's contractual and privacy interests will be damaged if Level 1 restriction is not applied.

If the Motion and Exhibits remain publicly available on the Court's docket, the arbitration proceedings referenced in the same will no longer be confidential. This would deprive Chipotle of the benefit of its bargain with the Arbitration Opt-Ins and negate the express terms of the arbitration agreements requiring resolution of disputes under the JAMS Rules, one of which is confidentiality. (*See* **Ex. A**, Arbitration Agreement, ¶ 3; *see also* **Ex. B**, JAMS Rules 26(a).) The right to arbitration is fiercely protected by the Supreme Court and would necessarily suffer if access to the Response and the Declaration is not restricted. *See, e.g., Century Indemnity*, 592 F. Supp. 2d at 828 (noting "the integrity of the arbitration process . . . could be jeopardized" if confidentiality was not maintained). Additionally, the public disclosure of the operational information contained in the JAMS materials would cause competitive injury and financial harm to Chipotle. (*See* Dkt. 288.)

Therefore, Chipotle's contractual and privacy interests will be damaged if Level 1 restriction is not applied.

### 5. No alternative exists to Level 1 restriction.

The Exhibits contain emails from confidential arbitrations, along with attachments of a confidential and restricted document produced in this action and disclosed by Plaintiff's counsel

5

in those confidential arbitrations. The Exhibits contain no other substantive information. Thus, alternatives to restriction, such as redaction, are not practicable because *all* of the contents of the Exhibits are confidential. In other words, redaction would be the functional equivalent of restriction. The Motion, in its present unredacted form, details the nature of a confidential and restricted document, refers to and discusses the confidential arbitration proceedings, and details Plaintiffs' counsel's specific conduct in those confidential arbitrations—none of which should be publicly available. Therefore, the entire as-filed Motion and Exhibits must be protected from public consumption and be granted level 1 restriction.

## CONCLUSION

For the reasons set forth above, Chipotle requests that the Court designate the Motion (Dkt. 321) and Exhibits B and C (Dkts. 321-2, 321-3) as Level 1 Restricted, limiting access to the Court and parties.

Dated: July 23, 2020

Respectfully Submitted,

MESSNER REEVES LLP

*s/ Kendra N. Beckwith*

Kendra N. Beckwith, #40154
Michelle Harden, #36682
Tanner J. Walls, #41534
Allison J. Dodd, #43835
Kristina M. Wright, #47337
Darren D. Alberti, #52741
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
E-mail: kbeckwith@messner.com
E-mail: mharden@messner.com
E-mail: twalls@messner.com
E-mail: adodd@messner.com
E-mail: kwright@messner.com
E-mail: dalberti@messner.com

DLA PIPER LLP (US)
Levi Heath, CA Bar No. 220854
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Telephone: (310) 595-3000
Levi.Heath@dlapiper.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, I electronically filed and served the foregoing **DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S MOTION TO RESTRICT PUBLIC ACCESS** via the CM/ECF system which will send notification of such filing to all counsel of record listed on CM/ECF system, including:

- Adam S. Levy, adamslevy@comcast.net

- Andrew C. Quisenberry, andrew.quisenberry@coloradolaw.net

- Darrin L. Schanker, dschanker@coloradolaw.net

- Julie A. Sakura, jsakura@hinklelawfirm.com

- Kent M. Williams, williamslawmn@gmail.com

- Kevin E. Geibel, kgiebel@ggwklaw.com

- Michael E. Jacobs, mjacobs@hinklelawfirm.com

- Robert J. Gralewski, Jr., bgralewski@kmllp.com

- Thomas M. Hnasko, thnasko@hinklelawfirm.com

*/s/ Kendra N. Beckwith*

8