**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

individually and on behalf of others
similarly situated,

  Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

  Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO ENFORCE
PROTECTIVE ORDER**

---

  The party seeking a protective order has the burden to show good cause for it. *Layne Christensen Company v. Purolite Company*, 271 F.R.D. 240, 244 (D.Kan. 2010). To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." A special type of protective order, one that limits the disclosure, use, and dissemination of the parties' confidential information, also requires a showing of good cause under Rule 26(c). For these types of protective orders, the party or parties seeking the protective order must provide a "concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c)." *Id.*

Chipotle cannot make the required showing. The *Harris* Protective Order allowed the use of confidential documents in related proceedings. This same use provision was adopted for confidential documents produced in this matter. The arbitrations, each of which was brought by a former Turner opt-in, are unquestionably related to this case. Moreover, each is governed by a protective order that restricts the dissemination of confidential materials. As such, Chipotle can show no prejudice from the use of the document at issue, even if it was confidential, which it is not.

1. The list at issue is not confidential.

The existence of the "Respectful Workplace" complaint reporting system is not a secret. It is disclosed in another document Chipotle claims is "confidential," the Employee Handbook. *See* Employee Handbook at 7, Exhibit A hereto. The Handbook is disseminated to thousands of new employees every year. most of whom last no more than a few months at the company. It has been filed in open court in numerous cases against Chipotle, and is publicly available on Pacer. *See id*. Respectful Workplace complaints also have been filed in open court in cases involving Chipotle, and also are publicly accessible on Pacer. *See* Exhibit B hereto (two complaints accessed from Pacer).

2. Chipotle's interpretation of the *Harris* Protective Order is wrong.

Chipotle acknowledges that the Harris Protective Order authorizes disclosure and use of confidential documents in "these and other related FLSA actions." *See* Mot. at 8; Ex. A at ¶ 3. Chipotle claims that the plural "these" referred only to the singular *Harris* action, and therefore extends only to other FLSA actions involving the conduct of a single, unidentified manager in Crystal, MN. *See* Mot. at 8-9. The undisputed facts contradict Chipotle's assertions.

For one thing, the "*Harris*" Protective Order was dual-captioned; thus, the *Harris* Protective Order covered both *Harris* (a collective action involving closing shifts at the Crystal, MN location and a then-putative statewide class action) and *Woodards* (a then-putative, company-wide collective action and then-putative statewide class action brought by an employee from the Golden Valley, MN location).[1]  *See* Mot. Ex. A, at 1 (caption stating that both actions are brought "on behalf of themselves (or himself) and all others similarly situated." The fact that the Protective Order covered *two* broadly-alleged, nationwide, putative collective and class action cases, is are why the language in the Harris Protective Order refers to "these" actions and not "this" action.

Second, neither the *Harris* or the *Woodards* action was limited to the conduct of a "single manager." *Id.*  As in this case, the plaintiffs in both *Harris* and *Woodards* alleged a pattern and practice indicating culpability of top decisionmakers at the company.[2]  This is why Chipotle produced documents well beyond managers at the Crystal or Golden Valley locations, including relevant emails from the Monty Moran, the Chief Executive Officer; Jack Hartung, the Chief Financial Officer; Mike Duffy, the Head of Restaurant Operations; and other senior managers (including Executive Team Directors for regions other than the Central Region, where Minnesota

---

[1] The establishment of the *Turner* collective rendered the *Woodards* collective allegations moot, so in April of 2016 Woodards amended his complaint to remove the collective allegations, without opposition by Chipotle.

[2] *See* ECF No. 6 (Chipotle's Motion to Dismiss) at 6-7 (quoting the *Turner* Complaint, e.g. "For at least three years prior to the filing of this action and continuing through the date of this action, Chipotle has devised and implemented general policies and practices to deprive its hourly-paid restaurant employees of the compensation to which they are entitled" and other language that "is identical to that alleged in the *Harris* Complaint and mirrors that complaint.").

is located). Similarly, in this case Chipotle has produced documents affecting stores throughout the country, including the document at issue.

Chipotle tries to blur the distinction between documents produced in *Harris* (not relevant here) and documents produced in *Turner* (relevant here), because it renders their interpretation absurd. If Chipotle's interpretation were correct, confidential documents produced in *Turner* could not be used in *Turner* to the extent they were used to prove conduct beyond that of an unnamed manager at a single store in Crystal, Minnesota. Chipotle provides no proof that counsel agreed to any such restriction, which essentially would render discovery a nullity in this case.

Thus, it cannot be seriously disputed that the *Turner* action is related to the *Harris* and *Woodards* actions. As Chipotle pointed out when it moved to dismiss the complaint in this matter, *Turner* and *Harris* both involve the same defendant, factual allegations, time period, and counsel.[3] Indeed, Ms. Turner was formerly an opt-in plaintiff in Harris.[4] Moreover, members of the *Turner* collective worked at the same Crystal and the Golden Valley stores that were at issue in *Harris* and *Woodards*, respectively.[5] Even Chipotle has pointed out the relatedness of these cases when convenient to do so.[6]

---

[3] *See* ECF No. 6 at 2 ("The parties, claims, issues, and requested relief are substantially identical with those in a collective action previously filed by Plaintiff Turner's counsel and in which Plaintiff Turner was a party – *Harris v. Chipotle Mexican Grill, Inc.*, Case No. 13-cv-1719, D. Minn. ("*Harris*").

[4] *Id.* at 15.

[5] According the records of plaintiffs' counsel, a total of 10 *Turner* opt-ins worked at the Crystal location, and another 10 worked at the Golden Valley location.

