# EXHIBIT A

```
                       JAMS ARBITRATION
                        No. 1425027542
```

**Shanya Hopkins,**

      **Claimant,**

   and

**Chipotle Mexican Grill, Inc.,**

      **Respondent.**

---

SCHEDULING ORDER NO. 17

1. <u>Parties</u>:   Shanya Hopkins                  (Claimant)

                  Chipotle Mexican Grill, Inc.     (Respondent)

2. <u>Attorneys</u>:   Adam S. Levy, Esq.             (Claimant)
                  Law Firm of Adam S. Levy
                  P.O. Box 88
                  Oreland, Pa. 19075
                  Tel.: 267-994-6952
                  Email: Adamslevy@comcast.net

                  Kent Williams, Esq.            (Claimant)
                  Williams Law Firm
                  1632 Homestead Trail
                  Long Lake, Minn. 55356
                  Tel.: 612-940-4452
                  Email: williamslawmn@gmail.com

                  Asish Nelluvely, Esq.          (Respondent)
                  Abigail Nitka, Esq.
                  Messner Reeves LLP
                  805 Third Avenue
                  Eighteenth Floor
                  New York, New York 10022
                  Tel.: 646-663-1860
                  Email: ANelluvely@messner.com
                           ANitka@messner.com

```
3. Arbitrator:      Michael H. Dolinger
                    JAMS
                    620 Eighth Avenue
                    16th/34th Floors
                    New York, New York 10018


4. Case Manager:    Shavonne Applewhite
                    JAMS
                    620 Eighth Avenue
                    34th Floor
                    New York, New York 10018
                    Tel.:212-607-2712
                    Fax: 212-751-4099
                    Email: sapplewhite@jamsadr.com
```

5. Claimant has applied for an order challenging confidentiality designations invoked by respondent to preclude the disclosure of the transcript of the deposition of Mr. Eric Moyer and the exhibits used in that deposition. (Sept. 1 & 13, 2019 letters from Adam S. Levy, Esq.). After initially and unsuccessfully arguing that we lack jurisdiction to consider this motion (Sept. 3, 2019 email from Asish Nelluvely, Esq.; Scheduling Order No. 16, para. 6[1]), respondent has opposed claimant's motion, contending, <u>inter alia</u>, that she lacks standing and that any decision that we might make on this motion would be an improper "advisory opinion". (Sept. 12, 2019 letter from Asish Nelluvely,

---

[1] In the cited passage we stated, with regard to our jurisdiction:

> Although the parties previously reported that they have agreed on terms to resolve claimant's claims, the case remains open based on the reservation of the litigants to brief the attorney's fee and cost issues, if needed. (Aug. 14, 2019 email from Adam S. Levy, Esq.). That alone suffices to ensure that we have jurisdiction over the current application, which arises from arbitral discovery issues and seeks to determine the use that the parties may make of documents and testimony generated in discovery. (We therefore need not address the question of whether, in the context of a closed arbitration, the arbitrator may entertain an application addressing the status of documents exchanged during the arbitration.)

2

Esq.). Chipotle further asserts that the motion is not only devoid of merit but made for an improper purpose (to allow the use of the Moyer deposition in other, parallel arbitrations against respondent), and that we should therefore "strike" the motion and impose monetary sanctions on claimant's counsel. (Id.)

6. The Moyer deposition was conducted in this case to address questions concerning the availability or destruction of documents embodying surveillance video and alarm records from Chipotle's stores, an issue that appears to be potentially relevant in many or all of the numerous individual arbitrations currently or recently pending against Chipotle by store employees alleging non-payment of wages. Indeed, in one or more of these cases claimants have filed spoliation motions premised on Chipotle's representation that it no longer has access to these records.

