IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD, JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and RUBY TSAO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

## ORDER OVERRULING OBJECTION (ECF NO. 316) TO SPECIAL MASTER'S DISCOVERY ORDER (ECF NO. 309) AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' DISCOVERY MOTIONS (ECF NOS. 264 & 303)

Kane, J.

Before me are Plaintiffs' Motion for Leave to Take Discovery on Chipotle's Spoliation of Evidence ("Motion for Discovery on Spoliation of Evidence," ECF No. 264) and Motion to Compel Fed. R. Civ. P. 30(b)(6) Deposition of Defendant Chipotle Mexican Grill, Inc. ("Motion to Compel," ECF No. 303) (collectively, "Plaintiffs' Discovery Motions"). I referred discovery matters to Special Master Frank Lopez pursuant to Federal Rule of Civil Procedure 53(f). On May 15, 2020, the Special Master issued an order that granted in part and denied in part Plaintiffs' Discovery Motions ("Discovery Order," ECF No. 309). Defendant Chipotle Mexican Grill, Inc. ("Chipotle") filed a timely Objection to the Discovery Order (ECF No. 316).[1]

---

[1] Pursuant to Rule 53(f), the parties "may file objections to – or a motion to adopt or modify – the master's order, report, or recommendation no later than 21 days after a copy is served, unless the Court sets a different time." Fed. R. Civ. P. 53(f)(2).

Plaintiffs filed a Response urging me to overrule Chipotle's objections (ECF No. 317).

I have considered the Discovery Order, the Objection, and all other relevant filings, and I find no reason to reject the Discovery Order as Chipotle requests. Accordingly, Chipotle's Objection is OVERRULED, the Special Master's Discovery Order is AFFIRMED, and Plaintiffs' Discovery Motions are GRANTED IN PART and DENIED IN PART as specified in the Discovery Order.

## I. BACKGROUND

In 2014, Plaintiffs brought this action on behalf of themselves and all similarly situated individuals under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the laws of Arizona, California, Colorado, and New Jersey. *See* First Am. Compl., ECF No. 25.

I then established a four-phase discovery process. Phase 1 discovery was limited to issues related to arbitration, and Phase 2 was limited to interrogatories propounded by Plaintiffs that focused on Chipotle's "methods and policies of payment and the duration of operations of each of those methods or policies." Mins. for 12/01/2016 Scheduling Conference at 2, ECF No. 137. For Phase 3, I approved the use of a limited number of interrogatories to be sent by Chipotle to each person who had elected to opt-in to the case. In addition, I expressed my inclination "to allow limited, corporate-level merits discovery of Chipotle during Phase 3," but deferred determining the "exact parameters of this corporate-level discovery." Order Regarding Proposed Disc. Plan at 2, ECF No. 225. Phase 4 will allow restaurant level focused discovery. *See* Special Master Order Regarding Written Disc. at 5, ECF No. 255.

I then appointed Frank Lopez as the Special Master and ordered that he "shall determine the scope of the discovery necessary in this action and the schedule for completing such discovery." Order Appointing Special Master at 2, ECF No. 247. I further ordered that the

Special Master "is authorized to rule on all discovery and related pretrial motions except dispositive motions." *Id.*

The Special Master decided that during Phase 3, "deposition testimony will be allowed regarding only discoverable corporate level information, and any deposition questions directed at the store level will be allowed only after first seeking authorization from the Special Master . . . ." Special Master Order Regarding Written Disc. at 5.

Following a status conference held by the Special Master, Plaintiffs filed a Motion for Discovery on Spoliation of Evidence seeking to conduct "discovery at the corporate level to determine precisely what relevant information was [allegedly] destroyed [by Chipotle], who destroyed the information, how it was destroyed, when it was destroyed, what steps could have been taken to preserve the information, and why no steps were taken to do so." Mot. for Disc. on Spoliation of Evidence at 2. Then, after Chipotle objected to the Rule(30(b)(6) deposition topics, Plaintiffs filed a Motion to Compel Chipotle to produce one or more witnesses knowledgeable about the topics. *See* Mot. to Compel at 9. The Special Master held a telephonic hearing with the parties on May 7, 2020, and subsequently issued an order granting in part and denying in part Plaintiffs' Discovery Motions. *See* Disc. Order at 1-2.

