IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.        1:14-cv-02612-JLK

LEAH TURNER, ARACELI GUTIERREZ, MARKEITTA FORD,
JOLESSA WADE, DANYA GRANADO, BRETT CHARLES, and
RUBY TSAO

Individually and on behalf of others
similarly situated

    Plaintiffs

v.

CHIPOTLE MEXICAN GRILL, INC.

    Defendant

## DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE PROTECTIVE ORDER

Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), through undersigned counsel, respectfully states as follows in support of its Motion to Enforce Protective Order (Dkt. 321):

### INTRODUCTION

Plaintiffs concede in their response that (1) the *Harris* protective order applies in this case; (2) the list of Respectful Workplace violations produced in this lawsuit is both designated Confidential and a Level 1 restricted document; and (3) Plaintiffs' counsel and their colleagues have pervasively disclosed that list in the arbitrations. That trifecta of critical admissions leaves two narrow issues remaining for this Court's attention: whether the list is in fact confidential, and whether the arbitrations are related to *Harris*, such that the protective order's permitted disclosure of confidential documents in "related proceedings" excuses Plaintiffs' counsels'

conduct. The list is confidential, the arbitrations are not related to *Harris,* and Plaintiffs' counsels' conduct is inexcusable. Chipotle's Motion should therefore be granted.

## ARGUMENT

**A.     THE LIST OF RESPECTFUL WORKPLACE COMPLAINTS IS CONFIDENTIAL AND TRADE SECRET.**

The Confidential Respectful Workplace list produced in this litigation, and which Plaintiffs' counsel and their colleagues concede is being distributed across the country in numerous arbitrations, contains confidential and proprietary commercial information subject to protection.

That list is generated through Chipotle's Respectful Workplace program. That program is a confidential reporting program that is unique and proprietary to Chipotle, the circumstances of which are detailed in Chipotle's Motion. (Dkt. 321 at 6-7.) Courts regularly grant such material confidentiality, and favor nondisclosure. *See Greenway Nutrients, Inc. v. Blackburn,* Civ. Action No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013).

In their one-paragraph argument, Plaintiffs contend that the list is not properly designated as Confidential because the existence of the Respectful Workplace is disclosed in Chipotle's Employee Handbook, apparently thereby negating any confidentiality to material generated from it. (Dkt. 334 at 2.) Not so. To begin, the paltry nature of Plaintiffs' argument alone necessitates its rejection. *See Cahill v. Am. Family Mut. Ins. Co.*, 610 F.3d 1235, 1238-39 (10th Cir. 2010) (holding court need not address conclusory arguments unsupported by citation to relevant authority).

Further, Plaintiffs improperly conflate two unrelated concepts—an employee's knowledge that the reporting system exists does not waive protection of the manner in which Chipotle gathers and utilizes the complaints and allegations made in it. *See Hertz v. Luzenac*

*Group,* 576 F.3d 1103, 1109 (10th Cir. 2009) ("Under Colorado law, 'information can be a trade secret notwithstanding the fact that some of its components are well-known.'" (quoting *Harvey Barnett, Inc. v. Shidler,* 338 F.3d 1125, 1129 (10th Cir. 2003))). Indeed, that gathering-and-utilizing process, and its byproduct (the list now at issue) are all proprietary and subject to protection. *See*, *e.g.*, Colo. Rev. Stat. § 7-74-102(4) (defining trade secret as "any scientific or technical information, design, <u>process, procedure</u>, formula, improvement. . .which is secret and of value" (emphasis added)). And the list—which is one such confidential byproduct—not only provides Chipotle with a competitive advantage in its industry, but has never been disclosed publicly, the very reason the list was given Level 1 protection. *See* D.C.COLO.LCivR 7.2(c) (requiring that a motion to restrict "address the interest to be protected" and "identify a clearly defined and serious injury that would result if access is not restricted."). The list is therefore properly designated as confidential.

**B.     THE ARBITRATIONS ARE *NOT* "RELATED ACTIONS" WITHIN THE MEANING OF THE *HARRIS* PROTECTIVE ORDER.**

The parties do not dispute the language at issue here: "All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of these and any related FLSA actions[.]" (Dkt. 321-1, ¶ 3.)