[6] *See* ECF No. 6 (Chipotle's Motion to Dismiss) at 2 ("Further, Defendant requests that this Court take judicial notice of the *Harris* action, which should have been identified as a related case when Plaintiff Turner filed her action pursuant to D.C.COLO.LCivR 3.2.").

    3.   <u>The Turner action and the arbitrations are "related actions."</u>

It is undisputed that the parties agreed to "abide by the terms of the protective order in *Harris v. Chipotle Mexican Grill, Inc.*, United States District Court for Minnesota Case No. 0:13-cv-01719-SRN-SER." Mot. at 2. By adopting the language of the *Harris* Protective Order, the parties evidenced their intent that confidential documents could be used in actions other than this one. If the language allowing use of confidential documents "in these *and other* related FLSA actions" is to be given effect in *Turner*, it must extend the use of documents to actions other than *Turner*. It is hard to imagine an action more "related" to Turner than one involving claims of former members of the Turner collective, who were dismissed without prejudice solely because they signed mandatory agreements requiring them to bring their claims in arbitration.

Chipotle also contends that arbitrations are not "actions."[7] The Agreement to Arbitrate, however, states otherwise. *See* Agreement to Arbitrate (attached hereto as Exhibit D), ¶ 5 (stating that neither party may not bring or participate in any "representative proceeding or action other than on an individual basis."). Construing the agreement according to its plain meaning, the parties intended for "action" to include arbitrations.

    4.   <u>Chipotle cannot show any prejudice</u>.

Despite the fact that Chipotle keeps secret neither the existence of the program, nor specific complaints made to that program, Chipotle complains about disclosure of only a *list* of complaints made to the program. The list at issue does not disclose anything about the inner workings of the

---

[7] Chipotle asserts that only federal cases qualify as actions, but this is belied by, for example, the Colorado Rules of Civil Procedure for Courts of Record in Colorado, which refers to state court cases as "actions." *See* Mot. at 9.

5

complaint system itself. It is simply a list of files, the most recent of which was from 2016, identified by general allegation type, date and time the complaint was opened, location at issue, and state. Chipotle makes no attempt to show how disclosure of this information to one of its *competitors* would cause competitive harm to Chipotle, much less disclosure to an *Arbitrator* who is bound to keep everything in the arbitration confidential. *See* JAMS Employment Arbitration Rule 26, attached hereto as Exhibit C.

Chipotle also makes no mention of the fact each of the arbitrations is covered by its own protective order. As such, Chipotle is utterly unable to show any prejudice form the use of the document in the arbitrations. Chipotle merely seeks to limit the use of probative evidence, in an effort to suppress the truth about the conduct of its managers.[8]

## CONCLUSION

For the afore-mentioned reasons, the plaintiffs respectfully request that the motion be denied in its entirety.

Dated: August 4, 2020.

                                      Respectfully submitted,

                                      */s/ Andrew C. Quisenberry*
                                      Andrew C. Quisenberry
                                      Darin L. Schanker
                                      BACHUS & SCHANKER, LLC
                                      101 West Colfax Avenue, Suite 650
                                      Denver, CO 80202
                                      Tel: 303.893.9800
                                      Fax: 303.893.9900
                                      andrew.quisenberry@coloradolaw.net
                                      dschanker@coloradolaw.net

---

[8] Chipotle implies that counsel have improperly divulged documents from this matter to associated counsel in the arbitrations. All counsel for claimants are working cooperatively and have orally agreed to be bound by oral Turner agreement, as well as the written protective orders entered in each of the arbitrations.

| | |
|---|---|
| Thomas M. Hnasko<br>Michael E. Jacobs<br>HINKLE SHANOR LLP<br>P.O. Box 2068<br>Santa Fe, NM 87504<br>Tel: 505.982.4554<br>Fax: 505.982.8623<br>thnasko@hinklelawfirm.com<br>mjacobs@hinklelawfirm.com | Kent Williams<br>WILLIAMS LAW FIRM<br>1632 Homestead Trail<br>Long Lake, MN 55356<br>Tel: 612.940.4452<br>williamslawmn@gmail.com |
| Adam S. Levy<br>LAW OFFICE OF ADAM S. LEVY, LLC<br>P.O. Box 88<br>Oreland, PA 19075<br>Tel: 267.994.6952<br>adamslevy@comcast.net | Robert J. Gralewski, Jr.<br>KIRBY MCINERNEY LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Tel: 619.398.4340<br>bgralewski@kmllp.com |
| Kevin E. Giebel<br>Giebel and Associates, LLC<br>P.O. Box 414<br>Lake Elmo, MN 55402<br>Tel: 651.236.0729<br>kgiebel@ggwklaw.com | |

*Attorneys for Named and Opt-In Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2020, a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO ENFORCE PROTECTIVE ORDER** was filed and served electronically via CM/ECF and addressed to:

MESSNER REEVES LLP

Kendra N. Beckwith
Michelle Harden
Tanner J. Walls
Allison J. Dodd
Kristina M. Wright
Darren D. Alberti
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Tel: 303.623.1800
kbeckwith@messner.com
mharden@messner.com
twalls@messner.com
adodd@messner.com
kwright@messner.com
dalberti@messner.com

DLA PIPER LLP (US)

Levi Heath, CA Bar No. 220854
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel: 310.595.3000
Levi.Heath@dlapiper.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

>                                          */s/ Andrew C. Quisenberry*
>                                          Andrew C. Quisenberry

8