7. Under the governing Stipulation for Protective Order in this case, respondent designated the entirety of the Moyer deposition transcript and associated exhibits as "confidential", a designation that limits the claimant to using the documents "solely for the purpose of this action" and precludes her from disclosing them or their contents to anyone other than the individuals listed in the Stipulation. (Stip. at paras. 3-4). The Stipulation authorizes such protection for "trade secrets or other confidential information within the scope of Fed. R. Civ. P. 26(c)." (Stip., para 2). The claimant's current motion is made pursuant to paragraph 10 of the Stipulation, which states that

> Any party may request a change in the designation of any information designated "Confidential". . . . If the requested change in designation is not agreed to, the party seeking the change may move the Arbitrator for appropriate relief . . . . The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

8. Claimant has asserted, in substance, that respondent's confidentiality designations for the entirety of the deposition transcript and exhibits are improper and should be set aside both because there was no "good cause" under Rule 26(c) for the original confidentiality stipulation and because the material in question does not constitute trade secrets or confidential information, as required under paragraph 2 of the Stipulation. Before addressing these issues, we consider respondent's argument

3

about standing and its assertion that a decision on the motion would amount to an impermissible "advisory opinion". We reject both assertions.

9. The standing argument turns on the current procedural posture of the case. We have been advised that the parties have orally agreed upon a payment that would satisfy claimant's claims for failure to pay wages. Given that circumstance, respondent argues that Ms. Hopkins has no standing because, in effect, the case is over, even though the parties have not agreed on the specific terms of a written settlement agreement and have also not agreed on the amount of attorney's fees, to which claimant would presumptively be entitled as the prevailing party. The assumptions on which respondent's argument rest are misguided. First, the case is not over until the parties enter into a stipulation to that effect or the arbitrator issues a final award, neither of which have occurred. Second, respondent's further assumption, that claimant cannot be heard to challenge the confidentiality designation because a ruling in her favor on that issue would not benefit her in view of her agreement on a payment for her claims also misses the mark. The Stipulation for Protective Order empowers claimant to make the motion that she is pursuing and does not require that relief on that application turn on whether it will benefit her case. As a party to the lawsuit and to the Stipulation, she is entitled to seek the requested relief based solely on the contention that the confidentiality designations were not justified under the incorporated standards from Rule 26(c). Her protected interest in this respect is that success would enable her to treat the documents as not confidential, thus allowing her to communicate them or their contents to others for purposes other than use in this litigation and freeing her from the obligation to destroy or return those documents within 60 days after closure of the case. (See Stip., para. 11). That is precisely what paragraph 10 of the Stipulation was designed to allow a party if she is successful on a designation challenge.

10. Respondent appears to assume that such a step –- that is, allowing claimant to disclose these documents to other claimants even if they are not properly deemed confidential -- would somehow violate JAMS rules referring to confidentiality of the arbitration. That assertion too is erroneous. The rule in question, JAMS Employment Rule 26(a), requires the arbitrator to treat "the arbitration proceeding and the Award" as confidential, but that requirement does not mean that all documents produced in discovery in an arbitration are clothed with the requirement that

4

the discovering party not disclose them to others.[2] Indeed, were that the case, the Stipulation would be superfluous, which it plainly is not. Moreover, if respondent's reading of the rule were correct, Chipotle would itself be in violation, since it has agreed in some other parallel arbitrations to turn over the Moyer deposition and exhibits for use by the claimants rather than subject Mr. Moyer to multiple depositions on the same issues.

11. Respondent's further apparent assumption that general confidentiality requirements preclude any disclosure of discovery materials, much less of the proceeding itself, for potential use in other cases, is belied by a rich body of caselaw.[3] Thus, for example, when a party seeks either to enforce or set aside an arbitral award, the award and other arbitral documents must be presented to a court, and the courts have routinely held that those documents are properly placed on the publicly available docket despite contractual or other provisions requiring confidentiality. See, e.g., Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgt. Co., 2012 WL 3583176, *5-6 (S.D.N.Y. Aug. 21, 2012); accord, e.g., Redeemer Committee of Highland Credit Strategies Funds v. Highland Capital Mgt., 182 F. Supp.3d 126, 133 (S.D.N.Y. 2016); Valeron Holding BV v. Morgan Stanley, 2014 WL 1569610, *1, 6-8 (S.D.N.Y. April 16, 2014)(granting partial unsealing).[4] Moreover, and still more to the point, courts have at various times held that arbitral documents may be accessed in

---

[2] The cited rule states:

> JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.

[3] Respondent's suggestion that all information pertaining to an arbitration must be withheld in any other case or context is also potentially in tension with its own attorney's description on this motion of events occurring in other Chipotle arbitrations.