## II. APPLICABLE LAW

### A. Standard of Review

The court must decide *de novo* all objections to conclusions of law made or recommended by a special master. Fed. R. Civ. P. 53(f)(4). The court must also decide *de novo* all objections to findings of fact made or recommended by a special master, unless the parties and the court agree that "the findings will be reviewed for clear error" or that the findings will be final. Fed. R. Civ. P. 53(f)(3). A special master's rulings on procedural matters may be set aside

3

only for an abuse of discretion, "[u]nless the appointing order establishes a different standard of review." Fed. R. Civ. P. 53(f)(5).

Neither this District nor the Tenth Circuit has directly addressed whether discovery recommendations and orders issued by a special master are procedural or non-procedural in nature. *See Ramos v. Banner Health*, No. 15-cv-2556-WJM-MJW, 2018 WL 4700707, at *2 (D. Colo. Aug. 8, 2018). Some courts in other districts consider them procedural and review for abuse of discretion, while other courts faced with objections to recommendations on discovery issues have reviewed *de novo*. *See id.* (citing cases in other districts that have addressed the question).

The parties dispute which standard of review should apply here. However, I need not decide whether a special master's order on the scope of discovery should be reviewed *de novo* or for abuse of discretion because I find that Chipotle's objections should be overruled and the Discovery Order affirmed even under the stringent *de novo* standard of review.

### B. Law Regarding the Scope of Discovery

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. In determining whether the discovery sought is proportional, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 30(b)(6) allows a party to notice a corporation as a deponent so long as the notice "describe[s] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). However, a Rule 30(b)(6) notice may not be overly broad or subject the deponent to an "impossible task" in preparing for the deposition. *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. CV 15-4890-KHV, 2019 WL 1940282, at *4 (D. Kan. May 1, 2019) (internal quotations and citations omitted).

"[T]he Federal Rules of Civil Procedure favor disclosure during discovery, subject to the proportionality limitations imposed by Rule 26(b)(1)." *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 11547321, at *5 (D. Colo. Aug. 22, 2017) (citations omitted). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (internal quotations and citations omitted).

### III. ANALYSIS

In ruling on Plaintiffs' Motion for Discovery on Spoliation of Evidence, the Special Master concluded that "since the matter remains in Phase 3 discovery, [ ] discovery at this juncture regarding potential spoliation of evidence is limited to non-privileged information concerning corporate level procedures and practices regarding preservation of evidence once this lawsuit was commenced." Disc. Order at 7-8. He elaborated as follows:

> The permissible topics at this juncture include, to what extent information exists at a corporate level regarding Chipotle's policies, practices and procedures, to:
> • Identify, locate, and preserve information regarding Chipotle's employee and time keeping records (e.g., Aloha records, employee reviews, payroll records, shift

5

>    records, time records, Workday records), and information stored on Chipotles' devices used to track or monitor employee work hours once this litigation commenced;
>    • Identify and preserve restaurant alarm and/or video records used to investigate alleged off-the-clock work;
>    • Preserve restaurant alarm and video records once this litigation commenced; and
>    • Suspend routine document destruction policies once this litigation commenced.

*Id.* at 8. The Special Master rejected Chipotle's contention that the discovery request is overbroad and unduly burdensome "[g]iven that the discovery allowed is limited to these topics at the corporate level and in the form of a Rule 30(b)(6) deposition." *Id.* (citing *Requa, v. C.B. Fleet Holding Co., Inc.*, No. 06–cv–01981–PSF–MEH, 2007 WL 2221146, *2 (D. Colo. July 31, 2007).

Chipotle contends that the Special Master "err[ed] in permitting discovery into spoliation at all," and argues that "[p]ermitting even limited discovery on the issue of spoliation is an end-run around this Court's clearly defined limitations on phased discovery in this suit." Objection at 2-3. I disagree. I notified the parties that I was inclined to allow corporate level discovery during Phase 3 and then appointed the Special Master to determine the appropriate scope of that discovery. In doing so, the Special Master considered and rejected Chipotle's objections, explaining that "it is well established that once future litigation is likely, the parties are required to preserve potentially relevant information." Disc. Order at 6 (citing *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007). He correctly observed "that discovery regarding the steps taken to preserve potentially relevant evidence is generally a proper subject of discovery." *Id.*[2] Furthermore, the Special Master appropriately limited this discovery during Phase 3 to non-privileged information concerning corporate level procedures

---

[2] As the Special Master noted, "courts have long held that discovery regarding the steps taken to preserve potentially relevant evidence is generally a proper subject of discovery." *Id.* at 6 (citing *EPAC Techs, Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-cv-463, 2018 WL 3342931, at *2 (M.D. Tenn. Mar. 29, 2018); *Cannata v. Wyndham Worldwide Corp.*, No. 2:10-CV- 00068-PMP, 2011 WL 3495987, at *2 (D. Nev. Aug. 10, 2011); *In re eBay Seller Antitrust Litig.*, No. C 07-01882 JF (RS), 2007 WL 2852364, at *2-3 (N.D. Cal. Oct. 2, 2007)).

and practices regarding preservation of evidence. I agree with the Special Master's rulings and find no reason to disturb them.