The definition of "any related FLSA action," as the *Harris* protective order contemplates, is narrow—and the arbitrations fail to satisfy it. By plain principles of contract interpretation, the action to which the FLSA must be related is the *Harris* (or *Woodards*) action. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The starting point for interpretation of a protective order lies in its plain language."). Because none of the arbitrations are related to either District of Minnesota action—which Plaintiffs concede were Minnesota-

centric actions concerning collective and class claims—they are not "related FLSA actions" under the protective order.

Plaintiffs attempt to somersault around this plain language by arguing that this lawsuit is a "related FLSA action." (Dkt. 334 at 3-4.) Whether or not this lawsuit is related to *Harris* or *Woodards* is irrelevant; the list has been disclosed in this lawsuit and is subject to the confidential protection the protective order affords (for the reasons set forth above). The question is whether the arbitrations are related FLSA actions to *Harris* and *Woodards*—as the protective order plainly states. And the answer is they clearly are not.

Named Plaintiff Leah Turner's status as an opt-in in *Harris* does not change that result. The United States District Court for the District of Minnesota denied the plaintiffs' attempt to certify a nationwide collective action in *Harris*, and dismissed any opt-ins outside of the Crystal and Golden Valley stores, including Ms. Turner. (*Harris v. Chipotle Mexican Grill, Inc.,* Case No. 13-cv-1719, D. Minn. Dkt. 101, attached as Exhibit A.) But for Plaintiffs' procedural maneuvering in this action, there would be no connection between this action and *Harris*, further demonstrating the actions are unrelated.

What Plaintiffs effectively ask is that this Court rewrite the order to replace the word "these" with the words "the Turner lawsuit." (Dkt. 334 at 5 (arguing what the parties "intended," but ignoring the protective order's plain language).) For obvious reasons, this Court is precluded from doing so. *Arkansas Valley Drilling, Inc. v. Continental W. Ins. Co.*, 703 F. Supp. 2d 1232, 1237 (D. Colo. 2010) (holding courts should be "wary of rewriting contract provisions and should give the words contained in the contract their plain and ordinary meaning, unless contrary intent is evidenced within the contract itself.").

Even were the Court to rewrite the protective order as Plaintiffs suggest, the result is the same—the arbitrations are unrelated to this lawsuit. This Court made abundantly clear that the

individuals who are now pursuing arbitration "are <u>not proper parties</u> to the collective and should be dismissed from this action." (Dkt. 187 at 15 (emphasis added).) Plaintiffs offer no rebuttal to this point. Nor do they offer any explanation for how improper parties to a litigation can somehow be deemed "related." (Dkt. 321 at 9-10.)

Under plain principles of contract interpretation, the parties' use of the term "related" necessarily excludes any action in which a party is deemed incapable of participating. *See Merrill Scott*, 600 F.3d at 1271; *see* Related, New Ox. American Dictionary (3d ed. 2010) (defining related to mean "belonging to the same family, group, or type; connected"). The mere fact that the arbitrations and this lawsuit (or *Harris* and *Woodards* for that matter) concerned the FLSA does not make them related. Nor does the fact that *Harris* and *Woodards* were putative nationwide collective actions.

Were that the case, any document designated Confidential could be produced anywhere, without restriction—leading to an absurd interpretation of the protective order. *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 935 F. Supp. 2d 1069, 1085 (D. Colo. 2013), *aff'd*, 841 F.3d 827 (10th Cir. 2016) ("The Court must construe a contract in a manner that avoids an absurd result and should avoid any interpretation that would be inconsistent with the purpose of the contract."). Plaintiffs' argument that "any related FLSA actions" includes virtually all other FLSA proceedings simply because *Harris* was a putative nationwide collective and class action therefore fails.

Finally, the protective order's use of the term-of-art word "action" evidences a clear intent that related actions include only lawsuits, and not arbitrations. Indeed, at the time *Harris* and *Woodards* were filed, Chipotle had not yet implemented the Arbitration Agreement. (*See* Dkt. 172 at 2 (stating that the Arbitration Agreement applied to all new hires beginning in August 2014.)

5

Thus, there is no reasonable argument that "related FLSA actions" contemplated single-claimant arbitrations when, at the time, such claims could be brought as lawsuits in court.[1]

Therefore, Plaintiffs' arguments to the contrary should be rejected, and the *Harris* Protective Order enforced pursuant to its terms as intended.

## C. PLAINTIFFS' INTENTIONAL AND WILLFUL DISCOVERY ABUSE IS UNCONTESTED AND MUST BE STOPPED.

Without citation to a single authority, Plaintiffs (more aptly, Plaintiffs' counsel) ask this Court to excuse their violations of the protective order because Chipotle has not been prejudiced by them. (Dkt. 334 at 5.) Again, on that ground alone the argument can be disregarded. *See Cahill*, 610 F.3d at 1238-39.

Nor is that—or should that—be the standard. Chipotle is entitled to the protection of Confidential documents to which the parties agreed. Plaintiffs do not dispute they have outright disregarded their obligations to abide by the protective order—including by disclosing the documents to individuals <u>who have absolutely no relationship to this lawsuit</u>. Indeed, it is Plaintiffs' <u>counsel</u>, and not Plaintiffs, who appear intent on using this lawsuit as a funnel to fuel the arbitrations and obtain discovery to which they are not entitled (as Plaintiffs themselves presumably have little interest if any in the arbitrations, particularly given that at least two of them have failed to be responsive in even their own lawsuit).

This type of rampant and blatant discovery abuse is precisely the type of conduct that courts in this Circuit regularly curtail. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by

---

[1] Plaintiffs' footnote concerning the Colorado Rules of Civil Procedure's definition of the term-of-art "action" only further solidifies the commonly understood meaning of the term "action." (Dkt. 334 at 5 n.7.) That term certainly applies equally in state and federal court, but given jurisdiction for FLSA claims is federal, the Federal Rules of Civil Procedure are more applicable.

imposing carefully tailored restrictions in the appropriate circumstances.); *see also Simon v. Ford Motor Co.,* 165 F.R.D. 650, 655 (N.D. Okla. Nov. 22, 1995) ("[T]he inherent ability of the trial court to protect the discovery process from willful abuse by litigants ensures the efficacy of our pre-trial discovery system.").

And even were prejudice the standard (it is not), it is amply shown here by the briefing and related proceedings that Chipotle has had to incur in order to simply enforce a protective order to which the parties agreed.

## **CONCLUSION**

For the reasons set forth above and in Chipotle's Motion, Chipotle requests this Court grant its Motion, and enter an order as follows:

- That the parties agreement to abide by the *Harris* protective order is enforceable;

- That any document produced as Confidential in this action is subject to the protections afforded those documents in that order;

- That any arbitration initiated by an Arbitration Opt-In is not a "related FLSA action" within the meaning of paragraph 3 of the *Harris* protective order;

- That disclosure of any document designated Confidential pursuant to the *Harris* protective order in an arbitration is strictly prohibited;

- That disclosure of any document designated Confidential pursuant to the *Harris* protective order in an arbitration is a direct violation of that order; and

- If disclosure of any document designated Confidential pursuant to the *Harris* protective order is made in arbitrations, further sanctions may be warranted.

Dated: August 24, 2020

                                              Respectfully Submitted,

                                              MESSNER REEVES LLP

*s/ Kendra N. Beckwith*
Kendra N. Beckwith, #40154
Michelle Harden, #36682
Tanner J. Walls, #41534
Allison J. Dodd, #43835
Kristina M. Wright, #47337
Darren Alberti, #52741
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
E-mail: kbeckwith@messner.com
E-mail: mharden@messner.com
E-mail: twalls@messner.com
E-mail: adodd@messner.com
E-mail: kwright@messner.com
E-mail: dalberti@messner.com

DLA PIPER LLP (US)
Levi Heath, CA Bar No. 220854
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Telephone: (310) 595-3000
Levi.Heath@dlapiper.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2020, I electronically filed and served the foregoing **DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE PROTECTIVE ORDER** via the CM/ECF system which will send notification of such filing to all counsel of record listed on CM/ECF system, including:

- Adam S. Levy, adamslevy@comcast.net

- Andrew C. Quisenberry, andrew.quisenberry@coloradolaw.net

- Darrin L. Schanker, dschanker@coloradolaw.net

- Julie A. Sakura, jsakura@hinklelawfirm.com

- Kent M. Williams, williamslawmn@gmail.com

- Kevin E. Geibel, kgiebel@ggwklaw.com

- Michael E. Jacobs, mjacobs@hinklelawfirm.com

- Robert J. Gralewski, Jr., bgralewski@kmllp.com

- Thomas M. Hnasko, thnasko@hinklelawfirm.com

*/s/ Kendra N. Beckwith*