[4] As observed in Valeron, "a private agreement to arbitrate a dispute does not cloak documents and other evidence relevant to that dispute with a 'shield of invisibility' or immunize them either from public disclosure in connection with other, related proceedings or from publication in connection with those other proceedings." Id. at *1.

5

discovery in other cases upon an adequate showing of need. See, e.g., Contship Containerlines v. PPG Industries, Inc., 2003 WL 1948807, *2-3 (S.D.N.Y. April 23, 2003)(quoting Caringal v. Karteria Shipping Ltd., 2001 WL 874705, *1 (E.D. La. Jan. 24, 2001) & citing United States v. Panhandle E. Corp., 118 F.R.D. 346, 349-51 (D. Del. 1988)(authorizing disclosure even though confidentiality was "implied in law" in the UK); CAA Sports LLC v. Dogra, 2018 WL 6696622, *2 (E.D. Mo. Dec. 20, 2018) (confidentiality agreement governing arbitration "does not bind this court –- being an agreement solely between the parties."). See also Valeron Holding, 2014 WL 1569610 at *8.[5]

12. Respondent's further assertion that a ruling on the merits of the current motion would be an improper advisory opinion is also meritless, as it conflates a ruling on claimant's claims (once definitively settled) with a ruling on a discovery issue that is still live. As noted, if claimant prevails on the current motion, that will have concrete consequences, including allowing claimant to handle the documents that she now possesses without the current restriction on use and the mandate that they ultimately be destroyed or returned to respondent. In short, the motion is not an application in search of abstract advice from the court; it seeks a ruling with practical meaning to it.

13. We turn now to the merits of the motion. In doing so we bypass claimant's argument that the original Stipulation for Protective Order lacked good cause ab initio and should therefore be deemed invalid. The confidentiality requirements embodied in that document were adopted by agreement of the parties, thus presenting at least a serious question whether claimant may be estopped from now arguing that the Stipulation itself was

---

[5] In Valeron the court noted:

 Private parties are perfectly free to decide that they will resolve disputes among themselves in private fora rather than in courts of law -– and that in connection with such dispute resolution and as between themselves, they will keep confidential everything that is said or done in connection with such dispute resolution. But they are not free to immunize materials that are relevant to some other dispute from disclosure in connection with a wholly separate dispute resolution procedure . . . ."

Id.

unjustified. In any event, we see no need to plunge into an assessment of that question since, for reasons to be noted, the Moyer deposition transcript and exhibits have not been shown to justify respondent's confidentiality designations.

14. As noted, on this motion respondent bears the burden of establishing that its designations are justified under the criteria embodied in the Stipulation, and thus, by extension, incorporated in Rule 26(c). Respondent has not even attempted to make such a showing, contenting itself with seeking to block the motion on jurisdictional or standing grounds. Having made that choice, it has invited the unavoidable conclusion that it has failed to meet its burden of proof. Furthermore, the record before us amply demonstrates that there was no basis for treating the deposition as confidential. The deposition testimony is devoid of any self-evident secret information, and the exhibits, as described in the transcript, are equally devoid of information that, if revealed, would plainly cause commercial injury to Chipotle. Still more salient is the fact that respondent has, as we have noted, chosen in some other wage cases (but not all), to consent to the claimant's use of the Moyer deposition and exhibits. This "pick and choose" approach to assertions of confidentiality is also fatal to Chipotle's position on this motion. See, e.g., Permian Corp. v. United States, 665 F.2d 1214, 1221 (D.C. Cir. 1981)("[A] client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others, or to invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit."); In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993); Bowne of New York City v. AmBase Corp., 150 F.R.D. 465, 479 9(S.D.N.Y. 1993). In sum, claimant's motion to overrule respondent's confidentiality designations of the Moyer deposition transcript and exhibits is granted.

15. Respondent's own application to strike claimant's motion and impose sanctions on her counsel is readily disposed of. As noted, claimant's motion was neither frivolous nor made for an improper purpose. It necessarily follows that respondent's motion must be denied.[6]

---

[6] Claimant points out that Fed. R. Civ. P. 11 is not directly applicable here. That is true but JAMS Employment Rule 29 vests the arbitrator with ample discretion to impose comparable sanctions, as appropriate.

7

Dated: September 29, 2019

/s/
_____
Michael H. Dolinger
Arbitrator

8