Turning to Plaintiffs' Motion to Compel, Chipotle objected to 17 topics Plaintiffs identified to be covered during the Rule 30(b)(6) depositions. The Special Master applied the same limitations he imposed with respect to Plaintiffs' Motion for Discovery on Spoliation of Evidence and explained that "any discovery covered by topics 1-17 is limited to corporate level decision-making, practices and procedures, except as specifically indicated [in the Discovery Order]." Disc. Order at 9-10. He concluded that the topics regarding Chipotle's timekeeping, human resources, and monitoring of labor costs policies and practices were within the scope of corporate level discovery allowed to be explored during Phase 3. *See id.* at 11-15. In addition, he found that Plaintiffs' request for information about time budgeted for and spent on onboarding and training new employees "is within the scope of the October 7, 2019, Order which allows inquiry into policies and practices regarding budgeting and monitoring of labor costs." *Id.* at 13 (citing Special Master Order Regarding Written Disc. at 4). I agree with the Special Master that the proportionality analysis favors Plaintiffs' request for production of the information at a corporate level. *See id.* at 9.[3]

Furthermore, I reject Chipotle's contention that the deposition topics approved by the Special Master are overly broad and should be further limited. The Special Master acted neither improperly nor unreasonably in establishing the permissible 30(b)(6) topics limited to corporate level policies and practices. For example, Topic 14 seeks information regarding "[a]ll instances in which a person was found . . . to have violated Chipotle's timekeeping and time punch policies

---

[3] Chipotle argues that for some of the topics there is no corporate policy. However, as the Special Master observed, "[t]o the extent there is no corporate wide policy, through the Rule 30(b)(6) deposition process Defendant can simply provide a witness to confirm as much." *Id.* at 13, 14.

7

by failing to accurately record time for work performed by one or more Chipotle employees." *Id.* at 16. Plaintiffs asserted that this information is relevant to determining the degree to which Chipotle's policies regarding overtime work were followed and enforced, and the Special Master agreed. Given that Chipotle produced a list of files containing improper payment complaints (but not the files themselves) back in Phase 2 discovery and that the case is now on the precipice of Phase 4, the Special Master reasonably permitted a "limited expansion to the scope of Phase 3 discovery . . . to enable Plaintiffs during the Rule 30(b)(6) depositions to probe compliance with corporate level policies, to the extent that the complaints may shed light on such compliance." *Id.* at 16-17.

The Special Master conducted the appropriate relevance and proportionality analyses for all of the deposition topics, and I concur with his determination that the approved discovery requests are not unduly burdensome or otherwise objectionable. Accordingly, I find Chipotle's proposed revisions to the topics approved by the Special Master unnecessary. For instance, Chipotle asks that the topic on "information stored on Chipotle's devices used to track or monitor employee work hours once this litigation commenced" be limited to computers maintained at the corporate level. *See* Objection at 7. However, because Plaintiffs contend that Chipotle's preservation efforts should have extended to devices beyond just computers, Chipotle's proposed limitation is inappropriate.

Finally, I deny Chipotle's request that any deposition take place within 21 days of my order resolving Chipotle's Objection. The Special Master is currently considering whether documents produced in related arbitration matters should be produced in this case as well, and Plaintiffs ask for that issue to be resolved before a deadline for the deposition is imposed. I find that the Special Master is best suited to determine the appropriate deadlines for depositions as

part of his management of the discovery process.

## IV. CONCLUSION

It is hereby ORDERED that Chipotle's Objection (ECF No. 316) is OVERRULED, the Special Master's Discovery Order (ECF No. 309) is AFFIRMED, and Plaintiffs' Motion for Discovery on Spoliation of Evidence (ECF No. 264) and Motion to Compel (ECF No. 303) are GRANTED IN PART and DENIED IN PART as specified in the Discovery Order.

DATED this 13th day of August, 2020.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE